FILED

FEB 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MR. SAM L. CLEMMONS
548 SAINT CHARLES PL
BROOKHAVEN, MS 39601

CIVIL ACTION NO:

_____

Revised Copy

v

Department of Justice
Drug Enforcement Administration
**Special Agent Eldred Earls**
**Special Agent Gary W. Hart**
**950 Pennsylvania Ave, NW # 4706**
Washington, DC 20530

CASE NUMBER  1:06CV00305

JUDGE: Royce C. Lamberth

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 02/21/2006

JURY ACTION

_____

        Come Samuel L. Clemmons, Jr. file this civil complaint in

District Court for the District of Columbia against the Drug

Enforcement Administration and six federal employees, employed

within such agency for violation of the United States Title

Code, Title 5, USC, Section 552a, Exemption (j)(2) of the

Privacy Act and Title 5, USC Se552, Exemption (b)(7)(A), (b)(2),

(b)(6) and (b)(7)(c) and U.S. Executive Order 10450, 10865,

12333, and 12356; section 3301 and 9101 of title 5, U.S. Code;

section 2165 and 2201 of title 42, U.S. Code; section 781 to 887

of title 50, U.S. Code 401a(4) (3)(d) and part 5, 732  section

736 of Title 5, Code of Federal Regulation and any denial of

appeals submitted under the Freedom of Information Act (FIOA) to

retrieve and review any evidence to support the defendant's

actions. See Case laws and related cases such as: _Brown v._

_Ragsdale Motor Co._, No. 28839; _Penn Mut. Life Ins. Co. v._

1  *Taggart*, No. 18675 and other related cases according to statue:

2  28 U.S.C. § 1333, and § 129 2(a) (3). In this complaint let it

3  be known and let it stand according to law of § 111 ALR, Fed.

4  295, giving false information to any Federal Departments or

5  Agency is consider a Violation of 18 U.S.C.A § 1001 (2)(15)(34);

6  making it a criminal offense to make false statements in any

7  matter under jurisdiction of the departments or agency of the

8  United States of America.

9

10

11     Before I (the plaintiff) address my case and complaint to

12  the courts, I would like to add an in-depth passage to the

13  defendants so that the defendants will have a full but fair

14  understanding of my actions here today in filing this complaint

15  before a judge or courts to hear and rule on my submission to

16  the courts.

17

18     I (the plaintiff) express to the defendant or defendants

19  that ignorance of the law are no excuses, it is one of the most

20  familiar phrases in any branch of jurisprudence. It is not

21  entirely without exception, although some exceptions are rare.

22  What one has intended to do results in their own passage and

23  interruptions of the law? In other words, what I'm saying to the

24  defendants that every person is presumed to know the law; in

25  order to understand either the rule itself, or the exceptions

thereto, it is necessary to know in this case matter what is the
words "presumed" and "presumption" and they are used in three
different senses in the law. One of the senses is to signify a
mere inference of fact. The second one is a true presumption,
which is a rule of law which calls for certain results unless
the party or defendant adversely affected comes forward with
evidence to overcome the complaint filed against such defendant.
This (although it is the true presumption) often is referred to
as a "*prima facie presumption*" to distinguish it from the so
called "conclusive presumption" which is a legal device in the
form of a what they call a postulate used for the determination
of a particular case whether it represents the actual facts or
not. Which bring about the rule of evidence when a typical
example is the conclusive presumption of delivery by all parties
or defendants to a negotiable instrument which has reached the
hands of a holder such as the plaintiff in due course, the net
result of this "conclusive presumption" is that such a plaintiff
as myself in due course can enforced the instrument such as a
complaint such as I am doing as effectively against the
defendant who did not deliver proof to support his or her
slanderous, derogatory comments and crimes to intentionally to
cause harm and hurt upon me (the plaintiff).

If "everyone is presumed to know the law" in this sense, it means that a particular case will be disposed of exactly as if the defendants actually did know the law whether such is the fact or not. And this is exactly the sense in which this word should be used in evaluation of the facts in this case before the judge and the courts today. It is known this is the sense in which it is used in all cases in which "ignorance of the law is no excuse." There are some rare and exceptional cases in which ignorance of the law is recognized as an excuse in some criminal cases the presumption is rebuttal able, but in this case before the courts we have very knowledgeable defendants, who is of age to know right from wrong. We have someone who is very professional and capable of thinking things through before committing a wrongful act or committing a crime and someone who will take accountability and responsibility for their actions when upholding the law or operating within the boundaries of the law.

