06-305

THE FOLLOWING ATTACHED PAGES TO THE COMPLAINT SHOULD REPLACE OR ADD TO THE PERVIOUS COMPLAINT SUBMISSION DUE TO THESE PAGES MAY HAVE BEEN EDITED IN SOME FORM SO THAT THE COURT, THE DEFENDANT AND THE PLAINTIFF WILL SEE AND ARGUE THE SAME WITHOUT ANY CONFUSION.

THANKS FOR ACCEPTING AND CORRECTING THE RECORD

RECEIVED
AUG 1 - 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SAM L. CLEMMONS  
548 SAINT CHARLES PL  
BROOKHAVEN, MS 39601

CIVIL ACTION NO:  
    CIVIL CASE NUMBER:

**1:06CV00305 (RCL)**

v

Department of Justice  
Drug Enforcement Administration  
**Special Agent Eldred Earls**  
**Special Agent Gary W. Hart**  
950 Pennsylvania Ave, NW # 4706  
Washington, DC 20530

**February 15, 2006**

---

    Come Samuel L. Clemmons, Jr. file this civil complaint in District Court for the District of Columbia against the Drug Enforcement Administration and six federal employees, employed within such agency for violation of the United States Title Code, Title 5, USC, Section 552a, Exemption (j)(2) of the Privacy Act and Title 5, USC Se552, Exemption (b)(7)(A), (b)(2), (b)(6) and (b)(7)(c) and U.S. Executive Order 10450, 10865, 12333, and 12356; section 3301 and 9101 of title 5, U.S. Code; section 2165 and 2201 of title 42, U.S. Code; section 781 to 887 of title 50, U.S. Code 401a(4)(3)(d) and part 5, 732 section 736 of Title 5, Code of Federal Regulation and any denial of appeals submitted under the Freedom of Information Act (FIOA) to retrieve and review any evidence to support the defendant's actions. See Case laws and related cases such as: _Brown v._

*Ragsdale Motor Co.*, No. 28839; *Penn Mut. Life Ins. Co. v. Taggart*, No. 18675 and other related cases according to statue: 28 U.S.C. § 1333, and § 129 2(a) (3). In this complaint let it be known and let it stand according to law of § 111 ALR, Fed. 295, giving false information to any Federal Departments or Agency is consider a Violation of 18 U.S.C.A § 1001 (2)(15)(34); making it a criminal offense to make false statements in any matter under jurisdiction of the departments or agency of the United States of America.

    Before I (the plaintiff) address my case and complaint to the courts. I would like to add an in-depth passage to the defendants so that the defendants will have a full but fair understanding of my actions here today in filing this complaint before a judge or courts to hear and rule on my complaint to the courts.

    I (the plaintiff) express to the defendant or defendants that ignorance of the law are no excuses, it is one of the most familiar phrases in any branch of jurisprudence. It is not entirely without exception, although some exceptions are rare. What one has intended to do results in their own passage and interruptions of the law? In other words, what I'm saying to the defendants that every person is presumed to know the law; in order to understand either the rule itself, or the exceptions thereto, it is necessary to know in this case matter what is the

words "presumed" and "presumption" and they are used in three different senses in the law. One of the senses is to signify a mere inference of fact. The second one is a true presumption, which is a rule of law which calls for certain results unless the party or defendant adversely affected comes forward with evidence to overcome the complaint filed against such defendant. This (although it is the true presumption) often is referred to as a "*prima facie presumption*" to distinguish it from the so called "conclusive presumption" which is a legal device in the form of a what they call a postulate used for the determination of a particular case whether it represents the actual facts or not. Which bring about the rule of evidence when a typical example is the conclusive presumption of delivery by all parties or defendants to a negotiable instrument which has reached the hands of a holder such as the plaintiff in due course, the net result of this "conclusive presumption" is that such a plaintiff as myself in due course can enforced the instrument such as a complaint such as I am doing as effectively against the defendant who did not deliver proof to support his or her slanderous, derogatory comments and crimes to intentionally to cause harm and hurt upon me (the plaintiff).

