UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM CLEMMONS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | )   06cv305 (RCL) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, et al., | ) |
| | ) |
|    Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR ENTRY OF DEFAULT**

Federal Defendants, by and through counsel, the United States Attorney for the District of Columbia, respectfully opposes Plaintiff's Motion for Entry of Default (Dkt. No. 11). In his Motion, Plaintiff claims that the Federal Defendants failed to timely Answer or otherwise respond to the Complaint in this matter. Because the Plaintiff's Motion, like the claims in his Complaint, is without factual support and inaccurately sets forth the legal obligations of the Federal Defendants, his Motion is without merit. The Defendant submits the following points and authorities in opposition to Plaintiff's motion:

**A.    FEDERAL DEFENDANTS ARE NOT IN DEFAULT BECAUSE PLAINTIFF
FAILED TO EFFECTUATE PROPER SERVICE OF PROCESS.**

Plaintiff, Sam Clemmons, filed a disjointed and rambling Complaint in this Court, *pro se*, on February 21, 2006, which, liberally read, can be distilled into two causes of action: (1) that Federal Defendants violated the Freedom of Information Act ("FOIA") by withholding information regarding Plaintiff's background investigation, which was relied upon in denying Plaintiff a job as a DEA agent; and (2) that the Federal Defendants committed various torts against him in violation of the Federal Tort Claims Act ("FTCA") by knowingly relying upon

false information when conducting the background investigation. On June 29, 2006, Plaintiff mailed a document by certified express mail to the United States Attorney's Office. See Motion for Entry of Default at attached Affidavit. The document sent to the United States Attorney is not an accurate copy of the complaint, but rather is a materially altered version. See Attachment 1.[1/]

In addition, the altered "complaint" sent by Plaintiff was not addressed to the "civil process clerk" designated by the United States Attorney to receive service of process. See Motion for Entry of Default at attached Affidavit. See also Fed. R. Civ. P. 4(i)(1)(A) (service by mail must be addressed to, and may be made only upon the "civil process clerk" at the office of the United States attorney"). Indeed, it appears that the altered document was received in the mail room of the United States Attorney's Office on Friday, June 30, 2006, and the return receipt was signed and returned by mail room employees, and was not actually received by the "civil process clerk" until the following Monday, July 3, 2006. See Attachment 2. Thus, Plaintiff did not effect proper service of process upon the United States Attorney of a copy of the original complaint, and the Federal Defendants are not in default.[2/]

---

[1/]    From a cursory review, it appears that the altered document Plaintiff sent to the Federal Defendants on June 29, 2006, is the amended complaint (filed on August 1, 2006) and not the original. Because the amended complaint was not filed with the Court at the time of service, Plaintiff failed to properly serve "[a] summons . . . together with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Accordingly, Plaintiff has failed to effectuate proper service of process, and Federal Defendants cannot be in default.

[2/]    Moreover, it was the Plaintiff who purports to have mailed the various summonses in this case. See Dkt Nos. 3-11 (in which Plaintiff claims that he served the complaint and summonses). Plaintiff, however, is not among those who may effect service under Rule 4. See Fed. R. Civ. P. 4(c)(2) ("Service may be effected by any person **who is not a party** and who is at least 18 years of age") (emphasis added).

B.     **ASSUMING PLAINTIFF EFFECTUATED PROPER SERVICE OF PROCESS, FEDERAL DEFENDANTS ARE NOT UNTIMELY.**

Even assuming, *arguendo*, that the complaint was properly served, the Federal Defendants timely filed a Protective Motion for Enlargement of Time, and were not in default. Although Plaintiff's complaint raises claims under the FOIA, and thus a summons was issued providing the Federal Defendants 30 days to respond, Plaintiff also raises tort claims against the Federal Defendants pursuant to the FTCA. See Compl. at pp. 9-10, 15-16. Accordingly, under the Federal Rules of Civil Procedure, the United States, its agencies, or its employees actually have 60 days (to September 1, 2006) in which to respond to the Complaint. See Fed. R. Civ. P. 12(a)(3)(A). Federal Defendants timely filed a Protective Motion for Enlargement of Time to File Answer or Otherwise Respond to the Complaint (Dkt. No. 7), to accurately reflect this fact.[3]

Additionally, to the extent that the Federal Defendants failed to timely file a response to the initial complaint, Plaintiff effectively relieved the Federal Defendants of the time deadline when he filed an amended complaint (Dkt. No. 12) on August 1, 2006. Under the Federal Rules, Federal Defendants have an additional 10 days, from the date of service of the amended complaint to file a response. Fed. R. Civ. P. 15(a). Here, Federal Defendants have timely moved within the additional 10 days for additional time to respond. See Motion for Enlargement of Time to File Answer or Otherwise Respond to the Complaint (Dkt. No. 7).

---

    [3]     In the Protective Motion for Enlargement of Time, Federal Defendants specifically reserved all defenses available under Fed. R. Civ. P. 12 or otherwise, including lack of service of process, lack of jurisdiction, and immunity from suit.

C.   **BECAUSE PLAINTIFF CANNOT ESTABLISH A CLAIM OR RIGHT TO RELIEF, THE ENTRY OF DEFAULT IS NOT PROPER.**

Finally, before a default judgment can be entered against the United States government, or an officer or agency thereof, Plaintiff must "establish his claim or right to relief by evidence satisfactory to the court." Simmons v. U.S. Parole Commission, 590 F.Supp. 1221, 1222 (D.D.C. 1984). See also Fed. R. Civ. P. 55 (e); Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (standard for dismissal); and Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (standards for summary judgment). Here, Plaintiff has not alleged, nor can he, that he exhausted his administrative remedies pursuant to the FOIA and the FTCA, including filing the required FOIA appeal to the Department of Justice Office of Information and Privacy ("OIP"), nor can he establish a legal basis for any of the causes of action alleged under the FTCA.[4/] Accordingly Plaintiff's Motion for Entry of Default should be denied because this Court is without jurisdiction to entertain his complaint, and because Plaintiff's complaint fails to set forth any claim upon which relief can be granted.

WHEREFORE, for all of the foregoing reasons, Plaintiff's Motion for Entry of Default is without legal or factual basis, and should be denied.

---

[4/]   Federal Defendants anticipate filing a Motion to Dismiss raising these defenses, as well as others.

Respectfully submitted,


  /s/ Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 4, 2006, the foregoing Federal Defendants' Opposition to Plaintiff's Motion for Entry of Default and proposed order were sent, by first-class mail, postage pre-paid, to the Plaintiff, Sam L. Clemmons, 548 Saint Charles Place, Brookhaven, MS 39601.

   /s/ Darrell C. Valdez
DARRELL C. VALDEZ
Assistant United States Attorney