UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

AUG 2 5 2006

SAM L. CLEMMONS
    PLAINTIFF

vs.

DEPARTMENT OF JUSTICE (DEA),
et al.,
    DEFENDANTS

)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO. NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**1:06CV00305 (RCL)**

**August 24, 2006**

---

### PLAINTIFF'S MOTION REQUESTS TO ENTER DISCOVERY IN SUPPORT OF ENTRY BY DEFAULT PERFORMED BY THE CLERK OF THE COURT. THE PLAINTIFF IS REQEUSTING THE COURT THROUGH ATTACHED COURT'S ORDER TO SUSTAIN SUCH ENTRY BY DEFAULT.

Comes Sam L. Clemmons, Plaintiff *Pro Se* files this **MOTION REQUEST** to Enter Discovery in support of the Plaintiff's Motion Request to Enter Default by the Clerk to show good cause why such default should not be lifted or removed from the records of this court.

The Plaintiff comes and expresses before the court that the Defendants who are federal employees in which tort claim are against for their wrongful actions resulting in various criminal acts as expressed by the Plaintiff in the initial complaint before the court.

The Defendant's Counsel expresses an alter complaint before the court. The complaint that the Defendant received is not an

alter complaint. It is the exact same complaint with paragraphs

numbers listed for quickly and easily reference marks.

Therefore, nothing in the initial complaint that was submitted

and reviewed by the court had changed except for the number

paragraphs. These minor changes should not have anything to do

with the physical delivery requirements by means of proper being

served and the time line to response to the court per the

court's instructions.

     The Defendants were all served properly and all the

Defendants fully knew the time to response given by the court.

The Defendants had well over enough time to submit their

requests for enlargement of time to file an answer. The

Defendants failed to even submit such request or a timely notice

of appearance.

     There are no signs of neglects performed by the Plaintiff.

The Plaintiff Express Mail all summons notices to all the

respective Defendants listed in the complaint and granted by the

Court to all parties such as (1) The <u>Department of Justice</u>

<u>Headquarters</u>, (2) <u>The Department of Justice (DEA) Director in</u>

<u>Charge</u>, (3) <u>The United States Attorney General's Office</u>, (4) <u>The</u>

<u>United States Attorney's Office</u>, (5) <u>The Department of Justice</u>

<u>(DEA) Special Agent Eldred Earls</u> in Atlanta, GA and (6) <u>The</u>

<u>Department of Justice (DEA) Special Agent Gary W. Hart</u> in

Washington, DC. All who received a copy of the complaint filed

against them or their agency according to the laws and

1   instructions of this court. Not one of these individuals who

2   were served properly chose to write in to the court to request

3   for an enlargement of time to response.

4       The Department of Justice knew about this case #

5   1:06CV00305 (RCL) pending in the court for some time during

6   other legal arguments or litigation. Therefore, the Department

7   of Justice had well over enough time to prepare and get ready

8   for the summons to arrive once other matters before the court

9   had been argued. Please review and track communication from the

10  U.S. Department of Justice, Drug Enforcement Administration,

11  Washington, DC 20537 with a **tracking number RB 449 043 648 US**

12  sent by registered mail to the Plaintiff after knowing the

13  Plaintiff has seek relief through the court against violators

14  for wrongdoing and abuse of the Plaintiff's personal

15  information.

16      There are no excuses or continuous arguments concerning the

17  Defendant failing to file a timely response. The Defendants and

18  the Defendant's counsel have failed to response in a timely

19  manner and have pervious on many occasions failed to honor the

20  Plaintiff's requests under the Freedom of Information Act in

21  which the Plaintiff has submitted several inquires to the

22  Defendants in nature to Plaintiff's requests for information

23  that the Plaintiff sought after being mislead, misinformed by

24  these individuals as expressed in the Plaintiff's initial

25  complaint before this court.

Sam L. Clemmons vs. U.S. DEPT OF JUSTICE (DEA) 950 Pennsylvania Ave, NW #
4706, Washington, DC 20530

1    The Plaintiff have no sympathy for any of the Defendants as
2   if they never showed or had any sympathy for me and the crimes
3   they committed and knowingly they committed in nature to
4   something that I have worked so hard to achieve and accomplish
5   and that is maintain and keeping a clear background and record.

6    All the Defendants fully knew what they were doing when
7   they chose to do what they have done. Therefore, making theirs
8   acts deliberately and intentionally acts with malice intents to
9   destroy my character, my name and my reputation as being an
10  asset to this country and not a liability.

