## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAM CLEMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 06cv0305 (RCL) |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## FEDERAL DEFENDANTS' MOTION TO DISMISS

Federal Defendants United States of America, the United States Department of Justice and the Drug Enforcement Administration, by and through undersigned counsel, hereby move for dismissal of all claims pursuant to 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficiency of service of process, and failure to state a claim upon which relief can be granted. In support of this Motion, the Court is referred to the accompanying Memorandum of Points and Authorities attached hereto.

Plaintiff should take notice that any factual assertions contained in the attached Memorandum in Support of this Motion and supporting exhibits will be accepted by the Court as true unless the Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions therein.[1]  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992).

---

[1]    Exhibits are attached and relied upon for the limited purpose of allowing the Court to determine whether it has subject matter jurisdiction over certain claims. It is well-established that when a defendant challenges the substance of jurisdictional allegations, it may use extraneous evidence to test those allegations without converting the motion into one for summary judgment. See Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Bonterra America, Inc. v. Bestmann, 907 F. Supp. 4, 5 n.1 (D.D.C. 1995); Kuffel v. United States Bureau of Prisons, 882 F. Supp. 1116, 1120 (D.D.C. 1995); see also 11

Furthermore, should this Court treat Federal Defendants' Motion to Dismiss as a Motion for Summary Judgment because of the documents attached, the Federal Rules of Civil Procedure provide:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988) (*pro se* party may lose if he fails to respond to a dispositive motion); Local Rule 56.1 ("the court may assume that facts identified by the moving party in its statement of facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion").

August 30, 2006                                    Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530

---

Moore's Federal Practice, § 56.30[6] (Matthew Bender 3d ed.).

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAM CLEMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 06cv0305 (RCL) |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO DISMISS

In a confusing and rambling amended complaint filed August 1, 2006, Plaintiff Samuel

Clemmons "fully request[s] the complete record sought for complete review in this court of

law." Plaintiff further seeks $30 million in punitive damages "[i]f such information is not

provided to the court." See Plaintiff's Amended Complaint ("Amended Compl.") at ¶¶ XV,

XVI, XVIII.[1]

Plaintiff's disjointed Amended Complaint, liberally read, seems to allege that the Federal

Defendants violated the Freedom of Information Act ("FOIA") in withholding negative

information regarding Plaintiff's background, which information Defendant allegedly relied

upon in denying Plaintiff a job as a Drug Enforcement Administration ("DEA") agent. Adding

further complexity to his confusing pleading, Plaintiff makes reference to an allegation that

employees of the Drug Enforcement Administration committed fraud and other intentional torts

by relying upon false information when conducting a background check of Plaintiff during the

course of his application for a job as a DEA agent.

---

[1]    Plaintiff's Amended Complaint does not contain a short and plain statement of the
grounds upon which the court's jurisdiction rests as required by Fed. R. Civ. P. 8(a).

Plaintiff's complaint, as well as his concurrently-filed motion for summary judgment under Federal Civil Rule 56 should be dismissed because both pleadings are without factual or legal merit and because Plaintiff is procedurally barred from moving for summary judgment at this stage of the litigation. Fed. R. Civ. P. 56(a).[2/]

## **FACTUAL BACKGROUND**

On July 15, 2003, Plaintiff wrote a letter to Defendant DEA in which he made a FOIA request "for the release of information you have in my record concerning something may have

---

[2/]     As was demonstrated in the Federal Defendants' Opposition to Plaintiff's Motion for Default, Plaintiff failed to effectuate proper service of process. Specifically, Federal Civil Rule 4(c) requires that Plaintiff serve the summons together with "a copy of the complaint" upon the Defendant. Fed. R. Civ. P. 4(c)(1). Here, Plaintiff mailed a document by certified express mail to the United States Attorney's Office on June 29, 2006. However, the document sent to the United States Attorney's Office is not a copy of the complaint, but rather appears to be a copy of the *amended* complaint, which was only recently filed on August 1, 2006. Thus, Plaintiff did not serve a copy of the original complaint upon the United States Attorney.

In addition, the "complaint" was not addressed to the "civil process clerk" designated by the United States Attorney to receive service of process. See Return of Service upon the United States Attorney (Dkt. No. 10). See also Fed. R. Civ. P. 4(i)(1)(A) (service by mail must be addressed to, and may be made only upon the "civil process clerk at the office of the United States attorney"). Indeed, it appears that the amended complaint was received in the mail room of the United States Attorney's Office on Friday, June 30, 2006, and the return receipt was signed and returned by a mail room employee. See Return of Service upon the United States Attorney (Dkt. No. 10).

Where a Plaintiff bringing suit against the United States, an agency of the United States, or an individual United States employee arguably acting in his official capacity, fails to properly serve the United States in accordance with Rule 4(i), the Court may dismiss the action. See Light v. Wolf, 816 F.2d 746, 749-51 (D.C. Cir. 1987) (dismissing a complaint for failure to properly serve under old Federal Civil Rule 4(d), now Rule 4(i)). Even though he is proceeding *pro se*, Plaintiff is not exempted from compliance with the requirements of Federal Civil Rule 4(i), which "were specifically meant to provide a uniform and comprehensive method of service for all actions against the United States or an officer or agency thereof." Hodge v. Rostker, 501 F. Supp. 332, 333 (D.D.C. 1980) (holding that Federal Defendants are specifically exempted from liberalization of procedure for service of process under Rule 4).

The Court, however, need not reach this issue, because the Plaintiff's Amended Complaint is properly dismissed with prejudice. See discussion *infra*.

2

surfaced in my background investigation in relation to my employment history, financial responsibility, and personal conduct." Ex.1. On October 23, 2003, the Chief of the FOI/Records Management Unit of the DEA wrote to Plaintiff requesting that Plaintiff fill out and return the appropriate Privacy Act releases to allow disclosure of his personnel records. Ex. 2. Plaintiff signed and returned the releases, see Ex. 3, and on December 17, 2003, the Chief of the FOI/Records Management unit sent Plaintiff another letter advising him that his FOIA request had been placed on a list of requests awaiting processing, and would be answered in the order it had been received. Ex. 4.

On February 20, 2004, the DEA processed Plaintiff's FOIA request, and released eighty-eight pages and withheld four. See Ex. 5. Defendant's letter explained the basis of the withholdings to be FOIA Exemptions (b)(2), (b)(6), and (b)(7)(C), and Privacy Act section (j)(2). Id. Defendant further stated that it had referred eighty-four pages to other governmental agencies because the information contained in those pages was furnished by the other agencies. Id. The letter also stated:

> If you wish to appeal any denial of your request, you may do so within sixty (60) days pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked FOIA appeal:
>
> Co-Director
> Office of Information and Privacy
> FLAG Building, Suite 570
> Washington, DC  20530

Id. Rather than file an appeal as directed, Plaintiff sent a letter to the Chief of the FOI/Records Management Unit of the DEA on June 10, 2004 – nearly four months after the DEA responded to his FOIA request – in which Plaintiff stated:

> I am submitting this request or appeal to the Department of Justice / Drug Enforcement Administration practices in not bring me on board when was given a conditional offer of employment pending background investigation. . . . I would

3

> greatly appreciate if you can release all information concerning interviews, and other background information you may have found that is not true, accurate or correct. Please release all detail information that your panel eyes of three agents saw upon making their decision against me.

