UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM CLEMMONS, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Civil Action No. 06cv305 (RCL) |
| U.S. DEPARTMENT OF JUSTICE, et al., | ) ) ) |
|     Defendants. | ) ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION
TO SUBSTITUTE THE UNITED STATES AS THE PROPER DEFENDANT**

In his "Response to Defendant's Motion Request to Substitute the United States as the Proper Federal Defendant After Submitting Plaintiff's Motion Requests to Enter Discovery and Request to Sustain Default" ("Plaintiff's Opposition"), Plaintiff admits that the claims raised in his complaint are directed against a specific federal agency, and that the damages alleged were caused by persons who were engaged in the scope of their employment with that agency. See Plaintiff's Opposition at 1. Plaintiff argues, nevertheless, that the individual defendants failed to timely answer or otherwise respond to his rambling complaint in this matter, and accordingly, were in default and cannot be substituted with the United States as a proper party-defendant. Id. at 2. Plaintiff's argument is factually and legally incorrect, and the Motion to Substitute should be granted.

First, Plaintiff's argument is factually incorrect as the individual defendants were never properly served with a copy of the complaint, and cannot be held in default. Federal Civil Rule 4(e) specifically requires that service upon an individual be made "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the

individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agency authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). As is evidenced by Plaintiff's own Affidavits, copies of the complaint were addressed to Agent Gary Hart[1/] and Agent Eldred Earls at the offices of the Drug Enforcement Administration ("DEA") in Washington, D.C. See Affidavit of Service (Agent Gary Hart) (Dkt. No. 4-2) and Affidavit of Service (Eldred Earls) (Dkt. No. 8-2). Neither Agent received or signed for the summons and complaint. Id. Nor is the address on the mailings the individual defendants' "place of abode." Id. Indeed, the fact that neither agent received a copy of the summons and complaint is not surprising, as Plaintiff admits in his complaint that both agents are located in Atlanta, Georgia. Amended Complaint at 6. Accordingly, neither individual defendant was ever properly served with a copy of the complaint, and the individual defendants were never in default, as Plaintiff claims.

Second, even if the Court were to accept that the individual defendants were properly served with a copy of the complaint, Plaintiff's argument regarding default is unfounded. Under the Federal Civil Rules, the individual defendants had 60 days to respond to the complaint, not 30 days as Plaintiff alleges. Accordingly, the Motion to Substitute was timely filed and properly pending with this Court. Under Federal Civil Rule 12(a), an officer or employee of the United States, sued in either an official or individual capacity, has 60 days to respond to the complaint.

---

[1/] As noted in the Motion to Substitute the United States as the Proper Federal Defendant, the DEA does not have a Special Agent Gary Hart, rather Plaintiff may have incorrectly identified Special Agent Gary W. Hartman, now retired where he indicates "Gary W. Hart."

Fed. R. Civ. P. 12(a)(2)(A) and 12(a)(2)(B). The time to respond begins after service upon the officer or employee or service upon the United States Attorney, **whichever is later**. Fed. R. Civ. P. 12(a)(2)(B) (emphasis added). Plaintiff alleges that the United States Attorney was served on June 30, 2006. See Plaintiff's Affidavit of Service (Dkt. No. 10-2).[2] Plaintiff further alleges that the individual defendants were served on or about June 29, 2006 (Agent Gary Hart),[3] and July 3, 2006 (Agent Eldred Earls).[4] See Affidavit of Service (Agent Gary Hart) (Dkt. No. 4-2) and Affidavit of Service (Eldred Earls) (Dkt. No. 8-2). Thus, under the Federal Civil Rules, a response from any of the individual defendants was not due until August 29, 2006, at the earliest, and September 1, 2006, at the latest.

The Federal Defendants filed a Protective Motion for Enlargement of Time to File Answer or Otherwise Respond to Complaint (Dkt. No. 7) on August 2, 2006 – well within the time for the individual defendants to respond – and a Motion to Substitute the United States as the Proper Federal Defendant (Dkt. No. 14) on August 17, 2006 – also well within the time limitations. A Motion to Dismiss (Dkt. No. 16) was then filed on August 30, 2006, within the enlarged time requested by the Defendants. Consequently, the individual defendants were not in

---

[2]   In the Federal Defendants' Opposition to Motion for Default (Dkt. No. 13), Federal Defendants point out that Plaintiff's complaint was not properly served upon the United States Attorney until Monday, July 3, 2006. For purposes of this Motion, however, it does not matter which date was the effective date as the Motion to Substitute and the Motion for Enlargement of Time were filed well within 60 days of either event.

[3]   Despite his claim that the complaint was served upon Agent Gary Hart, the return receipt is not signed by any persons claiming to have accepted service, nor did Agent Hart personally receive or sign for service. See Attachment to Affidavit of Service (Dkt. No. 4-2)

[4]   Likewise, the return receipt for Agent Earls fails to demonstrate that Agent Earls personally received or signed for service. Affidavit of Service (Dkt. No. 8-2).

default at the time the Motion to Substitute was filed, as Plaintiff alleges, and the Court should grant the Motion.

Finally, the individual defendants were never subject to the personal jurisdiction of this Court, and cannot be held in default. As is demonstrated in the Federal Defendants' Motion to Dismiss, this District Court cannot exercise jurisdiction over a person located outside the District of Columbia, unless that person transacts business in the District of Columbia or causes tortious injury in the District of Columbia by an act or omission that occurred in the District of Columbia. See Memorandum of Points and Authorities in Support of Federal Defendants' Motion to Dismiss (Dkt. No. 16) at 22 (*citing* the District of Columbia Long-Arm Statute, DC Code § 13-423(a)). Here, Plaintiff alleges that the individual agent defendants operate out of the Atlanta, Georgia, office of the DEA, and Plaintiff resides in Mississippi. Amended Complaint at 6. Thus, no *act* by the individual defendants occurred in the District, and no *injury* was suffered by the Plaintiff within the District of Columbia. Indeed, any injury to Plaintiff necessarily took place entirely outside the District of Columbia since all allegations in this action pertain to conduct occurring outside of this jurisdiction. Thus, this Court does not have personal jurisdiction over the individual defendants, and cannot enter default judgment against them.

For all of the foregoing reasons, Federal Defendants' Motion to Substitute the United States as the Proper Federal Defendant should be granted.

Respectfully submitted,


  /s/ Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 7, 2006, the foregoing Reply to Plaintiff's Opposition to Motion to Substitute was sent, by first-class mail, postage pre-paid, to the Plaintiff, Sam L. Clemmons, 548 Saint Charles Place, Brookhaven, MS 39601.

    /s/ Darrell C. Valdez
DARRELL C. VALDEZ
Assistant United States Attorney