They say, "The truth shall always set you free"; "a false submission will always come back to capture you". No matter how hard it is for someone to tell the truth. You must tell it if you ever want to be free. The defendants are caught up in this because the defendants administrated false statements on a very

reputable company letterhead and such false statements have
returned to capture them.


So I say to the defendants and the defendant's agency....I
have children of my own and I must inform you and the
courts…that this type of behavior is learned or taught by
someone or retained through some source somewhere. I say to you
that I would never teach or inform my children to do what you
have done to me and to do it to others. This type of behavior
has no justification. Be accountable for your actions and reply
back to the courts with the truth.


I also say to the defendants' think of me as if I was you,
what if someone or an agency would have done this to you? How
would you feel? How would you react? What would you do?  Would
you think what I've done here today is not justified? We all
have a heart that beat like a clock. We all share and breathe
the same oxygen. We all have blood running through our vain; we
all expect to be treated fairly, but equal while we are here on
earth. So I ask why do you (the reader) expect that you can
treat me so differently? What have I done to you or your agency
prior to this complaint? I was truthful to you and your agency
according to documents we sent to each other dated June 24;
August 19; August 23 and September 24, 1999 all these documents

1  will show the courts that the plaintiff was very truthful in

2  conducting business with you and your agency. These documents

3  will be Supplemental Statements to Appendix I and they will be

4  submitted at the time to enter discovery. Now you (the

5  defendants) and your agency must prove to the courts that I

6  provided your agency with false information according to the

7  United State statue 18 U.S.C.A § 1001(2) (34).

8

9

10  With that said I informed the court with the above

11  paragraphs said and state this for the record, On November 27,

12  2001 at approximately 2:30 p.m., Special Agent Eldred Earls from

13  the Drug Enforcement Administration in Atlanta, GA contacted the

14  plaintiff via telephone concerning matters surfacing in the

15  plaintiff's national security background in relation to only two

16  issues of concern. They were: **(1)** the plaintiff had a derogatory

17  mark on the plaintiff's credit file from an Entergy Power

18  Service Company in the amount of $152.00 which the plaintiff

19  informed Special Agent Earls that such matter was disputed and

20  resolved ending in a zero balance. The plaintiff faxed such

21  confirmation to Special Agent Earls **(2)** Special Agent Earls

22  further advised the plaintiff that he had and identity theft

23  concerns that a convicted felon by the name of **Richard D. Scott,**

24  **born June of 1957** from the **State of Louisiana** had the

25  plaintiff's identity and that the agency is fully aware that

1  there is no linkage to the plaintiff. After advising the

2  plaintiff of the information, Special Agent Earls advised the

3  plaintiff no need to report such matter to the Federal Bureau of

4  Investigation after the plaintiff requested to contact the

5  Federal Bureau of Investigation. Special Agent Earls advised the

6  plaintiff, that the plaintiff was one of them at this point in

7  the investigation and informed the plaintiff that the agency

8  will be faxing documents for the plaintiff's signature and for

9  the plaintiff to fax the documents back to the agency to show

10  that such was discussed and corrected in relation to the

11  plaintiff's background.  The plaintiff faxed the require

12  documents back to the defendant on November 27, 2001 at

13  approximately 3:00 p.m. stating that we had discussed these two

14  issues of concern. The plaintiff never saw what the defendant

15  informed the plaintiff over the telephone.  This is violation #

16  1 under the Freedom of Information Act and See case law: U.S. v.

17  Sattar, 272 F. Supp. 2d 348 (S.D.N.Y. 2003).

18

19

20       On April 04, 2002 (five month later) the agency sent a

21  written communication (letter) signed by Patricia A. Murphy,

22  Chief of Special Agent Recruitment Unit denying the plaintiff's

23  appointment after the plaintiff passed all written and all

24  phases of the selection process. (See case Law: Price Waterhouse

25  v. Hopkins, Supreme Court of the United States, 1989.490 U.S.