If "everyone is presumed to know the law" in this sense, it means that a particular case will be disposed of exactly as if the defendants actually did know the law whether such is the

Sam L. Clemmons vs. Department of Justice (DEA) 950 Pennsylvania Ave. NW #

fact or not. And this is exactly the sense in which this word should be used in evaluation of the facts in this case before the judge and the courts today. It is known this is the sense in which it is used in all cases in which "ignorance of the law is no excuse." There are some rare and exceptional cases in which ignorance of the law is recognized as an excuse in some criminal cases the presumption is rebuttal able, but in this case before the courts we have very knowledgeable defendants, who is of age to know right from wrong. We have someone who is very professional and capable of thinking things through before committing a wrongful act or committing a crime and someone who will take accountability and responsibility for their actions when upholding the law or operating within the boundaries of the law.

They say, "The truth shall always set you free"; "a false submission will always come back to capture you". No matter how hard it is for someone to tell the truth. You must tell it if you ever want to be free. The defendants are caught up in this because the defendants administrated false statements on a very reputable company letterhead and such false statements have returned to capture them.

So I say to the defendants and the defendant's agency....I have children of my own and I must inform you and the courts...that this type of behavior is learned or taught by

someone or retained through some source somewhere. I say to you that I would never teach or inform my children to do what you have done to me and to do it to others. This type of behavior has no justification. Be accountable for your actions and reply back to the courts with the truth.

I also say to the defendants' think of me as if I was you. What if someone or an agency would have done this to you? How would you feel? How would you react? What would you do?  Would you think what I've done here today is not justified? We all have a heart that beat like a clock. We all share and breathe the same oxygen. We all have blood running through our vain; we all expect to be treated fairly, but equal while we are here on earth. So I ask why do you (the reader) expect that you can treat me so differently? What have I done to you or your agency prior to this complaint? I was truthful to you and your agency according to documents we sent to each other dated June 24; August 19; August 23 and September 24, 1999 all these documents will show the courts that the plaintiff was very truthful in conducting business with you and your agency. These documents will be Supplemental Statements to Appendix I and they will be submitted at the time to enter discovery. Now you (the defendants) and your agency must prove to the courts that I provided your agency with false information according to the United State statue 18 U.S.C.A § 1001(2) (34).

Sam L. Clemmons vs. Department of Justice (DEA) 950 Pennsylvania Ave. NW #

## II

The Plaintiff states with the above paragraph said on the record, On November 27, 2001 at approximately 2:30 p.m.

Special Agent Eldred Earls from the Drug Enforcement Administration in Atlanta, GA contacted the plaintiff via telephone concerning matters surfacing in the plaintiff's national security background in relation to only two issues of concern. They were: **(1)** the plaintiff had a derogatory mark on the plaintiff's credit file from an Entergy Power Service Company in the amount of $152.00 which the plaintiff informed Special Agent Earls that such matter was disputed and resolved ending in a zero balance. The plaintiff faxed such confirmation to Special Agent Earls **(2)** Special Agent Earls further advised the plaintiff that he had and identity theft concerns that a convicted felon by the name of **Richard D. Scott, born June of 1957** from the **State of Louisiana** had the plaintiff's identity and that the agency is fully aware that there is no linkage to the plaintiff. After advising the plaintiff of the information, Special Agent Earls advised the plaintiff no need to report such matter to the Federal Bureau of Investigation after the plaintiff requested to contact the Federal Bureau of Investigation. Special Agent Earls advised the plaintiff, that the plaintiff was one of them at this point in the investigation and informed the plaintiff that the agency will be faxing

documents for the plaintiff's signature and for the plaintiff to fax the documents back to the agency to show that such was discussed and corrected in relation to the plaintiff's background. The plaintiff faxed the require documents back to the defendant on November 27, 2001 at approximately 3:00 p.m. stating that we had discussed these two issues of concern. The plaintiff never saw what the defendant informed the plaintiff over the telephone. This is violation # 1 under the Freedom of Information Act and *See case law*: U.S. v. Sattar, 272 F. Supp. 2d 348 (S.D.N.Y. 2003).