11    I (the Plaintiff) enters my evidence for the record so that
12  it can be entered as my Motion Request to Enter Discovery to
13  support my initial complaint that such information expressed in
14  the initial complaint is true and correct on the record showing
15  good cause why the Defendant's Counsel Motion Requests should
16  not be granted and the Plaintiff's Motions Requests should
17  remain so that this court can move forward with other business
18  matters before this court instead of wasting valuable court
19  time, and funds hearing something that has no merit at all to be
20  heard.

21    In accordance with paragraph XXVI of the Plaintiff's
22  initial complaint The Plaintiff enters this claim or rights to
23  relief by providing this court the following Exhibits to be
24  added to the record as evidence to strike the Defendant's
25  Oppositions requesting removal of Default. This same submission

1    of facts are the same facts that was submitted to the Office of
2    Special Counsel to receive a claim number of <u>MA-05-2031</u> as so
3    solely expressed to this court in the initial complaint.

4        The Defendant's Counsel and research such claim number and
5    see that such Defendants were fully aware and informed of
6    potential actions or actions that will be brought against them.

7        **<u>THE PLAINTIFF'S EXHIBITS FOR THE RECORDS ARE:</u>**

8        The Plaintiff enters **144 pages** of facts into the record to
9    support the Plaintiff's good cause to sustain the court's entry
10   of default.

11       **<u>Exhibit # A</u>**: These <u>16 pages</u> of Exhibits will show the court
12   proof of communication performed as stated in the initial
13   complaint between the Plaintiff and the Office of Special
14   Counsel concerning the Defendants listed in the complaint. For
15   the Record, the Office of Special Counsel tagged such complaint
16   submission in its records as claim number <u>MA-05-2031</u>. The letter
17   from the Office of Special Counsel will be provided to the court
18   and the Defendant's counsel to be added into the record at a
19   later date by mean of regular mail attached with a certificate
20   of service. For now, the Defendant's counsel can research such
21   record and confirm the status of such claim.

22       **<u>Exhibit B</u>:** These <u>six pages</u> of Exhibits will show the court
23   and the Defendant's counsel personal letters dated March 9, 2005
24   to the Department of Justice (DEA) expressing issues of concern
25   concerning the nature of my background investigation. All

1  communication to such agency was denied or refused to response

2  in nature to my requests.

3      **Exhibit C:** Six pages showing the court proof of

4  communication to the Department of Justice (DEA) on November 27,

5  2001; by via fax submission to Special Agent Eldred Earls (4

6  pages). This Exhibit will validate that such did existed between

7  the two but nothing coming from the Defendant or the Defendant's

8  counsel validating that such communication coming from their

9  ends are facture and was truthful that such person by the name

10  of Richard D. Scott (a convicted felon) had my identity for the

11  records which is also a violation of the laws of 111 ALR, Fed.

12  295 and 18 U.S.C.A § 1001 (2) (15) (34).

13      **Exhibit D:** Three pages of Exhibits for the record showing

14  such letter dated April 04, 2002 from the Department of Justice

15  (DEA) in reference to regretful news to be denied employment for

16  unclear reasons.

17      **Exhibit E:** Three pages of facts showing the court and the

18  Defendant's counsel Congressional consent form for Releasing of

19  Personal Records by Executive Agencies (DEA). This will show the

20  Court the Defendants still failed to honor and obey the laws

21  under neither the Freedom of Information Act in not providing

22  neither the Congressman nor the Plaintiff information which both

23  sought through this request.

24      **Exhibit F:** Three pages of facts showing the court and the

25  Defendant's counsel a letter dated September 10, 2002 from

1   Congressman Ronnie Shows informing the Department of Justice

2   (DEA) special interest in this case before the court.