Ex. 6. At the same time, Plaintiff sent a second letter to the "Director of Drug Administration," requesting his assistance in obtaining a response to Plaintiff's FOIA request. See Ex. 7.

On March 9, 2005, Plaintiff sent another letter to the "Director of Department of Justice (DEA)," stating in part:

> I am once again contacting and submitting this special request to you and your staff to review such attached documentation, and honor my request to forward my complete file over to my Senator Trent Lott's Office. I have placed this request through your office on several occasions as you can see by my pervious [sic] communication but nothing was honored and granted to me. I am seeking the complete background investigation in relation to Special Agent Gary W. Hart's comments or remarks according to the freedom of information act and whatever was found in your discovery into my background investigation that was not correct. . . . All I am doing here is seeking answers to what could have fraudulently surfaced to allow your staff to take such wrongful actions and to send such letter stating such.

Ex. 8. On July 8, 2005, Plaintiff followed up this request with a letter to the Chief of the FOI/Records Management Unit of the DEA, again requesting the release of information relating to Plaintiff's background investigation according to FOIA. See Ex. 9.

On January 5, 2006, the DEA amended its February 20, 2004 response to Plaintiff's FOIA request, releasing Plaintiff's three-page Psychological Evaluation in addition to materials previously released. See Ex. 10. Again, Plaintiff was advised of his right to appeal the agency's response to his FOIA request to the Office of Information and Privacy ("OIP") of the DOJ. Id.

At no time has Plaintiff filed an appeal with the OIP. See Declaration of Priscilla A. Jones, attached as Ex. 11. Rather, Plaintiff filed this action on February 15, 2006.

**ARGUMENT**

**I.    STANDARD OF REVIEW.**

In making determinations on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the

Court must view facts alleged in the complaint in the light most favorable to the plaintiff.

Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Nix v. Hoke, 139 F. Supp. 2d 125, 131 (D.D.C.

April 2001) (*citing* Weyrich v. The New Republic, Inc., 235 F.3d 617, 623 (D.C. Cir. 2001)); see

also Slaby v. Fairbridge, 3 F. Supp. 2d 22, 27 (D.D.C. 1998) (stating that the Court must view

alleged facts in the light most favorable to the Plaintiff when determining a motion to dismiss

under Federal Civil Rule 12(b)(6)).[2] In other words, the plaintiff's complaint must be "liberally

construed," and all inferences that can be derived from the facts as they are alleged must be

granted in favor of the plaintiff. Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979); In

re United Mine Workers of Am. Employee Benefit Plans Litig., 854 F.Supp. 914, 915 (D.D.C.

1994). It is particularly true that a complaint must be liberally construed when the plaintiff

---

[2]    Under the Rule 8(a), a pleading must set forth "a short and plain statement of the claim
showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); see also Dura
Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 346 (2005) ("The 'short and plain statement'
must provide the defendants with 'fair notice of what the plaintiff's claim is and the grounds
upon which it rests.'") (*quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957)). Even within the
liberal *pro se* context, Plaintiff must still comply with the basic requirements of the Federal
Rules of Civil Procedure. Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987) (*citing* Haines v.
Kerner, 404 U.S. 519, 596 (1972)); see also Brown v. Califano, 75 F.R.D. 497, 498 ("The
purpose of the rule is to give fair notice of the claim being asserted so as to permit the adverse
party the opportunity to file a responsive answer, [and] prepare an adequate defense"). Where a
complainant fails to meet the requirements of Rule 8(a), the Amended Complaint may be
properly dismissed for wholly failing to state a cause of action. Tripati v. Williams, 759 F.
Supp. 3, 4 (D.D.C. 1990) ("[E]ven a pro se complainant is subject to dismissal if the pleading
fails reasonably to inform the adverse party of the asserted cause of action.") (*quoting* Brown, 75
F.R.D. at 498). In any event, because dismissal would otherwise be appropriate on the merits
under Rules 12(b)(1) and 12(b)(6), the Court need not address Plaintiff's failure to meet the
minimum procedural standards of pleading under Rule 8(a).

proceeds *pro se*. See Razzoli v. Fed. Bureau of Prisons, 230 F.3d 371, 374 (D.C. Cir. 2000). However, while it is necessary for the Court to construe the Amended Complaint in Plaintiff's favor, the Court "need not accept inferences drawn by the plaintiff[ ] if such inferences are not supported by the facts set out in the complaint." Kowal v. MCI Communications, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Furthermore, the Court is not required to accept plaintiff's legal conclusions. See Taylor v. FDIC, 132 F.3d 753, 762 (D.C. Cir. 1997). Even when proceeding *pro se*, a plaintiff still must give "defendant fair notice of the plaintiff's claim and the grounds upon which it rests." Ali v. District of Columbia, 278 F.3d 1, 8 (D.C. Cir. 2002). A complaint should be dismissed if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 46.

In making determinations on a motion to dismiss under Fed. R. Civ. P. 12(b)(1), Plaintiff clearly bears the burden of establishing subject matter jurisdiction, Miller v. United States, 710 F.2d 656, 662 (10th Cir.), cert. denied, 464 U.S. 939 (1983); Baird v. United States, 653 F.2d 437, 440 (10th Cir. 1981), cert. denied, 454 U.S. 1144 (1982), as well as the burden of establishing personal jurisdiction over the individually named Defendants. Dickson v. United States, 831 F. Supp. 893, 896-897 (D.D.C. 1993), aff'd 48 F.3d 562 (D.C. Cir. 1995). Requests for dismissal for lack of subject matter jurisdiction pursuant to 12(b)(1) require a similar standard of review as those for failure to state a claim. A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. Herbert, 974 F.2d at 197. Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting

evidence.  See id.[4/]

Applying these standards here demonstrates that Plaintiff's Amended Complaint should be dismissed in its entirety.  Plaintiff fails to establish a right to relief even when the facts as he alleges them are accepted as true.[5/]  Accordingly, Plaintiff's Amended Complaint should be dismissed.

## II.    PLAINTIFF'S FOIA CLAIMS ARE BARRED.

### A.    Individuals Are Not Proper Party Defendants in FOIA Litigation.

In this purported FOIA lawsuit, Plaintiff names as defendants individual federal employees.[6/]  Even if Plaintiff's FOIA cause of action could survive a motion to dismiss for failure to exhaust administrative remedies, because a FOIA action may be brought only against

---

[4/]    It is well-established that when a defendant challenges the substance of jurisdictional allegations, it may use extraneous evidence to test those allegations without converting the motion into one for summary judgment.  See Land v. Dollar, 330 U.S. 731, 735 n.4 (1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Bonterra America, Inc. v. Bestmann, 907 F. Supp. 4, 5 n.1 (D.D.C. 1995); Kuffel v. U.S. Bureau of Prisons, 882 F. Supp. 1116, 1120 (D.D.C. 1995); see also 11 Moore's Federal Practice, § 56.30[6] (Matthew Bender 3d ed.).