228, 109 S.Ct. 1775, 104 L.Ed.2d 268; *United States v. Detroit Timber & Lumber Co.*, 200 U.S. 321, 337, 26 S.Ct. 282, 50 L.Ed. 499; and Case law: **Supreme Court of the United States, United States v. Georgia et al., Nos. 04-1203, 04-1236** ); As considered in the case laws above there are four requirements that should apply to this case matter before the court to take into consideration, they are: (1) The plaintiff is a member of a protected class. (2) The plaintiff applied and was qualified for the job or position in question. (3) The plaintiff was rejected by the employer, and (4) the employer did continue to seek applicants for the position or filled the position with a person not in a protected class. Disparate-Treatment Discrimination should apply as well in rendering a decision in this matter before the courts.

Special Agent Earls failed to realize the plaintiff's abilities to investigate this matter of identity theft. After the plaintiff conducted an investigation of the information Special Agent Earl provided to the plaintiff, the plaintiff finds out that the subject by the name of Richard D. Scott had been deceased for approximately 20 years at this date the information was presented to the plaintiff. The plaintiff was informed of this after personally contacting the phone number provided in the plaintiff's discovery. The plaintiff drew red

flags upon the total matter of the plaintiff's information; the

news that Special Agent Earls provided could be false; the

plaintiff's national security's background investigation and

records were all in question and still is in questionable status

as of this date.


On June 20, 2002, a Member of Congress intervened on behalf

of the plaintiff to request a full and complete copy of the

plaintiff's national security background record to be forward to

the Member of Congress' office for thorough review. I inform the

courts this request was denied. The congressman never received

the full and complete national security background report. This

is violation #2 of the Freedom of Information Act.


On July 24, 2002, the Department of Justice (Drug

Enforcement Administration) sends the congressman a totally

different subject matter letter this letter was written and

signed by C.J. Kasch, Deputy Assistant Administrator in the

Office of Personnel. This is violation # 3 of the Freedom of

Information Act.


On July 31, 2003, the plaintiff receives a slanderous

written communication letter signed by Special Agent Gary W.

Hart signed over Nancy A. Lane of Special Agent Programs Manager

in the Special Agent Recruitment Section. In this letter Special

Agent Hart uses slanderous terms as if it was confirmed and

verified that the plaintiff was disapproved for hire due to

issues that surfaced during the plaintiff's national security

background investigation with regards to the plaintiff's

employment history, financial responsibility, and personal

conduct. This is violation # 4 of the Freedom of Information

Act.


        The plaintiff states as of this date such slanderous

comments has not been verified and proven by this defendant,

this agency, and no other agency which makes this agency to be

liable for slander and misuse or abuse of the plaintiff's

information. See case laws or similar case laws of: *Anigio-

Medical Corp v. Eli Lilly & Co.*, 720.F.Supp.269; *Roger Corp. v.

Arlon, Inc.*, 855 F. Supp.560; *Leavitt v. Cole*, 17 Fla L. Weekly

Fed. D71.


        On September 10, 2003, the plaintiff mail another Freedom

of Information Act request by certified mail article number 7002

3150 0005 0347 6328, requesting a copy of the complete record

for review in relation to the plaintiff's national security

background investigation conducted on June the year of 2000.

On October 23, 2003, the plaintiff received a written communication from the defendant and employee by the name of Katherine L. Myrick, Chief, Operations Unit & FOI/Records Management Section delaying the request and requesting the plaintiff to resubmit such request on the standard certification of identity form, the plaintiff completes such form on November 4th, 2003 and mail appropriate documents for submission as of this date this complaint is filed into the courts the plaintiff still has not received the file or records sought which is violation #5 under the Freedom of Information Act, 5 U.S.C. 552 to justify Special Agent Hart's comments.

On December 17, 2003, the plaintiff receives written communication from the defendant acknowledging receipt of the plaintiff's Freedom of Information Act request assigning a request number of 04-0355-P signed by Katherine L. Myrick, Chief, and Operations Unit & FOI/Records Management Section. This is violation # 6 under the Freedom of Information Act.