### III

On April 04, 2002 (five month later) the agency sent a written communication (letter) signed by Patricia A. Murphy, Chief of Special Agent Recruitment Unit denying the plaintiff's appointment after the plaintiff passed all written and all phases of the selection process. (See case Law: *Price Waterhouse v. Hopkins*, Supreme Court of the United States, 1989. 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268; *United States v. Detroit Timber & Lumber Co.,* 200 U.S. 321, 337, 26 S.Ct. 282, 50 L.Ed. 499; and Case law: **Supreme Court of the United States, United States v. Georgia et al., Nos. 04-1203, 04-1236** ); As considered in the case laws above there are four requirements that should apply to this case matter before the court to take into consideration, they are: (1) The plaintiff is a member of a

Sam L. Clemmons vs. Department of Justice (DEA) 950 Pennsylvania Ave. NW #

Case 1:06-cv-00305-RCL   Document 12   Filed 08/01/2006   Page 9 of 20

8

protected class. (2) The plaintiff applied and was qualified for the job or position in question. (3) The plaintiff was rejected by the employer, and (4) the employer did continue to seek applicants for the position or filled the position with a person not in a protected class. Disparate-Treatment Discrimination should apply as well in rendering a decision in this matter before the courts.

## IV

Special Agent Earls failed to realize the plaintiff's abilities to investigate this matter of identity theft. After the plaintiff conducted an investigation of the information Special Agent Earl provided to the plaintiff, the plaintiff finds out that the subject by the name of Richard D. Scott had been deceased for approximately 20 years at this date the information was presented to the plaintiff. The plaintiff was informed of this after personally contacting the phone number provided in the plaintiff's discovery. The plaintiff drew red flags upon the total matter of the plaintiff's information; the news that Special Agent Earls provided could be false; the plaintiff's national security's background investigation and records were all in question and still is in questionable status as of this date.

Sam L. Clemmons vs. Department of Justice (DEA) 950 Pennsylvania Ave. NW #

## V

On June 20, 2002, a Member of Congress intervened on behalf of the plaintiff to request a full and complete copy of the plaintiff's national security background record to be forward to the Member of Congress' office for thorough review. I inform the courts this request was denied. The congressman never received the full and complete national security background report. This is violation #2 of the Freedom of Information Act.

## VI

On July 24, 2002, the Department of Justice (Drug Enforcement Administration) sends the congressman a totally different subject matter letter this letter was written and signed by C.J. Kasch, Deputy Assistant Administrator in the Office of Personnel. This is violation # 3 of the Freedom of Information Act.

## VII

On July 31, 2003, the plaintiff receives a slanderous written communication letter signed by Special Agent Gary W. Hart signed over Nancy A. Lane of Special Agent Programs Manager in the Special Agent Recruitment Section. In this letter Special Agent Hart uses slanderous terms as if it was confirmed and verified that the plaintiff was disapproved for hire due to issues that surfaced during the plaintiff's national security background investigation with regards to the plaintiff's

Sam L. Clemmons vs. Department of Justice (DEA) 950 Pennsylvania Ave. NW #

employment history, financial responsibility, and personal conduct. This is violation # 4 of the Freedom of Information Act.

**VIII**

The plaintiff states as of this date such slanderous comments has not been verified and proven by this defendant, this agency, and no other agency which makes this agency to be liable for slander and misuse or abuse of the plaintiff's information. See case laws or similar case laws of: *Anigio-Medical Corp v. Eli Lilly & Co.*, 720.F.Supp.269; *Roger Corp. v. Arlon, Inc.*, 855 F. Supp.560; *Leavitt v. Cole*, 17 Fla L. Weekly Fed. D71.

**IX**

On September 10, 2003, the plaintiff mail another Freedom of Information Act request by certified mail article number 7002 3150 0005 0347 6328, requesting a copy of the complete record for review in relation to the plaintiff's national security background investigation conducted on June the year of 2000.

**X**

On October 23, 2003, the plaintiff received a written communication from the defendant and employee by the name of Katherine L. Myrick, Chief, Operations Unit & FOI/Records Management Section delaying the request and requesting the plaintiff to resubmit such request on the standard certification

Sam L. Clemmons vs. Department of Justice (DEA) 950 Pennsylvania Ave. NW #

of identity form. The plaintiff completed such forms on November 4th, 2003. The Plaintiff mailed the appropriate documents for submission as of this date this complaint is filed into the courts. As of this date, the plaintiff still has not received the file or records sought which is violation #5 under the Freedom of Information Act, 5 U.S.C. 552 to justify Special Agent Hart's comments.

## XI

On December 17, 2003, the plaintiff receives written communication from the defendant acknowledging receipt of the plaintiff's Freedom of Information Act request assigning a request number of 04-0355-P signed by Katherine L. Myrick, Chief, and Operations Unit & FOI/Records Management Section. This is violation # 6 under the Freedom of Information Act.