3       **Exhibit G:** Four pages of the Exhibits of facts showing this

4   honorable court and the Defendant's counsel a letter dated July

5   24, 2002 from the Department of Justice to Congressman Ronnie

6   Shows displaying wrongful information requested from Congress.

7   This should show the court the ability of the Defendants to

8   mislead the court as if in such letter they tried and attempted

9   to mislead a Member of Congress which is also a violation of the

10  laws of 111 ALR, Fed. 295 and 18 U.S.C.A § 1001 (2) (15) (34)

11  performed by Deputy Assistant Administrator C.J. Kasch of the

12  Office of Personnel.

13      **Exhibit H:** Four pages of the Exhibits of facts that will

14  show this honorable court and the Defendant's counsel a true

15  letter dated July 31, 2003 coming from the Department of Justice

16  (DEA) from Special Agent Gary W. Hart as expressed in the

17  initial complaint revealing different information from pervious

18  communication to the Member of Congress and coming from Special

19  Agent Eldred Earls which is also a violation of the laws of 111

20  ALR, Fed. 295 and 18 U.S.C.A § 1001 (2) (15) (34).

21      **Exhibit I:** Four pages of the Exhibit of facts that will

22  show this honorable court and the Defendant's counsel a true

23  letter dated October 23, 2003 coming from the Department of

24  Justice (DEA) with a request number under the Freedom of

25  Information Act request as being 04-0355-P. Still until this

Sam L. Clemmons vs. U.S. DEPT OF JUSTICE (DEA) 950 Pennsylvania Ave, NW #
4706, Washington, DC 20530

1  date this request has not be satisfied according to the laws and

2  policy and procedures of the Freedom of Information Act.

3      **Exhibit J:** Four pages of the Exhibit showing a true letter

4  dated December 17, 2003 from the Department of Justice (DEA)

5  with a request number of 04-0355-P. Still until this date this

6  request has not be satisfied according to the laws and policy

7  and procedures of the Freedom of Information Act.

8      **Exhibit K:** Four pages of facts to the Exhibits showing this

9  honorable court and the Defendant's counsel a true money order

10 submitted in the amount of $25.00 along with pervious letters in

11 the OSC complaint dated March 9, 2005 submitted to the

12 Department of Justice (DEA) to eliminate any excuses in relation

13 to funds needed to release information requested or sought after

14 in reference to the Freedom of Information Act Request Number

15 04-0355-P.

16     **Exhibit L:** Nine pages of facts added to the Exhibits

17 showing this honorable court and the Defendant's counsel the

18 Special Agent Application Processing from the Department of

19 Justice (DEA). It reveals that the Plaintiff clearly met all the

20 requirements and passed every phase of this process until the

21 Agents in which this complaint targets performed their

22 misconduct into ruining the Plaintiff's career and opportunities

23 in government.

24     **Exhibit M:** Nine pages of facts added to the Exhibits which

25 will show and reveal to this honorable court and the Defendant's

1  counsel releasing of certified true copies of credit file to

2  provide proof against such remarks, attacks or wrongful

3  statements in the letter dated July 31, 2003 in regards to

4  financial responsibility or credit issues or concerns as anyone

5  can see the Plaintiff has outstanding credit according to credit

6  bureau reporting but bad credit problems or issues according to

7  Special Agent this complaint targets. The Plaintiff has maintain

8  business relation with his creditors well even after dealing

9  with the conflicts he has been dealing with concerning major

10  issues or concerns of identity theft and identity fraud.

11      **Exhibit N:** Five pages of facts added to the record of

12  Exhibits which will show the court and the Defendant's counsel

13  certified true copies of a paid reports concerning information

14  given to the Plaintiff by Special Agent Eldred Earls in regard

15  to the convicted felon who supposedly had the Plaintiff's

16  complete identity according to Special Agent Eldred Earls. Due

17  to the facts that such Special Agent Earls has too failed to

18  response to these court's orders of instructions. Special Agent

19  Earls is avoiding from revealing the truth concerning this

20  communication revealed to the Plaintiff on November 27, 2001.

21      **Exhibit O:** Ten pages of facts added to the Exhibits in

22  showing this court and the Defendant's counsel certified true

23  copies of a report from the Veterans Affairs interrupting the

24  Plaintiff's vocational rehabilitation benefits in relation to

25  the Department of Justice's Background checks showing a true

1 | statement by the VA stating and expressing no signs for denial
2 | of employment.

3 | **Exhibit P:** 20 pages of facts added to the Exhibits that can
4 | close out Exhibits that will show and reveal truthful statements
5 | made by the Plaintiff to Special Agent Gary W. Hart concerning
6 | the initial application process with general corrections
7 | according to standard operation and procedures of submitting
8 | such application according to the laws under which such
9 | application was submitted. Also see the certified true letter
10 | from the Department of Justice congratulating the Plaintiff on
11 | passing the phase of the application process and continuous with
12 | the process of becoming a Special Agent within the Department of
13 | Justice. Attached in the facts is a copy of Federal Drug Testing
14 | Custody and Control Form with a specimen ID No of 0396475450 A.
15 | The Court, jury, the Defendant's counsel as well as the
16 | Plaintiff has to rights to know what were the final outcomes by
17 | means of physically seeing all the reports administrated in
18 | writing to the Department of Justice (DEA) concerning the
19 | Plaintiff.