[5/]    Defendant, of course, does not concede that the factual allegations in the Amended Complaint are true and in fact would dispute many of them if this matter could survive.

[6/]    The caption of the Amended Complaint names the Department of Justice, the Drug Enforcement Administration, Special Agent Eldred Earls, and Special Agent Gary W. Hart as defendants.  (There is not now nor has there ever been any Special Agent named Gary W. Hart at the DEA.  Plaintiff may be referring to now retired Special Agent Gary W. Hartman.  See Dkt. Entry [#14] at Attachment 1, Westfall Certification)  The first paragraph of the Amended Complaint, however, states that it is being filed against the DEA and "six federal employees."  The body of the Amended Complaint mentions four other DEA employees: Patricia A. Murphy, Amended Compl. at ¶ III, C.J. Kasch, Amended Compl. at ¶ VI, Nancy A. Lane, Amended Compl. at ¶ VII, and Katherine L. Myrick, Amended Compl. at ¶ X.  Even if Plaintiff could sue individual government employees under the FOIA, which he cannot, he would still be required to serve process upon the individual employees, whether he was suing them in their official capacity, Fed. R. Civ. P. 4(i)(2)(A), or in their individual capacities, Fed. R. Civ. P. 4(i)(2)(B). To date, neither of the individuals were served with a copy of the Amended Complaint.

7

an "agency," this lawsuit should be dismissed as against the individual Defendants. The FOIA

grants district courts jurisdiction to enjoin an agency from improperly withholding agency

records. 5 U.S.C. § 552(a)(4)(B). The term "agency," for purposes of the statute, is defined as:

> Any Executive department, military department, Government corporation,
> Government-controlled corporation, or other establishment in the executive
> branch of the government . . . or any independent regulatory agency.

5 U.S.C. § 552(f). The term "Executive department" is further defined in Title 5 as a cabinet-

level agency. 5 U.S.C. § 105. DOJ is included in the list of cabinet-level agencies that fall under

the definition of "Executive department." Id. Therefore, DOJ is the proper defendant to a FOIA

action seeking records held by the DEA.

Moreover, the Court lacks subject-matter jurisdiction to enforce the FOIA against

individuals. Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006); Stone v. FBI,

816 F. Supp. 782, 785 (D.D.C. 1993); Whittle v. Moschella, 756 F. Supp. 589, 596 (D.D.C.

1991); Sherwood Van Lines v. Dep't of the Navy, 732 F. Supp. 240, 241 (D.D.C. 1990).

Consistent with these decisions, to the extent that Plaintiff is naming any individual as a

Defendant to his FOIA claim, Plaintiff fails to state a claim within the jurisdiction of this Court,

and dismissal is proper pursuant to Rule 12(b)(1).

**B.    Plaintiff Failed to Exhaust His Administrative Remedies under the FOIA.**

Because "exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit

under FOIA . . . a requester under FOIA must file an administrative appeal within the time limit

specified in an agency's FOIA regulations or face dismissal of any lawsuit complaining about the

agency's response." Wilbur v. C.I.A., 355 F.3d 675, 676 (D.C. Cir. 2004). It is axiomatic that

"exhaustion of such [administrative] remedies is required under the Freedom of Information Act

before a party can seek judicial review.'" Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 61-

62 (D.C. Cir. 1990); <u>Am. Fed'n of Gov't Employees v. Dep't of Commerce</u>, 907 F.2d 203, 209

(D.C.Cir.1990); <u>Stebbins v. Nationwide Mut. Ins. Co.</u>, 757 F.2d 364, 366 (D.C. Cir. 1985).

Thus, a FOIA requester must follow the agency's published regulations governing FOIA

requests. <u>See</u> 5 U.S.C. § 552(a)(3). If a requester fails "to follow the procedures set forth in the

[agency] regulations, [he] has failed to make a proper request under the FOIA and therefore has

failed to exhaust [his] administrative remedies." <u>Kessler v. United States</u>, 899 F. Supp. 644, 645

(D.D.C. 1995). Furthermore, exhaustion of administrative remedies is required before seeking

judicial review, "so that the agency has an opportunity to exercise its discretion and expertise on

the matter and to make a factual record to support its decision." <u>Oglesby</u>, 920 F.2d at 61. <u>See</u>

<u>also</u> <u>Hidalgo v. F.B.I.</u>, 344 F.3d 1256, 1259 (D.C. Cir. 2003) (the FOIA's administrative scheme

"favors treating failure to exhaust as a bar to judicial review"). When a Plaintiff has failed to

exhaust administrative remedies prior to filing suit, dismissal under Rule 12(b)(6) is proper. <u>See</u>

<u>Id</u>. at 1258-59 (dismissing plaintiff's complaint for failure to exhaust under Rule 12(b)(6) and

not under Rule 12(b)(1), because exhaustion is "precedential" and not "jurisdictional").

     Here, Department of Justice regulations specifically provide that a plaintiff must file an

appeal with the OIP within 60 days of an adverse determination by the DEA. <u>See</u> 28

C.F.R.§16.9(a). Moreover, the regulations specifically bar any civil action to review the

agency's decision until after the administrative appeal is filed and determined. 28

C.F.R.§16.9(c). In this case, Plaintiff was twice advised of the procedural requirement to file an

appeal with the OIP within 60 days of the agency's response to Plaintiff's FOIA request. <u>See</u>

Letter from DEA to Sam Clemmons, dated February 20, 2004, attached as Ex. 5, <u>and</u> Letter from

9

DEA to Sam Clemmons, dated January 5, 2006, attached as Ex. 10.[2/] Rather than file an OIP

appeal of the DEA's response to his FOIA request, Plaintiff sent a letter purporting to be a

"request or appeal to the Department of Justice/Drug Enforcement Administration" to the Chief

of the FOI/Records Management Unit of the DEA, as well as a second letter, purporting to be a

"special request," and addressed to the "Director of Drug Administration." See Letters from

Sam Clemmons to DEA, dated June 10, 2004, attached as Exs. 6 and 7; Declaration of Priscilla

A. Jones, attached as Ex. 11. Neither letter was sent by Plaintiff within the 60 day time limit.

See Exs. 6, 7, and 8.

Even after Defendant amended its response and again specifically directed Plaintiff to the

procedure for filing an appeal with the OIP, Plaintiff, again, failed to timely file any such appeal.