On April 5th, 2005, the plaintiff submits a certified mail receipt to the defendant paying the defendant a fee of $25.00 in a form of money order with the money serial number is recorded as 07829392408 paid to obtain records sought under the Freedom of Information Act. For tracking purpose the certified letter

tracking number is <u>7004 0750 0003 4506 0458</u>. As of this date
this complaint is filed in the courts the plaintiff still has
not received any of the records the plaintiff paid to received.
This is violation # 7 under the Freedom of Information Act.


On September 4th, 2005, (five month later after the first
paid submission to the defendant to received records sought.)
the plaintiff sends another certified letter with a return
receipt with a letter tracking number as being <u>7002 3150 0005</u>
<u>0347 6328</u> attached with another money order in the amount of
$25.00 requesting urgency for the records sought under the
Freedom of Information Act. The plaintiff's money order serial
number is 08563193346. As of this date, this complaint is filed
in the courts for failure to render services paid for. The
plaintiff still has not received the records sought under the
Freedom of Information Act with is violation # 8. The plaintiff
paid a total of $50.00 for records request # 04-0355-P to a
federal agency and nothing was received in return. (Shows signs
of suspicious and fraud on behalf of the defendants)


The plaintiff states before the courts and in this
complaint that the law states: Each agency, upon any request for
records made under paragraph (1), (2), or (3) of the Freedom of
Information Act, shall determine within **20 days** (excepting

1  Saturday, Sunday, and legal public holidays) after the receipt

2  of any such request whether to comply with such request and

3  shall immediately notify the person or plaintiff making such

4  request of such determination and the reasons therefore, and of

5  the right of such person to appeal to the head of the agency any

6  adverse determination. It is known that if such agency wishes

7  not to release such information the person or plaintiff must

8  file a complaint in the District Court of the United States in

9  the district in which the complainant resides, or has his

10  principle place of business, or in which the agency records are

11  situated, or in the District of Columbia, has jurisdiction to

12  enjoin the agency from withholding agency records and to order

13  the production of any agency records improperly withheld from

14  the complainant. In such case as this one the court shall

15  determine the matter de novo, and may examine the contents of

16  such agency records in camera to determine whether such records

17  or any part thereof shall be withheld under any of the

18  exemptions set forth in subsection (b) of the Freedom of

19  Information Act, and the burden is on the agency to sustain its

20  action.

21

22

23

24        The plaintiff states and admits in this court that there is

25  a very strange sign of fraud and withholding the truth from the

1  plaintiff; therefore, the plaintiff is fully requesting the

2  complete record sought for complete review in this court of law.

3

4      The plaintiff is requesting to the court to order such

5  agency to release all the records to this court including

6  records to show that such convicted criminal by the name of

7  Richard D. Scott once had the plaintiff's personal information

8  so stated by Special Agent Eldred Earls on November 27, 2001.

9

10

11      If such information is not provided to the court according

12  to the Freedom of Information act then such court is requested

13  to label such investigation as fraudulent and hold such agency

14  and employees fully liable for the punitive damages they have

15  caused the plaintiff and the plaintiff's family. The plaintiff

16  is requesting to compel and remove the entire plaintiff's

17  personal information from such agency databases.

18

19      The plaintiff informs the courts that upon the plaintiff

20  releasing the personal information to the agency, the plaintiff

21  surrendered all information in good faith and professionally

22  provided all the information requested on time.

23

24

25      The plaintiff's Freedom of Information request was

submitted in a timely manner and such requests were

Sam L. Clemmons vs. Department of Justice (DEA) 950 Pennsylvania Ave, NW # 4706, Washington, DC 20530

intentionally denied and withheld due to many unknown reasons.
Which is causing this civil lawsuit in the District Court of
Columbia in the amount of **30,000,000.00** (thirty million dollars)
against such agency for violation of the law under the Freedom
of Information Act under § 5 U.S.C.A. § 552. Providing false
information under an ordered federal investigation; therefore,
holding the defendant to be in violation of prohibit personnel
practice under the United States Code 5 U.S.C. § 2302(b) (8),
acts of slander violation under case law of *Anigio-Medical Corp
v. Eli Lily & Co.*, 720 F.Supp.269,; *Roger Corp. v. Arlon, Inc.*,
855 F. Supp. 560; *Leavitt v. Cole, 17 Fla L. Weekly Fed. D71.*;
U.C.A. 1953, 76-6-405, 76-6-1102 and *State v. Ross*, 951 P.2d
236, 241 (Utah Ct. App. 1997)

     The plaintiff states, if such is confirmed through this
court that no such information exist in the agency record after
the court review such record under the matter of *de novo*, let
the facts be known and confirmed that the defendant
intentionally, wrongfully, willfully, deliberately, maliciously,
gave the plaintiff wrongful information to mislead and ruin the
plaintiff's career and such summary judgment is needed and hold
merit in favor of the plaintiff.