## XII

On April 5th, 2005, the plaintiff submits a certified mail receipt to the defendant paying the defendant a fee of $25.00 in a form of money order with the money serial number is recorded as 07829392408 paid to obtain records sought under the Freedom of Information Act. For tracking purpose the certified letter tracking number is <u>7004 0750 0003 4506 0458</u>. As of this date this complaint is filed in the courts the plaintiff still has not received any of the records the plaintiff paid to received. This is violation # 7 under the Freedom of Information Act.

Sam L. Clemmons vs. Department of Justice (DEA) 950 Pennsylvania Ave. NW #

### XIII

On September 4th, 2005, (five months later after the first paid submission to the defendant to received records sought.). The plaintiff sends another certified letter with a return receipt with a letter tracking number as being <u>7002 3150 0005 0347 6328.</u> Attached was another money order in the amount of **$25.00** requesting urgency for the records sought under the Freedom of Information Act. The plaintiff's money order serial number is 08563193346. As of this date, this complaint is filed in the courts for failure to render services paid for. The plaintiff still has not received the records sought under the Freedom of Information Act with is violation # 8. The plaintiff paid a total of $50.00 for records request # 04-0355-P to a federal agency and nothing was received in return. (Shows signs of suspicious and fraud on behalf of the defendants)

### XIV

The plaintiff states before the courts and in this complaint that the law states: Each agency, upon any request for records made under paragraph (1), (2), or (3) of the Freedom of Information Act, shall determine within **20 days** (excepting Saturday, Sunday, and legal public holidays). After the receipt of any such request whether to comply with such request and shall immediately notify the person or plaintiff making such request of such determination and the reasons therefore, and of

Sam L. Clemmons vs. Department of Justice (DEA) 950 Pennsylvania Ave. NW #

the right of such person to appeal to the head of the agency any adverse determination. It is known that if such agency wishes not to release such information the person or plaintiff must file a complaint in the District Court of the United States in the district in which the complainant resides, or has his principle place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such case as this one the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of the Freedom of Information Act, and the burden is on the agency to sustain its action.

## XV

The plaintiff states and admits in this court that there is a very strange sign of fraud and withholding the truth from the plaintiff; therefore, the plaintiff is fully requesting the complete record sought for complete review in this court of law.

## XVI

The plaintiff is requesting to the court to order such agency to release all the records to this court including

records to show that such convicted criminal by the name of Richard D. Scott once had the plaintiff's personal information as so stated by Special Agent Eldred Earls on November 27, 2001.

If such information is not provided to the court according to the Freedom of Information act then such court is requested to label such investigation as fraudulent and hold such agency and employees fully liable for the punitive damages they have caused the plaintiff and the plaintiff's family. The plaintiff is requesting to compel and remove the entire plaintiff's personal information from such agency databases.

### XVII

The plaintiff informs the courts that upon the plaintiff releasing the personal information to the agency, the plaintiff surrendered all information in good faith and professionally provided all the information requested on time.

### XVIII

The plaintiff's Freedom of Information request was submitted in a timely manner and such requests were intentionally denied and withheld due to many unknown reasons. Which is causing this civil lawsuit in the District Court of Columbia in the amount of **30,000,000.00** (thirty million dollars) against such agency for violation of the law under the Freedom of Information Act under § 5 U.S.C.A. § 552. Providing false information under an ordered federal investigation; therefore,

Sam L. Clemmons vs. Department of Justice (DEA) 950 Pennsylvania Ave. NW #

Case 1:06-cv-00305-RCL    Document 12    Filed 08/01/2006    Page 16 of 20

15

holding the defendant to be in violation of prohibit personnel practice under the United States Code 5 U.S.C. § 2302(b) (8), acts of slander violation under case law of *Anigio-Medical Corp v. Eli Lily & Co.*, 720 F.Supp.269,; *Roger Corp. v. Arlon, Inc.*, 855 F. Supp. 560; *Leavitt v. Cole, 17 Fla L. Weekly Fed. D71.;* U.C.A. 1953, 76-6-405, 76-6-1102 and *State v. Ross,* 951 P.2d 236, 241 (Utah Ct. App. 1997)

### XIX

The plaintiff states, if such is confirmed through this court that no such information exist in the agency record after the court review such record under the matter of *de novo*. Let the facts be known and confirmed that the defendant intentionally, wrongfully, willfully, deliberately, maliciously, gave the plaintiff wrongful information to mislead and ruin the plaintiff's career and such summary judgment is needed and hold merit in favor of the plaintiff.