20 | **Exhibit Q:** 11 pages found through the discovery process
21 | revealing a certified true copy of this Defendant's wrongful
22 | actions in releasing the Plaintiff's private information without
23 | the Plaintiff's knowledge or written consent. If the Defendants
24 | had such written consent by the Plaintiff please provide it to
25 | the court in the Defendant's response back to the court showing

and justifying good cause shown to release such default entry.
These documents clearly show the Plaintiff's requests for
information under the Freedom of Information Act and the
Plaintiff inquiries into unknown facts or questions in relation
to anything that does not suppose to exist in the Plaintiff's
background investigation. These documents shows signs or
intentionally fraud and an intentional cover up due to the facts
of knowing on the records the Plaintiff never seen or saw any of
these communications until this year when filing the necessary
actions in this court. If the Defendants wishes to state
otherwise then the Defendants needs to provide the court with
certified proof of receipts and explain to the court why such
documentation is missing the date and the signature of the
individuals responsible for communicating such facts to the
Plaintiff. As expressed before this court this is a confirmed
collaboration efforts between the two agencies to commit FRAUD
and abuse of their agencies powers and authorities. Which both
are found to be fully in violation of 111 ALR, Fed. 295 and 18
U.S.C.A § 1001 (2) (15) (34).

**Exhibit R:** Five pages of facts from the Federal Bureau of
Investigation releasing information to the Plaintiff without
filing a request under the Freedom of Information Act expressing
their part during this fraudulent investigation into the
background of the Plaintiff. This should show the court signs of

1  cover ups by others in refusing to honor and releasing
2  information accordingly under the Freedom of Information Act.

3      **Exhibit S:** One page of facts added to the record to counter
4  attack any claims made by the Defendant's counsel concerning
5  Plaintiff's time in responding to outrageous attempts to have
6  Default removed from the court record. The Plaintiff is showing
7  the court and the Defendant's counsel good cause shown as being
8  severely ill and away from receiving any correspondence or
9  submission to the court by the Defendant's counsel and also for
10 the record the Plaintiff's phone numbers listed in the records
11 of the court are good numbers to contact the Plaintiff. They are
12 not disconnected and they were not disconnected during the time
13 the Defendant's counsel so expressed to the court.

14     **Exhibit T:** One additional page of facts added to the record
15 to show various attempts in communication to the Department of
16 Justice (DEA) concerning Freedom of Information Act or issues
17 showing a certified receipt signed by such agency on September
18 10, 2003.

19     **Exhibit U:** Three pages added to the Exhibits the remaining
20 will remain in reserve for both the Defendants and the
21 Defendant's counsel to release such truthful information for the
22 record behind revealing of the facts and truth to their
23 statements concerning the Richard D. Scott statements. The
24 Plaintiff's investigator entry will fill this empty space into
25 the court's record by releasing the true facts behind Richard D.

1   Scott. The Plaintiff will continue to seek discovery of such
2   person's Death Certificate and criminal record to be added to
3   this record of the court to confirmed or question why such
4   agency representative (Special Agent Earls) chose to use a
5   decease person to fraud the Plaintiff's background
6   investigation. This is still a mystery and should continue to be
7   a mystery. The Plaintiff will counterattack any attempts by the
8   Defendants and the Defendant's counsel to establish good cause
9   to remove such default by asking and requesting the Defendants
10  to turn over their facts to all their statements. Upon Discovery
11  of more information on such Richard D. Scott this information
12  will be sent to both the court and the Defendant's counsel upon
13  discovery to be logged into this section of the Plaintiff's
14  record before the court. If the Defendants and the Defendant's
15  counsel rejects to releasing their facts confirming such
16  statements made by Special Agent Earls and others was truthful.