See Letter from DEA to Sam Clemmons, dated January 5, 2006, attached as Ex. 10; Declaration

---

[2/]      Defendant more than adequately notified Plaintiff of his right to administratively appeal
any adverse decision by the DEA. In responding to a FOIA request, an agency is required to
provide requesters with information about any adverse decisions. 5 U.S.C. § 552(a)(6)(F); 28
C.F.R. § 16.6 (2004). *Inter alia*, when the agency withholds requested materials, the agency
must inform the plaintiff of his right to administrative appeal. See Oglesby, 920 F.2d at 67;
Nurse v. Sec'y of the Air Force, 231 F. Supp. 2d 323, 328 (*citing* Hudgins v. IRS, 620 F. Supp.
19, 21 (D.D.C. 1985), aff'd 808 F.2d 137 (D.C. Cir. 1987)). However, there are no "magic
words" required to notify the requester of his right to administrative appeal. Kay v. FCC, 884 F.
Supp. 1, 2-3 (D.D.C. 1995). The Kay Court found that an agency

> response letter [that] gave the Plaintiff notice of his right to secure further agency
> review of the adverse determination, of the manner in which he could exercise
> that right, of the time limits for filing such a request, and of the regulatory
> provisions containing general procedures pertaining to review     applications. . . .
> more than adequately fulfilled the purposes behind the notice provision and
> exhaustion requirement.

Id. Defendant's February 20, 2004 letter to Plaintiff notified Plaintiff of his right of appeal, the
manner in which he could exercise that right, the time limits for doing so, and the regulations
pertaining to his right of appeal. See Letter from DEA to Sam Clemmons, dated February 20,
2004, attached as Ex. 5. Accordingly, Defendant's letter "more than adequately" discharged
Defendant's duty to notify Plaintiff of the administrative remedies necessary prior to filing this
lawsuit. See id.

of Priscilla A. Jones, attached as Ex. 11. Because Plaintiff's renewed "request or appeal" was not filed with the OIP in the manner specified by the published regulations of the DOJ, nor was it filed within 60 day time period specified by 28 C.F.R. § 16.9, Plaintiff failed to exhaust his administrative remedies.

Nor can Plaintiff's action create a "constructive exhaustion" of his administrative remedies, thereby permitting direct judicial review of the DEA's response. In order to claim "constructive exhaustion," Plaintiff must show (1) that the agency failed to respond to the FOIA request within the 20 day time period mandated by 5 U.S.C. § 552(a)(6)(A)(i), see Judicial Watch v. U.S. Nat'l Observatory, 160 F. Supp. 2d 111, 113 (D.D.C. 2001) (stating in dictum the principle of "constructive exhaustion"); and (2) that he administratively appealed the agency's failure to respond to his request – and thereby exhausted the administrative appeals process – before filing a lawsuit. See Oglesby, 920 F.2d at 61-65. In "constructive exhaustion" cases, the court reviews only the agency's failure to respond, and not the legal substance of a withholding under an appropriate FOIA exception. See id.; accord Hidalgo, 344 F.3d at 1259-60 (holding that dismissal under Rule 12(b)(6) was proper where plaintiff's complaint raised substantive issues not yet determined by the FBI, and an OIP appeal merely dealt with the issue of the FBI's failure to timely respond to plaintiff's request). Indeed, an agency's failure to comply with the statutory deadline of 20 days neither empowers nor requires the Court to ignore statutory exemptions and compel the agency to produce withheld documents. Judicial Watch v. U.S. Postal Serv., 297 F. Supp. 2d 252, 270 (D.D.C. 2004). Moreover, a requestor's right to immediate judicial review of an agency's failure to timely respond to a FOIA request lapses if the agency responds at any time before the FOIA lawsuit is filed. See Judicial Watch v. Rossotti, 285 F. Supp. 2d 17, 26 (D.D.C. 2003) (holding that a late response "render[s] moot the

11

issue of the Government's timeliness"); Judicial Watch v. FBI, 190 F. Supp. 2d at 33.

Applying these principles in this case, Plaintiff cannot assert any "constructive exhaustion" where Defendant responded to Plaintiff's FOIA request, see Exs. 5 and 10, and Plaintiff never appealed to the OIP. See Ex. 11. Accordingly, there is no factual or legal basis to support a "constructive exhaustion" argument, and Plaintiff's Amended Complaint must be dismissed.

### C.      Monetary Damages Are Not Recoverable Under the FOIA.

Plaintiff's Amended Complaint seeks $30 million in damages. Even if Plaintiff's FOIA cause of action could survive dismissal for failure to exhaust administrative remedies, the FOIA does not provide for the recovery of damages. The sole remedy under the FOIA is an injunction enjoining an agency from withholding requested information. 5 U.S.C. § (a)(4)(B); see also Johnson v. Executive Office of the United States Attorneys, 310 F.3d 771, 777 (D.C.Cir.2002) (upholding lower court dismissal, affirming that the FOIA "provides requesters with the potential for injunctive relief only"). Indeed, under the FOIA, a plaintiff proceeding *pro se* is not even entitled to an award of attorneys' fees. Benavides v. Bureau of Prisons, 993 F.2d 257, 259-60 (D.C. Cir. 1993). Therefore, the Court lacks subject-matter jurisdiction under FOIA to award $30 million in damages to Plaintiff, and dismissal is proper. See Kuffel, 862 F. Supp. at 1120, 1127 (cited *supra*, note 4).

### III.    PLAINTIFF'S ALLEGED TORT CLAIMS MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

Plaintiff appears to allege tort claims, including: "slander," Amended Compl. ¶¶ VII, VIII, XVIII, "misuse or abuse of the plaintiff's information," Amended Compl. ¶ VIII, "wrongful information to mislead and ruin the plaintiff's career." Amended Compl. ¶ XIX, and

"identity theft, identify [sic] fraud, theft by deception, and deformation [sic] of character,"
Amended Compl. ¶ XX. To the extent that Plaintiff's confusing accusations constitute causes of
action sounding in tort, such causes of action must be dismissed for lack of subject matter
jurisdiction under Fed. R. Civ. P. 12(b)(1). The United States has not waived sovereign
immunity for such tort causes of action, and to the extent any of Plaintiff's claims are cognizable
under the Federal Tort Claims Act ("FTCA"), Plaintiff has failed to exhaust his administrative
remedies.

### A.     The Sole Defendant to an FTCA Claim is the United States.

The Plaintiff bears the burden of proving subject-matter jurisdiction of this Court.
McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936); Dist. Of Columbia Ret.
Bd. v. United States, 657 F. Supp. 428 431 (D.D.C. 1987). It is a bedrock requirement of
subject-matter jurisdiction that the United States, as sovereign, is immune from suit except as it
consents to be sued, and the terms of its consent to be sued define a court's jurisdiction to
entertain suit. See United States v. Mitchell, 445 U.S. 535, 538 (1980); United Stated v.
Sherwood, 312 U.S. 584, 586 (1941). In the context of tort claims against the United States, the
FTCA represents a limited waiver of sovereign immunity. 28 U.S.C. §§ 1346(b) and 2671-80.
For a plaintiff suing a federal agency or employee acting within the scope of his official duty, the
sole available remedy is to pursue an action against the United States under the FTCA. Bancoult
v. McNamara, 370 F. Supp. 2d 1, 10 (D.D.C. 2004).