1    The defendant should be held accountable for crimes of

2    identity theft, identify fraud, theft by deception and

3    deformation of character. (See statue: U.C.A. 1953, 76-6-405,

4    76-6-1102 and **State v. Ross,** **951 P.2d 236, 241 (Utah Ct. App.**

5    **1997)**

6

7    The plaintiff adds, if the plaintiff would have given the

8    defendant false information such actions will be a crime and

9    punishable in any court of law. See case law: U.S. v. Baer, 274

10   F. Supp.2d 778 (E.D. Va. 2003)

11

12

13   The burden of proof is for the court to administrative the

14   law and for the defendants to proven that such information

15   existed in the plaintiff's records as provided by the agency's

16   professional investigators and administrative staff (Special

17   Agents and employees).

18

19   If this civil action cannot be settled out of court, the

20   plaintiff is asking for a civil trial before his peers (jury

21   trail) revealing all the issues along with the **FACTS** set forth

22   in this case for a jury to rule base on the issues and facts

23   provided in this compliant as of this date the compliant is

24   filed and logged into United States District Court's system.

25

Sam L. Clemmons vs. Department of Justice (DEA) 950 Pennsylvania Ave, NW #
4706, Washington, DC 20530

1  The plaintiff wishes to maintain and reserve rights to sell

2  story to the public if necessary.

3

4  All attempts to resolve this complaint have been exhausted,

5  the burden of the proof lies on the defendant to prove *all* their

6  *issues* and *allegations* are truthful on the record.

7

8

9  The defendant's employees have been reported to the Office

10  of Special Counsel for internal discipline for their actions as

11  of June 10th, 2005 and assigning an OSC File No. MA-05-2031, no

12  further information has been provided in result of the Office of

13  Special Counsel finding.

14

15  The plaintiff wish to add it is known when considering a

16  motion for summary judgment, it is known that the court must

17  examine all evidence in the light most favorable to the

18  plaintiff (nonmoving party). I (the plaintiff) would advised the

19  defendant to consider case laws *Langley v. Adams County*,

20  Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving

21  party (the defendant) bears the burden of proof at trail is

22  entitled to summary judgment only when the evidence indicates

23  that no genuine issue of material fact exists.

24  Fed.R.Civ.P.56(c); See case law: *Anthony v. United States*, 987

25  F.2d 670,672 (10th Cir.1993). If the moving party (the defendant)

does not bear the burden of proof at trail, it must show "that there is an absence of evidence to support the nonmoving party's (the plaintiff) case" In this case the nonmoving party (the plaintiff) has expressed evidence by giving names, dates and key information that no one knows but the defendant knows to support the plaintiff's claim; therefore, case law to consider: *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter. The Federal Insurance Company under the defendant's Crime Insurance Policy, provided by the defendant (hereinafter the "Federal Policy", and therefore it is known that the defendant has sustained no loss in this action, nor did the plaintiff cause any hurt or harm to the defendant, the defendant caused this action or judgment upon itself(The Agency) see Fed. Rules Civ.Proc. Rule 17, 28 USCA and complete understanding of Federal Regulation 111 ALR, Fed. 295 and 18 U.S.C.A § 1001 (2) (15) (34).