### XX

The defendant should be held accountable for crimes of identity theft, identify fraud, theft by deception and deformation of character. (See statue: U.C.A. 1953, 76-6-405, 76-6-1102 and **State v. Ross**, **951 P.2d 236, 241 (Utah Ct. App. 1997)**

**XXI**

The plaintiff adds, if the plaintiff would have given the defendant false information such actions will be a crime and punishable in any court of law. See case law: <u>U.S. v. Baer, 274 F. Supp.2d 778 (E.D. Va. 2003)</u>

**XXII**

The burden of proof is for the court to administrative the law and for the defendants to proven that such information existed in the plaintiff's records as provided by the agency's professional investigators and administrative staff (Special Agents and employees).

**XXIII**

If this civil action cannot be settled out of court, the plaintiff is asking for a civil trial before his peers (jury trial) revealing all the issues along with the **FACTS** set forth in this case for a jury to rule base on the issues and facts provided in this compliant as of this date the compliant is filed and logged into United States District Court's system.

**XXIV**

The plaintiff wishes to maintain and reserve rights to sell story to the public if necessary.

Sam L. Clemmons vs. Department of Justice (DEA) 950 Pennsylvania Ave. NW #

### XXV

All attempts to resolve this complaint have been exhausted, the burden of the proof lies on the defendant to prove **all** their *issues* and *allegations* are truthful on the record.

### XXVI

The defendant's employees have been reported to the Office of Special Counsel for internal discipline for their actions as of June 10th, 2005 and assigning an OSC File No. MA-05-2031, no further information has been provided in result of the Office of Special Counsel finding.

### XXVII

The plaintiff wish to add it is known when considering a motion for summary judgment, it is known that the court must examine all evidence in the light most favorable to the plaintiff (nonmoving party). I (the plaintiff) would advised the defendant to consider case laws *Langley v. Adams County*, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the defendant) bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P.56(c); See case law: *Anthony v. United States*, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the defendant) does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's

(the plaintiff) case" In this case the nonmoving party (the plaintiff) has expressed evidence by giving names, dates and key information that no one knows but the defendant knows to support the plaintiff's claim; therefore, case law to consider: *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter. The Federal Insurance Company under the defendant's Crime Insurance Policy, provided by the defendant (hereinafter the "Federal Policy", and therefore it is known that the defendant has sustained no loss in this action, nor did the plaintiff cause any hurt or harm to the defendant, the defendant caused this action or judgment upon itself(The Agency) see Fed. Rules Civ.Proc. Rule 17, 28 USCA and complete understanding of Federal Regulation 111 ALR, Fed. 295 and 18 U.S.C.A § 1001 (2) (15) (34).

*They say in the end … Good will always triumph over Bad….*
End of Complaint:

Respectfully submitted,

Sam L. Clemmons, Plaintiff Pro Se
548 Saint Charles Place
Brookhaven, MS 39601

Sam L. Clemmons vs. Department of Justice (DEA) 950 Pennsylvania Ave. NW #

CC: www.usps.com for tracking purposes

United States Attorney General
   **Express Mail #: EQ 242464084 US**
U.S. Attorney
   **Express Mail #: EQ 242464075 US**
Department of Justice (DEA Headquarters)
   **Express Mail #: EQ 242464067 US**
Department of Justice Headquarters
   **Express Mail #: ED 973870705 US**
Department of Justice (DEA, SA Hart)
   **Express Mail #: ED 973870696 US**
Department of Justice (DEA, SA Earls)
   **Express Mail #: ED 973870682 US**
The Rainbow Push Collation
   **Express Mail #: EQ 242463296 US**
The NAACP Chapter for the District of Columbia
   **Express Mail #: EQ 242463305 US**
Mary L. Lee, Paralegal;
   **Certified Mail #: 7005 0390 0002 2211 2578**
George Tillman, Paralegal
   **Express Mail #: EQ 241268295 US**
United State District Court for the District of Columbia;
   **Express Mail #: EQ 242464036 US**
Records