17      **Exhibit V**: Nine pages added to the Exhibits this Exhibit
18  will show, reveal and explain to the court, jury and Defendant's
19  counsel facts published by the U.S. News & World Report dated
20  March 30, 1998 concerning the cost factors of protecting the
21  Plaintiff's children or family and communities where Plaintiff
22  choose to live while living in the United States of America. I
23  (the Plaintiff) is trying to live and maintain out here just
24  like everyone else, I should have been given the same amount of
25  respect as other expects to receive or be given. This agency

1   chose not to give me anything or choose not to even consider
2   giving me anything after me releasing and given them all my
3   personal information and expressing honesty and truthful
4   submissions before their agencies. In returned I get fraudulent
5   information. The Defendant's counsel expressed in his submission
6   that the Plaintiff failed to express how relief can be granted.
7   Relief can only be grant now through full but whole compensation
8   of this lawsuit which the Defendants are now in default so that
9   I can bring myself whole again and to fully protect the best
10  interest of my family and the communities where I choose to
11  live.

12      **Exhibit W:** Four pages of facts entered into the record
13  showing the Plaintiff's consent for a jury trial if necessary
14  and the Plaintiff's order request before the court to sustain
15  Default entry.

16      After the court thorough review of the Plaintiff's facts
17  before the court, the Plaintiff wishes to place this request in
18  submitting the attached order before the court to sustain the
19  default judgment against the Department of Justice (DEA) for
20  failing to comply with the court's instructions in providing an
21  answer to the complaint which was properly served on such agency
22  by summons by means of Express Mail Service in an orderly
23  fashion and in a timely manner.

24      Once again, The Defendants had 30 days according to the
25  court's instruction to response. As of the date the Plaintiff

Sam L. Clemmons vs. U.S. DEPT OF JUSTICE (DEA) 950 Pennsylvania Ave, NW #
4706, Washington, DC 20530

submitted his default entry before the court, the Plaintiff had
not received any appropriate filing into the court from the U.S.
Attorney's Office expressing representation neither had the
Plaintiff received anything by via United States Postal Service
or by any other means from any of Defendants listed in the
complaint.

The Plaintiff did receive such notice of appearance after
the default entry. This notice arrived to the Plaintiff by
regular mail on August 17, 2006. Sixteen days after such default
was entered against the Defendants.  According to the law one
cannot come later after being properly served requesting removal
of Default even when such requestors cannot show the court for
good cause.

The Plaintiff provided the court with proof of service
within 32 days after being served. The Plaintiff attached copies
along with certified true copies of receipts showing all summons
were delivery to the Department of Justice and its employees
within the same time frame. The Plaintiff placed such requests
to be entered to place such agency in default against the
presented summons to response to the court with an answer to the
complaint served on them by the United States Postal Service
Express Mail. This should be enough to justify the Plaintiff's
claims or action to sustain the default judgment against the
Defendants.

1   Once again, all green cards will be provided to the court
2   upon arrival and receipt of all cards from the United States
3   Postal Service.

4   **PLAINTIFF'S SUBPOENA DUCES TECUM REQUEST BEFORE THE COURT**
5   **IF NECESSSARY:**

6   In order for the Defendant and the Defendant's counsel to
7   show good cause they must be able to show true means of a State
8   Emergency, health issues or other emergency concerns, etc.

9   The Plaintiff is still in need of the Plaintiff's full and
10  complete record request from this agency (The Department of
11  Justice) so that the court can review the Plaintiff's complete
12  file or record under the term and means of *de novo.*

13  According to the law the Defendant and the Defendant's
14  counsel must bring by the way to the courts the full and
15  complete records before the courts for *de novo* meaning to bring
16  the complete records from what the defendant's counsel knows
17  that such record exists according to the Drug Enforcement
18  Administration (DEA) Special Agent Application Processing
19  checklist as demonstrated in Tab or **Exhibit L**. All notes,
20  reports, etc. should be released to the court and the Plaintiff
21  to justify their wrongful actions in not releasing any and all
22  the information according to the Freedom of Information Act
23  Requests and any additional statements before the courts and the
24  courts shall determine the matter of *de novo*, and any sensitive
25  issues or concerns may such issues be examined the contents of

Sam L. Clemmons vs. U.S. DEPT OF JUSTICE (DEA) 950 Pennsylvania Ave, NW # 4706, Washington, DC 20530

such agency records in camera to determine whether such records
or any part thereof should have been withheld this long under
any of the exemptions set forth in subsection (b) of this
section, and the burden is on the agency to sustain its action.

In addition to any other matters to which a court accords
substantial weight, a court shall accord substantial weight to
an affidavit of an agency concerning the agency's determination
as to technical feasibility under paragraph (2)(c) and
subsection (b) and reproducibility under paragraph (3)(B).