Plaintiff has named the DOJ, the DEA, and various individual federal employees as
Defendants in his Amended Complaint. Plaintiff's alleged tort claims are improper because the
United States is the only proper defendant to a suit under the Federal Tort Claims Act. See 28
U.S.C. § 2679(a); see also Cox v. Sec'y of Labor, 739 F. Supp. 28, 29 (D.D.C. 1990) (dismissing

an FTCA suit against the Secretary of Labor for lack of subject-matter jurisdiction because only the United States is a proper defendant to such suits); Hagmeyer v. Dep't of Treasury, 647 F. Supp. 1300, 1304-05 (D.D.C. 1986) (same regarding an FTCA claim against the Department of Treasury).  Federal Defendants have filed a Motion to Substitute the United States as the Proper Defendant and a supporting Certificate by the Attorney General that the individual defendant employees were acting within the scope of their office or employment. See Dkt. No. 14.

### B.     Plaintiff's Tort Claims Are Barred by the FTCA.

The United States' waiver of sovereign immunity under the FTCA is subject to certain exemptions, one of which is applicable here:  The United States may not be sued for "libel, slander, misrepresentation, deceit . . . ." 28 U.S.C. § 2680(h); see also Council on American Islamic Relations v. Ballenger, 444 F.3d 659, 666 (D.C. Cir. 2006); Art Metal-U.S.A. v. United States, 753 F.2d 1151, 1154 n.3, 1156 n.8 (D.C. Cir. 1985); Benvenuti v. Dep't of Defense, 587 F. Supp. 348, 352 (D.D.C. 1984).  Defamation is encompassed in this exception. See Hosey v. Jacobik, 966 F. Supp. 12, 15 (D.D.C. 1997) (defamation is "simply a broader term for slander and libel," and accordingly, is a type of claim for which the United States may not be sued). Thus, plaintiff's allegations of "deformation [sic] of character" and slander must be dismissed because there has been no waiver of sovereign immunity.

With respect to Plaintiff's allegations of "misuse or abuse of the plaintiff's information," "wrongful information to mislead and ruin the plaintiff's career," "identity theft, identify [sic] fraud, theft by deception, and deformation [sic] of character," such claims are claims for deceitful conduct, and are also barred.[8]  Even if Plaintiff had properly named the United States

---

[8]     These claims are more difficult to address because they lack clarity.  It is unclear from

(continued...)

14

as Defendant for these claims, the FTCA does not afford a waiver of sovereign immunity for "any claim arising out of . . . deceit." 28 U.S.C. § 2680(h). Accordingly, to the extent that Plaintiff raises tort claims that are not defamation claims, these tort claims are arise out of alleged deceit by Defendant, and are also barred. 28 U.S.C. § 2680(h).

**C.    Plaintiff Failed to Exhaust His Administrative Remedies Under the FTCA.**

To the extent Plaintiff raises any tort claims for which the government has waived sovereign immunity under the FTCA, Plaintiff has failed to exhaust his administrative remedies, and the Court still lacks jurisdiction to entertain Plaintiff's suit. Federal law prohibits FTCA actions from proceeding unless the plaintiff has presented an administrative tort claim. 28 U.S.C. § 2675(a). Under the FTCA, a plaintiff is required, prior to the institution of suit, to present an administrative claim to the appropriate Federal agency, and the agency must "finally deny" the claim in writing. Id. Thus, the presentation of an administrative tort claim complying with Section 2675 and relevant FTCA regaulations is a non-waivable jurisdictional requirement.

---

[g]/(...continued)
the face of the *pro se* Amended Complaint whether the "misuse or abuse of the plaintiff's information," "wrongful information to mislead and ruin the plaintiff's career," "identity theft, identify [sic] fraud, theft by deception, and deformation [sic] of character" claims relate to the defamation or slander claims, or attempt to allege separate causes of action. Certainly such acts as identity theft and identity fraud may qualify as criminal conduct. Indeed, Plaintiff seems to rely on Utah criminal code and case law to support his identity theft, identity fraud, theft by deception, and defamation claims. See Amended Compl. at ¶ XX. However, such criminal conduct is squarely outside the realm of this Civil Court. See Cort v. Ash, 422 U.S. 66, 79-80 (holding that a "bare criminal statute," without more, does not create a private cause of action). Liberally construing *pro se* Plaintiff's attempt at pleading, however, these allegations are essentially the same as the defamation claim, since they all arise from the single act of uncovering "issues" with respect to Plaintiff's background during the course of a background investigation. Accord Shekoyan v. Sibley Int'l, 409 F.3d 414, 419 (D.C. Cir. 2005) (stating equivalence between "transaction" and "claim" when holding that claims are identical for purposes of pendant jurisdiction when they "derive[ ] from the same common nucleus of operative fact").

<u>McNeil v. United States</u>, 508 U.S. 106, 110-13 (1993).

In the present matter, Plaintiff did not submit an administrative claim to the DEA or the DOJ for the incidents alleged by him to be violations of the FTCA, as was required by published agency regulations. <u>See</u> Declaration of Bettie E. Goldman, attached as Exhibit 12. <u>See also</u> 28 C.F.R. § 14.2(a) (requiring FTCA plaintiffs to first file with the agency a timely Standard Form 95 stating their claim); 28 C.F.R. § 14.2(b)(1) (requiring plaintiffs to submit FTCA claims to the agencies whose actions gave rise to the claim). Thus, the Court lacks subject-matter jurisdiction, and Plaintiff's Amended Complaint must be dismissed.

**D.    <u>Venue Is Improper in the District of Columbia.</u>**

Even if Plaintiff's FTCA claims were properly exhausted, Plaintiff's claims must still be dismissed pursuant to Rule 12(b)(3) for improper venue. Under 28 U.S.C. § 1402(b), venue for any FTCA claim lies only in the judicial district where the plaintiff resides or where the cause of action arose. <u>See</u> 28 U.S.C. § 1402(b); <u>Zakiya v. U.S.</u>, 2003 WL 21403767 at p. 4 (D.D.C.) ("Because none of the operative events that constitute the *gravamen* of plaintiff's claims took place in the District of Columbia, the Court concludes that venue in this district is improper."); <u>Bryant v. Carlson</u>, 652 F. Supp. 1286, 1287 (D.D.C. 1987); <u>Bartel v. F.A.A.</u>, 617 F. Supp. 190, 198 (D.D.C. 1985). A tort claim arises under the FTCA at the place where the negligent acts occurred. <u>Beattie v. United States</u>, 592 F. Supp. 780, 784 (D.D.C. 1984).