        *They say in the end … Good will always triumph over Bad….*

        End of Complaint:

                                    Sam L. Clemmons, Plaintiff Pro Se
                                    548 Saint Charles Place
                                    Brookhaven, MS 39601

**CC:** <u>www.usps.com</u> for tracking purposes

United States Attorney General
    **Express Mail #: EQ 242464084 US**
U.S. Attorney
    **Express Mail #: EQ 242464075 US**
Department of Justice (DEA)
    **Express Mail #: EQ 242464067 US**
Law Office of Leeds, Morelli & Brown;
    **Express Mail #: EQ 242463319 US**
The Rainbow Push Collation
    **Express Mail #: EQ 242463296 US**
The NAACP Chapter for the District of Columbia
    **Express Mail #: EQ 242463305 US**
Mary L. Lee, Paralegal;
    **Certified Mail #: 7005 0390 0002 2211 2578**
George Tillman, Paralegal
    **Express Mail #: EQ 241268295 US**
United State District Court for the District of Columbia;
    **Express Mail #: EQ 242464036 US**
Records

**American Law Reports ALR Federal**
**The ALR databases are made current by the weekly addition of relevant new**
**cases.**

Giving false information to federal department or agency as violation of 18 U.S.C.A. § 1001, making it criminal offense to make false statements in any matter under jurisdiction of department or agency of United States

Beth Bates Holliday, J.D.

The broad range of conduct potentially proscribed by 18 U.S.C.A. § 1001, coupled with Congress' limited guidance as to specific behavior within the statute's scope, has provided ample opportunity for arguments that a particular defendant's act or failure to act was not prohibited by § 1001 or, as in United States v Salas-Camacho (1988, CA9 Cal) 859 F2d 788, 111 ALR Fed 779, that the proscribed conduct should be considered a single act of falsification supporting only a single conviction, rather than separate falsifications supporting multiple § 1001 convictions. Cases determining whether the acts or nonfeasance charged violated § 1001 have been collected and analyzed in this annotation.

TABLE OF CONTENTS

Article Outline
Index
Statutory Text
Table of Cases, Laws, and Rules
Research References

ARTICLE OUTLINE

§   1[a] Introduction--Scope

§   1[b] Introduction--Related annotations

§   2. Background and summary

§   3[a] Statements relating to criminal matters other than criminal tax evasion--commission of offense--
        Held to violate 18 U.S.C.A. § 1001

§   3[b] Statements relating to criminal matters other than criminal tax evasion--commission of offense--
        Held not to violate 18 U.S.C.A. § 1001

§   4[a] Identity of person involved in criminal proceeding--Held to violate 18 U.S.C.A. § 1001

§   4[b] Identity of person involved in criminal proceeding--Held not to violate 18 U.S.C.A. § 1001

§   5[a] Resolution of pretrial procedural issue--Held to violate 18 U.S.C.A. § 1001

§   5[b] Resolution of pretrial procedural issue--Held not to violate 18 U.S.C.A. § 1001

§   6[a] Prior criminal record--Held to violate 18 U.S.C.A. § 1001

§   6[b] Prior criminal record--Held not to violate 18 U.S.C.A. § 1001

§   7[a] Bail--Held to violate 18 U.S.C.A. § 1001

06 0305

FILED

FEB 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

§ 7[b] Bail--Held not to violate 18 U.S.C.A. § 1001

§ 8. Sentencing

§ 9[a] Statements relating to civil proceedings--Held to violate 18 U.S.C.A. § 1001

§ 9[b] Statements relating to civil proceedings--Held not to violate 18 U.S.C.A. § 1001

§ 10[a] Statements relating to federal income tax--Held to violate 18 U.S.C.A. § 1001

§ 10[b] Statements relating to federal income tax--Held not to violate 18 U.S.C.A. § 1001

§ 11[a] Statements relating to government contracts--Held to violate 18 U.S.C.A. § 1001

§ 11[b] Statements relating to government contracts--Held not to violate 18 U.S.C.A. § 1001

§ 12. Statements relating to individual's employment with or licensing by Federal Government or employment with employer receiving federal funds-- qualifications

§ 13[a] Prior criminal record or criminal activity--Held to violate 18 U.S.C.A. § 1001

§ 13[b] Prior criminal record or criminal activity--Held not to violate 18 U.S.C.A. § 1001

§ 14. Conflict between employee's and government's interests

§ 15. Employee's misuse of position

§ 16. Compensation or benefits

§ 17[a] Statements relating to federal grant or loan, generally--Held to violate 18 U.S.C.A. § 1001

§ 17[b] Statements relating to federal grant or loan, generally--Held not to violate 18 U.S.C.A. § 1001