Since, the Defendant and the Defendant's counsel have
failed to understand the law and at first so expressly stated
that such agency refused to response at all to the Plaintiff's
requests under the Freedom of Information Act or just failed to
honor the law or any other provision of the law. The Defendants
were given the proper service notice for an answer or otherwise
plea to any complaint such as this one made under this
subsection within 30 days as allowed by the court after being
served properly upon Defendants by Express Mail Service Delivery
for the pleading in which such complaint is made, unless the
court otherwise directs for good cause shown. As of this date,
the court has not established any good cause shown by the
Defendants and the Defendant's counsel. In additional to the
requested information sought the Defendants and the Defendant's
counsel must turn over their log sheets showing and validating

all statements made in their responses to the court if any and
the Defendants must turn over all the facts to their statements
made and all the records they have maintain in relation to the
Plaintiff's requests. The Defendants must explain to the court
the following:

>    1. Why they (The Defendants) refused to honor the
>       Plaintiff's request prior to the Plaintiff seeking
>       relief through the court?

In addition, I the Plaintiff would like to add this insert
according to the Freedom of Information Act:

In closing, let the law stand and the law states itself in
saying, according to section (b) of the Freedom of Information
Act it clearly states that on complaint, the District Court of
the United States in the District in which the complainant
resides, or has his principle place of business, or in which the
agency records are situated, or in the District of Columbia.
This District Court has jurisdiction to enjoin the agency from
withholding agency records and to order the production of any
agency records improperly withheld from the complainant. In such
a case the court shall determine the matter *de novo* in what the
Plaintiff has requested in this MOTION and Subpoena Duces Tecum
requests before the courts. The Court may examine the contents
of such agency records in camera to determine whether such
records or any part thereof shall be withheld under any of the

Sam L. Clemmons vs. U.S. DEPT OF JUSTICE (DEA) 950 Pennsylvania Ave, NW #
4706, Washington, DC 20530

exemption set forth in subsection (b) of this section, and the burden is on the agency (The Defendants, Department of Justice (DEA)) to sustain its action. In addition to any other matters to which a court accords substantial weight, a court shall accord substantial weight to an affidavit of an agency concerning the agency's determination as to technical feasibility under paragraph (2)(c) and subsection (b) and reproducibility under paragraph (3)(b). It is known for the records that whenever the court orders the production of any agency records improperly withheld from the complainant (the Plaintiff) and assesses against the Untied States reasonable attorney fees and other litigation costs, and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officers or employees who was primarily responsible for the withholding. The Special Counsel, after investigation and consideration of evidence submitted, shall submit his finding and recommendations to the administrative authority of the agency concerned and shall send copies of the finding and recommendations to the officer or employee or his or her representatives. The administrative authority shall take the

Sam L. Clemmons vs. U.S. DEPT OF JUSTICE (DEA) 950 Pennsylvania Ave, NW # 4706, Washington, DC 20530

corrective action that the Special Counsel recommends. In this
case today before the courts' special actions needs to be
administrated upon the Defendant's counsel for coming into the
honorable courts and trying to mislead the courts as if he could
not understand the Plaintiff's initial complaint when such
matter before the court was reported June of 2005 and received a
case number or claim number of MA-05-2031 and the Defendant's
counsel failure to present the facts according to the statements
made in their submissions to the courts causing **all** theirs
statements to be in dispute and are in question.

Once again, the Plaintiff is requesting the facts to every
statement such Defendant and Defendant's counsel wishes to make.
"Without facts, you have nothing" "You must provide the facts as
proof to support your statements or claim in any court of law."

In closing of this summary judgment and according to
section (5), the Attorney General of the Untied States should
use this case upon his submission of submitting an his annual
report on or before April 1 of each calendar year which shall
include for the prior calendar year a listing of the number of
cases arising under this section, the exemption involved in each
case, the disposition of such case, and the cost, fee and
penalties assessed under subparagraphs (E),(F), and (G) of
subsection (a)(4). Such report shall also include a description
of the efforts undertaken by the Department of Justice to

Sam L. Clemmons vs. U.S. DEPT OF JUSTICE (DEA) 950 Pennsylvania Ave, NW #
4706, Washington, DC 20530

encourage agency compliance with this section. As for the

record, the court can see by the Defendant long drawn out

process and proof in failure to comply with the laws. This case

should be given congressional attention and interest in

establishing severed punishment to those who failed to obey the

law, comply with the law and provide truthful information within

the law and under the law.