Plaintiff, as well as all individual defendants, reside at all relevant times outside of the District of Columbia. None of the acts complained of occurred within the District. Plaintiff nonetheless filed this action in the United States District Court for the District of Columbia. "Courts in this circuit must examine the challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of

16

Columbia." <u>Cameron</u>, 983 F.2d at 256.  Because venue is improper, the Court should dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(3).<u>9/</u>

## IV.    **PLAINTIFF'S PRIVACY ACT CLAIMS ARE BARRED.**

Plaintiff's Amended Complaint also purports to be brought under the Privacy Act.  <u>See</u> Amended Compl. at 1.<u>10/</u>  The Privacy Act of 1974 is a limited waiver of sovereign immunity and a grant of jurisdiction to the district courts.  5 U.S.C. § 552a(g)(1)(D).  However, it does not appear to Defendant that Plaintiff has made any specific Privacy Act claim anywhere in his Amended Complaint.  Although the Amended Complaint purports to state a "violation of the United States Title Code [sic], Title 5, USC, Section 552a, Exemption (j)(2) pf the Privacy Act," Amended Compl. at 1, this language alone does not state a Privacy Act claim even under the liberal pleading standard for *pro se* complaints, since it did not give the defendants notice of the grounds for the claim as required under Fed. R. Civ. P. 8(a).  <u>See also</u> <u>Conley</u>, 355 U.S. at 47; <u>Dura</u>, 544 U.S. at 346.  Accordingly, Plaintiff's Amended Complaint should be dismissed.  <u>See</u> <u>Tripati</u>, 759 F. Supp. at 4.

Alternatively, even if Plaintiff's Amended Complaint did meet the dictates of Fed. R.

---

<u>9/</u>    Although the Court may, in its discretion, transfer the matter to the proper venue, the Court of Appeals has directed that District Courts should first dismiss the matters where the outcome is not in doubt and transferring to the proper venue would only postpone the inevitable. <u>Simpkins v. District of Columbia</u>, 108 F.3d 366, 370 (D.C. Cir. 1997) (*citing* <u>Siegert v. Gilley</u>, 500 U.S. 226, 232 (1991)).  Here, all of Plaintiff's claims are without jurisdictional or legal basis, and the matter should be dismissed.

<u>10/</u>    The Amended Complaint cites 5 U.S.C. § 552a(j)(2), a provision which provides agency authority to exempt law enforcement systems of records from specified Privacy Act requirements.  The DOJ regulations implementing 5 U.S.C. § 552a(j)(2) with respect to the DEA have exempted various criminal investigative files from the accounting, access and amendment requirements of the Privacy Act.  <u>See</u> 28 C.F.R. § 16.98(c).  With respect to such investigative files, the implementing regulations have also exempted the DEA from the Civil Remedies provision of the Privacy Act, 5 U.S.C. 552a(g).  <u>See</u> <u>id</u>.

Civ. P. 8(a), and could be construed to state a Privacy Act claim, Plaintiff's Privacy Act claim should still be dismissed for failure to state a claim upon which relief can be granted. To the extent that any of Plaintiff's self-described FOIA claims may be liberally construed as access claims under the Privacy Act, see Amended Compl. at ¶¶ V, X, XII, XIII (complaining of Defendant's failure to release documents relating to Plaintiff's employment history, financial responsibility, and personal conduct), or amendment claims under the Privacy Act, see Amended Compl. at ¶ XVI ("requesting to compel and remove the entire plaintiff's personal information from such agency databases."), Plaintiff has failed to exhaust his administrative remedies. Just as under the FOIA, requesters of amendment and access remedies under the Privacy Act must administratively appeal adverse determinations by an agency if published agency regulations so require. See 5 U.S.C. 552a(f)(4); see also Haase v. Sessions, 893 F.2d 370, 373 (D.C. Cir. 1990); Hill v. U.S. Air Force, 795 F.2d 1067, 1069 (D.C. Cir. 1986).[11] Adverse Privacy Act determinations by the DEA must be appealed to the OIP within 60 days. 28 C.F.R. 16.45(a) (implementing 5 U.S.C. § 552a(f)(4) by regulation stating procedures for appeal of adverse Privacy Act determinations by a component of the DOJ).

    Moreover, even if an accuracy claim or other claim for damages under the Privacy Act could be ascertained anywhere in Plaintiff's Amended Complaint, Plaintiff's claim still must fail because Plaintiff has failed to allege sufficient facts to support a claim that Defendant intentionally or willfully failed to maintain accurate records or otherwise comply with the provisions of the Privacy Act. See 5 U.S.C. §§ 552(a)(g)(1)(C), 552(a)(g)(1)(D). The

---

[11]     Plaintiff cannot assert "constructive exhaustion" under the Privacy Act, because no such exception to the statutory exhaustion requirement exists under that statute. See Pollack v. U.S. Dep't of Justice, 49 F.3d 115, 116 n.1 (4th Cir. 1995); see also Makuch v. Fed. Bureau of Investigation, 2000 U.S. Dist. LEXIS 9486, *13-14 (D.D.C. Jan. 5, 2000).

18

requirement of intent or willfulness for damage claims under the Privacy Act is a standard "somewhat greater than gross negligence." Hill, 795 F.2d at 1070. The requirement is a formidable barrier for plaintiffs. See Deters v. U.S. Parole Comm'n, 85 F.3d 655, 660 (D.C. Cir. 1996) (holding that willfulness has not been shown where defendant did not exhibit "flagrant[ ] disregard" for plaintiff's privacy, and where plaintiff's behavior was not "patently egregious or unlawful."); Laningham v. U.S. Navy, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987) (finding that, in order to meet the willfulness requirement, "the violation must be so 'patently egregious and unlawful' that anyone undertaking the conduct should have known it 'unlawful.'") (quoting Wisdom v. Dep't of Housing and Urban Development, 713 F.2d 422, 425 (8th Cir. 1983), cert. denied, 465 U.S. 1021, (1984)). To prevail in employment and personnel contexts, Privacy Act plaintiffs have had to affirmatively show more than mere mistake or inaccuracy of records maintained by federal agencies. See, e.g., Reuber v. United States, 829 F.2d 133, 144 (D.C. Cir. 1987) (finding that agencies' maintenance of inaccurate letter of reprimand to plaintiff was not actionable under the Privacy Act in the absence of "evidence tending to show that the agencies' maintenance of the letter was anything other than a good-faith effort to preserve an unsolicited and possibly useful piece of information"); Pontecorvo v. FBI, No. 00-1511, slip. op. at 4, 10-15 (D.D.C. March 5, 2004) (finding no actionable Privacy Act violation when FBI disclosed derogatory information about plaintiff during a background check in relation to plaintiff's application for employment, because evidence did not show the FBI's disclosure was willful, even when disclosure of information was not the FBI's only or even preferred method of conducting a background check).