§ 18[a] Statements relating to payment under federal entitlement or subsidy program--Held to violate 18 U.S.C.A. § 1001

§ 18[b] Statements relating to payment under federal entitlement or subsidy program--Held not to violate 18 U.S.C.A. § 1001

§ 19[a] Statements relating to federally insured loans--Held to violate 18 U.S.C.A. § 1001

§ 19[b] Statements relating to federally insured loans--Held not to violate 18 U.S.C.A. § 1001

§ 20[a] Statements relating to activities of financial institutions--filing currency transaction reports (CTRs)--Held to violate 18 U.S.C.A. § 1001

§ 20[b] Statements relating to activities of financial institutions--filing currency transaction reports (CTRs)--Held not to violate 18 U.S.C.A. § 1001

§ 21. Other activities

§ 22[a] Statements relating to stock or brokerage agreements--Held to violate 18 U.S.C.A. § 1001

§ 22[b] Statements relating to stock or brokerage agreements--Held not to violate 18 U.S.C.A. § 1001

§ 23. Statements relating to patents

§  23.5. Statements relating to copyright

§  24[a] Statements relating to identification of individual, other than individual appearing in criminal proceeding--Held to violate 18 U.S.C.A. § 1001

§  24[b] Statements relating to identification of individual, other than individual appearing in criminal proceeding--Held not to violate 18 U.S.C.A. § 1001

§  25[a] Statements relating to military matters or national defense--Held to violate 18 U.S.C.A. § 1001

§  25[b] Statements relating to military matters or national defense--Held not to violate 18 U.S.C.A. § 1001

§  26. Statements relating to purchase of surplus government property

§  27. Statements relating to quality, usage, or possession of federally regulated consumer goods

§  28. Statements relating to interstate shipment of goods

§  29[a] Statements relating to goods being brought into, or going out of, country--Held to violate 18 U.S.C.A. § 1001

§  29[b] Statements relating to goods being brought into, or going out of, country--Held not to violate 18 U.S.C.A. § 1001

§  30[a] Statements relating to amount of money individual has when crossing United States border--Held to violate 18 U.S.C.A. § 1001

§  30[b] Statements relating to amount of money individual has when crossing United States border--Held not to violate 18 U.S.C.A. § 1001

§  31[a] Statements relating to immigration and naturalization matters--Held to violate 18 U.S.C.A. § 1001

§  31[b] Statements relating to immigration and naturalization matters--Held not to violate 18 U.S.C.A. § 1001

§  32[a] Statements relating to assets held outside United States--Held to violate 18 U.S.C.A. § 1001

§  32[b] Statements relating to assets held outside United States--Held not to violate 18 U.S.C.A. § 1001

§  33. Statements relating to compliance with environmental protection regulations

§  34. Other statements

§  35. Constitutionality

U.S. Department of Justice

New Orleans Field Division
3838 North Causeway Boulevard
Three Lakeway Center, Suite 1800
Metairie, Louisiana  70002

September 24, 1999


Samuel Lennious Clemmons
1533 Raymond Road, Apt. #79
Jackson, MS 39204


Dear Applicant:

Congratulations, you have been selected for further processing
within the Special Agent Selection System.  Please report to the
New Orleans Field Division, at the above address, for a panel
interview on:

Phase 1 **(Business Attire)**
Date/Time:  10/05/99 @ ~~12:00 P.M.~~ 8:00 A.M


Phase 2 **(Casual Attire, no jeans)**
Date/Time:  10/06/99 @ 09:00 A.M.

Upon successful completion of the first phase of the interview, you
will be required to report to the    Office on the next day for a
written psychological test.  If you cannot make this scheduled
appointment, please contact Special Agent Arthur M. Hitchins at
(504)840-1280.  Please bring with you a picture I.D. (i.e. a valid
state drivers license).  If you elect not to proceed in the Special
Agent Selection System, please forward your written declination to
my attention as soon as possible.  **If you have already received an
appointment by telephone, please disregard this notice.**

Thank you for your cooperation in this matter.