The Plaintiff states for the record, if the Federal Bureau

of Investigation can set the bar by providing its correspondence

to the facts without the Plaintiff submitting a Freedom of

Information request why couldn't the Department of Justice (DEA)

do the same? It clearly show and reveal that the Department of

Justice (DEA) Special Agents and staff partnered up with the

Army Crime Record Center (Criminal Investigation Division) to

intentionally fraud the Plaintiff's character and career keeping

the Plaintiff out of the sector of the Department of Justice.

According to **Exhibit Q** it shows that the Department of

Justice (DEA) released private and personal information to the

Army Crime Record Center (Criminal Investigation Division)

without the Plaintiff's knowledge and written consent which is a

violation of the privacy act which gives more weight to the

Plaintiff's justification for good cause shown to sustain the

Default entry.

Sam L. Clemmons vs. U.S. DEPT OF JUSTICE (DEA) 950 Pennsylvania Ave, NW #
4706, Washington, DC 20530

What reasons or what business does the Army Crime Record Center (Criminal Investigation Division)has with me or think it has jurisdiction to monitor and control the Plaintiff's whereabouts and give false information in relation to the Plaintiff to the Department of Justice (DEA) or any other agencies. This now clearly and should reveal to the court a conspiracy theory by the two agencies to commit multi and continuous fraudulent acts without any means or justification to commit the crimes which both are responsible for committing and breaking the laws according to 111 ALR, Fed. 295 and 18 U.S.C.A § 1001 (2) (15) (34).

The Department of Justice (DEA) could have easily exempted itself from such fraudulent reporting by verifying any signatures of consenting to a crime or during any interrogation process as so fraudulent claimed by those who signed off on such fraudulent investigation they claim that was conducted but was never conducted according to standard policies and procedures when conducting a legitimate investigation.

The Plaintiff wishes to continue to add and use paragraph XXVII of the initial complaint. When considering a motion for summary judgment, it is known that the court must examine all evidence in the light most favorable to the plaintiff (nonmoving party). I (the plaintiff) would advised the defendants to consider case laws *Langley v. Adams County*, Colorado, 987 F.2d

1473, 1476 (10th Cir.1933). When a moving party (the defendants)

bears the burden of proof at trial is entitled to summary

judgment only when the evidence indicates that no genuine issue

of material fact exists. Fed.R.Civ.P.56(c); See case law:

*Anthony v. United States*, 987 F.2d 670,672 (10th Cir.1993). If

the moving party (the defendants) does not bear the burden of

proof at trial, it must show "that there is an absence of

evidence to support the nonmoving party's (the plaintiff) case"

In this case the nonmoving party (the plaintiff) has expressed

evidence by giving names, dates and key information that no one

knows but the defendants knows to support the plaintiff's claim;

therefore, case law to consider: *Celotex Corp. v. Catrett*, 477

U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds

no merit in this case matter. The Federal Insurance Company

under the defendant's Crime Insurance Policy, provided by the

defendants (hereinafter the "Federal Policy", and therefore it

is known that the defendants have sustained no loss in this

action, nor did the plaintiff cause any hurt or harm to the

defendants, the defendants caused this action or judgment upon

themselves(The Agency) *see* Fed. Rules Civ.Proc. Rule 17, 28 USCA

and complete understanding of Federal Regulation 111 ALR, Fed.

295 and 18 U.S.C.A § 1001 (2) (15) (34).

Sam L. Clemmons vs. U.S. DEPT OF JUSTICE (DEA) 950 Pennsylvania Ave, NW #
4706, Washington, DC 20530

End PLAINTIFF'S MOTION REQUESTS TO ENTER DISCOVERY IN SUPPORT OF ENTRY BY DEFAULT PERFORMED BY THE CLERK OF THE COURT. THE PLAINTIFF IS REQEUSTING THE COURT THROUGH ATTACHED COURT'S ORDER TO SUSTAIN SUCH ENTRY OF DEFAULT.