In this case, Plaintiff has nakedly asserted that Defendant, a federal law enforcement agency, "intentionally, wrongfully, willfully, deliberately, maliciously, gave the plaintiff

19

wrongful information to mislead and ruin the plaintiff's career [sic]," Amended Compl. at ¶

XIX, when Defendant performed a routine background check on Plaintiff in connection with his

job application. Plaintiff offers no colorable facts or evidence of Defendant's willful or

intentional violation of Plaintiff's privacy. See generally Amended Compl. Rather, Plaintiff

asserts that Defendant's failure to produce additional documents in response to Plaintiff's

misfiled FOIA "request or appeal," following Plaintiff's submission money orders in the amount

of $50 for processing fees, "[s]hows signs of suspicious [sic] and fraud on behalf of the

defendants." Amended Compl. at ¶ XIII. Plaintiff's bald legal conclusion simply does not carry

Plaintiff's burden of showing Defendant's willfulness.[12] Notably, the Court is not required to

accept plaintiff's legal conclusions. See Taylor, 132 F.3d at 762.

For the reasons stated, Plaintiff does not state a Privacy Act claim upon which relief can

be granted, and to the extent that Plaintiff's Amended Complaint asserts a claim under the

Privacy Act, it should be dismissed.[13]

_____

[12]    In any event, Plaintiff's money orders were returned to him because "no fees were
incurred or requested [by Defendant] for processing [Plaintiff's] request." See, Letter from DEA
to Sam Clemmons, dated January 5, 2006, attached as Ex. 10.

[13]    In paragraph III of the Amended Complaint, Plaintiff also seems to allege discrimination
under Title VII of the Civil Rights Act of 1964, although this is far from clear because Plaintiff
does not cite the statute (42 U.S.C. §§ 2000e-16). See Amended Compl. at ¶ III. Although, a
plaintiff need not allege each element of a *prima facie* case of discrimination in order to survive
a motion to dismiss a Title VII claim, a plaintiff still must meet the basic pleading requirements
of Fededral Civil Rule 8(a) to state a claim, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512
(2002) (requiring that a plaintiff give defendant fair notice of the basis of plaintiff's claims); but
see Muckle v. Gonzales, 2005 U.S. App. LEXIS 5799, * 3 (D.C. Cir. Mar. 21, 2005) (holding
that "[t]o survive a motion to dismiss, a plaintiff in a Title VII case must allege (1) that [he] is a
member of a protected class; (2) that [he] suffered an adverse employment action; and (3) that
'the unfavorable action gives rise to an inference of discrimination.'") (*citing* Brown v. Brody,
199 F.3d 446, 452 (D.C. Cir. 1999)), and must exhaust administrative remedies prior to filing
suit. See United Air Lines v. Evans, 431 U.S. 553, 555 n.4 (1977). In the present case, Plaintiff
(continued...)

## V.    PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED.

### A.    The Court Lacks Personal Jurisdiction Over the Individual Defendants.

Even if any of Plaintiff's claims survive this motion, this Court lacks personal

jurisdiction over the individual defendants named in Plaintiff's Complaint. Plaintiff bears the

burden of establishing that personal jurisdiction may be exercised over a named defendant. See

Naartex Consulting Corp. v. Watt, 722 F.2d 779, 785 (D.C. Cir. 1983). "If his allegations of

jurisdictional facts are challenged by his adversary in any appropriate manner, he must support

them by competent proof. And where they are not so challenged the court may still insist that

the jurisdictional facts be established or the case be dismissed, and for that purpose the court

may demand that the party alleging jurisdiction justify his allegations by a preponderance of

evidence." McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

As there is no applicable Federal long-arm statute, this Court's power to exercise

---

[13]/(...continued)

fails to specify his protected class. See Amended Compl. at ¶ III. Nor does it appear from the facts alleged that Plaintiff was qualified for the position, because of "issues" which arose during his background investigation. See id.; see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Plaintiff has also failed to exhaust his administrative remedies. Accordingly, Plaintiff has failed to state a claim under Title VII, and to the extent that Plaintiff actually attempts to raise a claim under Title VII, it should be dismissed under Federal Civil Rule 12(b)(1).

Similarly, Plaintiff seems to allege prohibited personnel practices under the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8). See Amended Compl. at ¶ XVIII. However, Plaintiff fails to allege any disclosure of information which he believes has resulted in retaliation against him, see 5 U.S.C. § 2302(b)(8)(A)-(B), and further, Plaintiff has failed to exhaust administrative remedies. See 5 U.S.C. § 1214 (allegations of prohibited personnel practices must be filed first with the Office of Special Counsel, then with the Merit Systems Protection Board); 5 C.F.R. § 1209.1, et seq. (regulation governing appeals to the Merit Systems Protection Board); see also Martin v. U.S. EPA, 271 F. Supp. 2d 38, 44 & n.3, 45-46 (D.D.C. 2002). Accordingly, dismissal of any such claim is appropriate under Federal Civil Rule 12(b)(1).

personal jurisdiction over any of the individual defendants located outside the District of

Columbia is fixed by District of Columbia law.  United States v. Ferrara, 54 F.3d 825, 828 (D.C.

Cir. 1995).  Thus, the District of Columbia long-arm statute is the only basis upon which

personal jurisdiction may be obtained over defendants who do not reside within or maintain a

principle place of business in the District of Columbia.  Meyer v. Reno, 911 F. Supp. 11, 14

(D.D.C. 1996).  The statute authorizes a District of Columbia Court to exercise personal

jurisdiction over a person as to a claim for relief arising from the person's:

> (1) transacting any business in the District of Columbia;
>
> (2) contracting to supply services in the District of Columbia;
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
>
> (5) having an interest in, using, or possessing real property in the District of Columbia;
>
> (6) contracting to insure or act as surety  for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting,...; or
>
> (7) marital or parent and child relationship....

DC Code § 13-423(a).

Here, Plaintiff alleges that the individual agent defendants operate out of the Atlanta,

Georgia, office of the DEA.  Amended Complaint at 6.  Moreover, because Plaintiff resides in

Mississippi, the actions about which Plaintiff complains took place outside of the District of

Columbia.  There is no *act* nor *injury* alleged to have occurred within the District of Columbia

by any of the individual defendants. Indeed, any injury to Plaintiff necessarily took place entirely outside the District of Columbia since all allegations in this action pertain to conduct occurring outside of this jurisdiction.