Sincerely,

George J. Cazenavette, III
Special Agent in Charge


Enclosure
Strip Map

36



**DRUG ENFORCEMENT ADMINISTRATION (DEA)**
**SPECIAL AGENT APPLICATION PROCESSING**

*APPLICANT SUBMITS COMPLETED APPLICATION PACKAGE* ✓



＊

*RECRUITER* ✓

↓

*DEA HEADQUARTERS-QUALIFICATIONS REVIEW* ✓

↓

*__MOST COMPETITIVE APPLICANT__* ✓

↓

*PANEL INTERVIEW* (PASSED) ✓

↓

*WRITTEN PSYCHOLOGICAL EXAMINATION* ✓ - *MEDICAL EXAMINATION SCHEDULING* ✓ - *MISCELLANEOUS PROCESSING* ✓

↓

*MEDICAL EXAMINATION* ✓ PASSED (10/25/99)

↓

*PHYSICAL TASK TEST (PTT)* ✓ PASSED (11/24/99)

↓

*PSYCHOLOGICAL INTERVIEW* ✓ PASSED (12/21/99)

↓

*POLYGRAPH EXAMINATION* ✓ PASSED (12/8/99)

↓

*BACKGROUND INVESTIGATION* ✓ FROM (12/21/99 - PRESENT)

↓

*FINAL HIRING DECISION*  ? ?

↓

*SELECTED BASIC AGENT TRAINING (BAT) APPLICANT POOL*

↓

*SELECTED BASIC AGENT TRAINING (BAT) ACADEMY, QUANTICO, VA*



## CUSTOMER'S RECEIPT

**UNITED STATES POSTAL SERVICE**

KEEP THIS RECEIPT FOR YOUR RECORDS

PAY TO: *DEPART OF JUSTICE*
ADDRESS: *FOI/ RECORDS MANAGEMENT, DEA*
C.O.D. OR USED FOR: *REQUEST #04-0355-P*

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION

**NOT NEGOTIABLE**

SERIAL NUMBER: 07829392408    YEAR MONTH DAY: 2005-03-09    POST OFFICE: 301440    AMOUNT: $ 25.00    CLERK: 0008

---

## POSTAL MONEY ORDER

**UNITED STATES POSTAL SERVICE**

15-800

SERIAL NUMBER: 07829392408    YEAR MONTH DAY: 2005-03-09    POST OFFICE: 301440    AMOUNT: **$$25.00¢**

TWENTY FIVE DOLLARS & 00¢ ***************

PAY TO: *Department of Justice*
ADDRESS: *FOI /Records Management Sec Drug Enforcement, Washington, DC 20537*
C.O.D. NO. OR USED FOR: *Request #04-0355-P*

NEGOTIABLE ONLY IN THE U.S. AND POSSESSIONS
SEE REVERSE WARNING

*Sam L Clemmons*
ADDRESS: *348 Saint Charles Pl Brenrheaton, MS 31841*

0008

⑆00000800⑈  078 29392408⑈

---

## CUSTOMER'S RECEIPT

**UNITED STATES POSTAL SERVICE**

KEEP THIS RECEIPT FOR YOUR RECORDS

PAY TO: *U.S. Department of Justice Drug Enforcement Administration FOI/Records Management Section Washington, DC 20537*
ADDRESS:
C.O.D. OR USED FOR: *Request Number 04-0355-P*

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION

**NOT NEGOTIABLE**

SERIAL NUMBER: 08563193346    YEAR MONTH DAY: 2005-07-06    POST OFFICE: 301440    AMOUNT: $ 25.00    CLERK: 0005

---

```
            Barrett Parkway Station
               Kennesaw, Georgia
                 301449997
              1204440259-0096
             (770)422-4103
07/06/2005                   11.50.28 AM
------------------------------------------
         Sales Receipt
Product    Sale   Unit    Final
Description Qty   Price    Price
------------------------------------------
Dom. Money Order 08563193346  $25.00
Domestic Money Order Fee       $0.90
            Subtotal:         $25.90
Dom. Money Order 08563193357  $25.00
Domestic Money Order Fee       $0.90
            Subtotal:         $25.90
                             --------
Total:                        $51.80

Paid by:
  Cash                        $60.00
Change Due:                    $8.20

Bill#: 1000400404568
Clerk: 05
------------------------------------------
--- All sales final on stamps and postage.
    Refunds for guaranteed services only.
        Thank you for your business.
              Customer Copy
```