**Pursuant to 28 U.S.C. Sec. 1746, I declare under penalty of perjury, under the laws of the United States, that the foregoing statements and Exhibits are true and correct for the record, I signed these statements before a certified legal notary witnessing me (the Plaintiff) signing to make any but all statements as truthful, legal and binding under oath making this submission and others statements, responses or submission are sworn Affidavit under oath this date forth for the record.**

*They say in the end … Good will always triumph over Bad….*

Respectfully submitted,

Sam L. Clemmons, Plaintiff *Pro Se*
548 Saint Charles Place
Brookhaven, MS 39601

_____          _____
Notary Witness Signature          Date and Notary Seal

**Attachments:** Affidavit of Services (submitted to the court)
Summons in Civil Action (submitted to the court)
Copies of receipts showing cost and proof service

Sam L. Clemmons vs. U.S. DEPT OF JUSTICE (DEA) 950 Pennsylvania Ave, NW # 4706, Washington, DC 20530

1     End <u>PLAINTIFF'S MOTION REQUESTS TO ENTER DISCOVERY IN</u>

2  <u>SUPPORT OF ENTRY BY DEFAULT PERFORMED BY THE CLERK OF THE COURT.</u>

3  <u>THE PLAINTIFF IS REQEUSTING THE COURT THROUGH ATTACHED COURT'S</u>

4  <u>ORDER TO SUSTAIN SUCH ENTRY OF DEFAULT.</u>

5     **Pursuant to 28 U.S.C. Sec. 1746, I declare under penalty of**

6  **perjury, under the laws of the United States, that the foregoing**

7  **statements and Exhibits are true and correct for the record, I**

8  **signed these statements before a certified legal notary**

9  **witnessing me (the Plaintiff) signing to make any but all**

10  **statements as truthful, legal and binding under oath making this**

11  **submission and others statements, responses or submission are**

12  **sworn Affidavit under oath this date forth for the record.**

13

14     *They say in the end … Good will always triumph over Bad….*

15

16                 Respectfully submitted,

17

18                 Sam L. Clemmons, Plaintiff *Pro Se*
                 548 Saint Charles Place

19                 Brookhaven, MS 39601

20

21

22  Notary Witness Signature     Date and Notary Seal

23

24  **Attachments:** Affidavit of Services (submitted to the court)
              Summons in Civil Action (submitted to the court)

25              Copies of receipts showing cost and proof service

Sam L. Clemmons vs. U.S. DEPT OF JUSTICE (DEA) 950 Pennsylvania Ave, NW #
4706, Washington, DC 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAM L. CLEMMONS | ) | CIVIL ACTION NO: |
| | ) | |
| Plaintiff | ) | **1:06CV00305 (RCL)** |
| | ) | |
| vs. | ) | |
| DEPARTMENT OF JUSTICE (DEA), | ) | **August 23, 2006** |
| et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## **ORDER**

Upon consideration of the Plaintiff's Motion request for Summary Judgment by
Default after entering confirmed facts against the Defendant's Motion requests to remove
Default status. The Plaintiff has demonstrated good cause shown by means of Exhibits
and timely responses and proper service upon the Defendants.

The Plaintiff's Motions requests should be granted including the Plaintiff's
Motion Request to Subpoena Duces Tecum under *de novo* to bring this case matter before
the court to a close.

IT IS HEREBY ORDERED that any of the Defendants' Motion Requests to
dismiss will be DENIED. The Plaintiff's Motion Request to move forth for Summary
Judgment by default is GRANTED.

SO ORDERED this _____ day of_____ 2006

_____
United States District Court Judge

Copies to:

Sam L. Clemmons
548 Saint Charles PL
Brookhaven, MS 39601

Darrell C. Valdez
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW, Civil Division
Washington, DC 20530

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this <u>24th day of August 2006,</u> a true copy of the **PLAINTIFF'S MOTION REQUESTS TO ENTER DISCOVERY IN SUPPORT OF ENTRY BY DEFAULT PERFORMED BY THE CLERK OF THE COURT. THE PLAINTIFF IS REQEUSTING THE COURT THROUGH ATTACHED COURT'S ORDER TO SUSTAIN SUCH ENTRY BY DEFAULT** was served by Certified regular mail  and FedEx Express Service concerning case # <u>**1:06CV00305 (RCL)**</u> to the following:

To:  Defendant's Counsel

Darrell C. Valdez
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW, Civil Division
Washington, DC 20530

CERTIFIED MAIL: <u>**7006 0810 0002 9190 1132**</u>

And

FedEx Express Service Tracking #: <u>8553 1690 4874</u>

United States District Court for the District of Columbia
**Attn: Office of the Clerk &**
**Judge Royce C. Lamberth's Chambers**
333 Constitution Ave, NW
Room 1225
Washington, DC 20001

Sam L. Clemmons, Pro Se
548 Saint Charles Place
Brookhaven, MS 39601