As the D.C. Circuit has held, personal jurisdiction based upon the District's long-arm statue "is limited to claims arising from the particular transaction of business in the District." World Wide Minerals, Ltd. v. Republic of Kazakhstan, 296 F.3d 1154, 1168 (D.C. Cir. 2002) (*citing* AMAF Int'l Corp. v. Ralston Purina Co., 428 A.2d 849, 850 (D.C.1981) and Naartex Consulting Corp. v. Watt, 722 F.2d 779, 785-86 (D.C. Cir. 1983)). As the claimed injury arises from conduct allegedly occurring exclusively outside of the District of Columbia and no allegations exist to connect any individual defendants with the District of Columbia, the District's long-arm statute cannot operate to bring the individual Defendants in Georgia within this Court's jurisdiction.[14]

**B.    Neither Individual Defendant Has the "Minimum Contacts" With the District Necessary to Create the Court's Jurisdiction Over Their Persons.**

In order for the District Court for the District of Columbia to have personal jurisdiction over a defendant, there must also be established minimum contacts and the exercise of jurisdiction must comport with "traditional notions of fair play and substantial justice." Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102 (1987); Wiggins v. Equifax Inc., 853 F. Supp. 500 (D.D.C. 1994). "Plaintiff's claim for relief must arise from the defendants' contacts with the District of Columbia and his 'claims must bear some relation to the acts in the District that are relied upon to confer personal jurisdiction.' D.C. Code § 13-423(b); Bayles v.

---

[14]    The Court of Appeals has cautioned that plaintiffs should not be permitted to manufacture venue in the District of Columbia simply by suing agencies or officials in the District of Columbia. Cameron v. Thornburgh, 983 F.2d at 256.

23

K-Mart Corp., 636 F. Supp. 852, 854 (D.D.C.1986)." Id. at 502.  Plaintiff does not allege any

facts to establish that he suffered any injury in the District of Columbia.

Nor does the mere fact that the individual agents were, at one time, employees of an

agency whose headquarters is in Washington, D.C., satisfy the Plaintiff's burden to demonstrate

the requisite "minimum contacts" with the District of Columbia.  Cameron, 983 F.2d at 256;

Zakiya v. U.S., 2003 WL 21403767 (D.D.C.); Reuber v. United States, 750 F.2d 1039 (D.C.

Cir.1984); James v. Reno, 1999 WL 615084 (D.C. Cir. 1999) (mere fact that White and Snider

are employees of the Bureau of Prisons based in the District of Columbia is insufficient to

establish requisite "minimum contacts" with District); Meyer v. Reno, 911 F. Supp. 11, 14

(D.D.C. 1996) (Court lacks jurisdiction over Bureau of Prisons employee who works at FCI

Memphis, Tennessee, and over three Florida State attorneys not alleged to conduct any business

or make any contracts for services in the District, and no injury is alleged to have been suffered

in the District of Columbia).  Accordingly, to the extent that Plaintiff maintains any action

against the individually-named defendants, this Court lacks personal jurisdiction, and the

Complaint should be dismissed.[15]

---

[15]    Additionally, subjecting the individual defendants to this Court's jurisdiction raises Due
Process Clause considerations, particularly where Plaintiff seeks to have this Court subject the
Defendants to a judgment for money damages in their individual capacities.  Absent the requisite
minimum contacts, such an exercise of personal jurisdiction would offend "traditional notions of
fair play and substantial justice."  International Shoe v. Washington, 326 U.S. 310, 316 (1945);
Meyer v. Federal Bureau of Prisons, 940 F. Supp. 9, 12 (D.D.C. 1996).  In short, there is no basis
for this Court to exercise personal jurisdiction over the individual defendants consistent with the
District of Columbia's long-arm statute or in satisfaction of constitutionally mandated due
process.  Therefore, Rule 12(b)(2) compels dismissal of Plaintiff's claims against the individual
defendants.

## C.   Service Upon the Individual Defendants Is Improper.

Even if this Court were to have long-arm jurisdiction, Plaintiff has failed to effect service of process upon the individual defendants pursuant to Fed. R. Civ. P. 4(e)  See Simpkins v. District of Columbia Gov't., 108 F.3d 366, 369 (D.C. Cir. 1997).  Federal Civil Rule 4(e) specifically requires that service be made as follows:

> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agency authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

In his Return of Service, Plaintiff admits that he sent the individual defendants' copy of the summons and complaint to the Washington, D.C., offices of the DEA.  See Dkt. Nos. 4 and 8.  Neither individual defendant signed for the mailing, nor has Plaintiff presented any other evidence of personal service.  Id.  Nor is the address on the mailings the individual defendants "place of abode."  Id.  Moreover, the individual defendants have never authorized the DEA or the U.S. Attorneys Office to receive service of process on their personal behalf.

In addition to serving the summons and complaint personally upon a defendant, a plaintiff must serve the summons and complaint within 120 days of filing the complaint.  See Fed. R. Civ. P. 4(m).  In the present matter, the 120 days requirement for service of the complaint on any of the individual defendants expired on August 21, 2006.  Because Plaintiff has failed to properly serve any of the individual defendants within the time limits of the Federal Rules, the Court should dismiss this matter pursuant to Rule 12(b)(5).

## VI.   PLAINTIFF'S PREMATURE MOTION FOR SUMMARY JUDGMENT IS PROCEDURALLY BARRED.

Plaintiff moves for summary judgment in paragraphs XIX through XXVII of his Amended Complaint. A plaintiff may move for summary judgment "at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by an adverse party." Fed. R. Civ. P. 56(a). Defendant has not served a motion for summary judgment. Plaintiff moved for summary judgment on February 21, 2006, the day Defendant filed his Complaint, thereby initiating this civil action. Indeed, the Complaint and the motion for summary judgment are one and the same instrument. The timing of Plaintiff's unusual motion for summary judgment is therefore improper under Federal Civil Rule 56(a). Accordingly, Plaintiff's motion must be denied.

Furthermore, even if Plaintiff is not procedurally barred from moving for summary judgment at this point, there is no record in this case, and no evidence upon which to consider the merits of Plaintiff's claims. Plaintiff has not even filed his own affidavit attesting to the truth of facts alleged in the Amended Complaint. Plaintiff has failed to set out "sufficient evidence to cause a reasonable fact finder to find that the plaintiff had a *prima facie* case" for summary judgment. Aka v. Washington Hosp. Ctr., 116 F.3d 876, 881 (D.C. Cir. 1997) (*citing* United States v. General Motors Corp., 518 F.2d 420, 441 (D.C. Cir. 1975)). A movant establishes a *prima facie* case for summary judgment – a case that is "fairly arguable" and of "substantial character" – through affidavits and presumptions that would support directed verdict at trial unless controverted by evidence presented by the opposing party. See General Motors, 518 F.2d at 442. In the absence of evidence, a grant of summary judgment at this point "would be similar in effect to a default judgment." See First American Bank v. United Equity Corp., 89 F.R.D. 81,

26

87 (D.D.C. 1981).  No default judgment may be entered against the Government unless the

claimant first establishes a right to relief by satisfactory evidence. Fed. R. Civ. P. 55(e).

Accordingly, Plaintiff's motion for summary judgment must be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint should be dismissed in its

entirety, with prejudice.

August 30, 2006                                         Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

RUDOLPH  CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

27

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of August, 2006, a copy of the foregoing Motion to Dismiss was mailed, postage prepaid, to Plaintiff, Sam L. Clemmons, 548 Saint Charles Place, Brookhaven, MS 39601.

DARRELL C. VALDEZ
Assistant United States Attorney