UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS ) | CIVIL ACTION NO: |
| Plaintiff ) | 1:06CV00305 (RCL) |
| vs. ) | |
| DEPARTMENT OF JUSTICE (DEA), ) et al., ) | September 11, 2006 |
| Defendants ) | |

### PLAINTIFF FILE MOTION REQUEST TO ENTER AFFADAVIT OF SERVICE TO THE PLAINTIFF'S MOTION REQUEST TO ENTER DISCOVERY TO BE ATTACHED OR ADDED TO EXHIBITS [A-W] INCLUDING THE ADDITIONAL 9 PAGES TO EXHIBITS – [A]. DATE JUNE 14, 2005 AND ADDITIONAL 4 PAGES TO EXHIBIT - [U] DATED SEPTEMBER 1, 2006; THEREFORE, MAKING THE TOTAL PAGES TO THE EXHIBITS CHANGED FROM 147 TO 160

The Plaintiff's file this motion request to update the record and to validate the date and time upon which the Defendants were properly served the Plaintiff's Motion Request to Enter Discovery. As of this date, the Plaintiff has not received any communication revealing the record sought through this lawsuit according to the Freedom of Information Act (20 days deadline) which makes violations # 4 or more under such act.

The Plaintiff request the court to please accept such motion and file accordingly for the record on this date such documents entered into the court.

Respectfully Submitted,

Sam L. Clemmons
Plaintiff, *Pro Se*

**Attachments:**

Affidavits of Service
Additional Exhibits to Exhibits [A & U]

RECEIVED
SEP 18 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 300
Washington, D.C. 20036-4505

June 14, 2005

Mr. Samuel L. Clemmons
P.O. Box 28558
Atlanta, GA 30358

Re: OSC File No. MA-05-2031

Dear Mr. Clemmons:

This will acknowledge receipt of the above-referenced complaint. In the near future, a member of our staff may contact you to discuss this matter if any additional information is needed to consider this case. Please provide the telephone number where you wish to be contacted, if you have not already done so. For overseas telephone numbers, please include country codes; we do not have access to Autovon.

If you wish to write to us again concerning this matter, please include the file number listed above. We can also be reached by telephone at 202-653-7188 or on our toll-free number at 1-800-872-9855. Your contact at the Office of Special Counsel is Ms. Efthemia Pilitsis. Enclosed is OSC's policy statement concerning the disclosure of information, which includes a disclosure consent form. If you do not sign and return one of the three consent statement options on the consent form to OSC within 20 days of the date of this letter, it will be assumed that you agree to Consent Statement I.

If this complaint alleges a violation of the prohibited personnel practice described in 5 U.S.C. § 2302(b)(8), commonly called reprisal for whistleblowing, a separate information sheet is included with this letter which includes answers to commonly asked questions and discusses the right to file a request for corrective action with the Merit Systems Protection Board. The Board's regulations concerning rights to file a corrective action case can be found at 5 C.F.R. Parts 1201-1205 and 1209.

Please bear in mind that each year OSC receives a large number of complaints concerning prohibited personnel practices. While we attempt to handle all cases as expeditiously as is possible, we generally process them in the order received.

Sincerely,

M.L. Weiss
Complaints Examining Unit

"EXHIBIT A"

PAGE # (145)

# HOW YOUR COMPLAINT WILL BE PROCESSED BY
# THE OFFICE OF SPECIAL COUNSEL

Your complaint to the Office of Special Counsel (OSC) has been given a case number and assigned to a Complaints Examiner in OSC's Complaints Examining Unit (CEU). The Examiner will make a preliminary determination as to whether your complaint contains evidence of a prohibited personnel practice or other prohibited activity warranting further inquiry by the OSC.

To make that determination, the Examiner will review the information contained in your complaint. The Examiner will also consider information that he or she obtains through telephone or written communication with you, any witnesses, and/or appropriate officials from the employing agency.

After careful review of the file, the Examiner will recommend either that your case be referred to one of OSC's three Investigation and Prosecution Divisions for further investigation and legal review or that the case be closed. The Examiner's recommendation is generally subject to the review and approval of the Associate and Deputy Associate Special Counsels for Complaints and Disclosure Analysis, after review by the Examiner's Team Leaders.

If OSC determines that further inquiry into your complaint is warranted, you will be notified in writing that the matter has been referred to an Investigation and Prosecution Division. If, however, a preliminary decision is made to close your complaint, you will be notified in writing of that fact in a "preliminary determination letter" that explains the specific reason for the determination.

If you disagree with the OSC's preliminary determination to close your complaint, you will have 16 days to explain in writing why you disagree with that decision. After reviewing your response, the Examiner will decide (subject to the review and approval of the Associate and Deputy Associate Special Counsels for Complaints and Disclosure Analysis) whether further investigation is warranted or whether your complaint should be closed. If OSC makes a final determination to close your file, your will receive written notice of that decision; you will also be advised of any additional rights you may have.

If your case is not resolved within 90 days after receipt, we will provide you with a written notice about the status of your complaint at that time, and every 60 days thereafter until a final determination is made. In addition, if you are alleging reprisal for whistleblowing, and, if after 120 days OSC has not yet decided whether to seek corrective action on your behalf, you may have the right to file an Individual Right of Action directly with the Merit Systems Protection Board.

## IMPORTANT

Please note that OSC receives hundreds of cases each year, and makes every effort to process them as expeditiously as possible – usually in order of receipt. Because of the high volume of calls that CEU receives, and because of our efforts to process complaints as quickly as possible, telephone calls are normally directed to the Examiner's voice mail. If you choose to leave a

"EXHIBIT A"

message, you should provide your name, OSC case number, daytime telephone number, and a brief explanation of the purpose of your call.

Examiners listen to all voice mail messages. Please be assured that even if you do not receive a return call, your message will be received and considered.

"EXHIBIT A"

PAGE II (147)



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, DC 20036-4505

## POLICY STATEMENT

## ON

## DISCLOSURE OF INFORMATION ABOUT

## PROHIBITED PERSONNEL PRACTICE COMPLAINTS[1]

### Introduction

The U.S. Office of Special Counsel (OSC) is an independent federal investigative and prosecutorial agency. Its primary mission is to safeguard the merit system in federal employment by protecting federal employees, former federal employees, and applicants for federal employment from prohibited personnel practices (PPPs), especially reprisal for whistleblowing.[2]

Given the nature of OSC's enforcement mission, its complaint and litigation files often contain personal or sensitive information – including information from or about complaint filers, and other information made or received by OSC during its investigative and prosecutorial activities. This statement describes OSC's policy on the disclosure of information in its PPP complaint files.[3]

### Consent Statements

When a PPP complaint is filed with OSC, complainants are asked to designate their preference about communications between OSC and the agency involved by selecting and signing one of three "consent statements." The consent statements appear in the complaint form (Form OSC-11) that filers must use to submit PPP complaints to OSC. All three consent statements are reproduced in the attachment to this policy statement.

As noted on the complaint form, certain uses of information by OSC are permitted by the Privacy Act, regardless of the consent statement selected by a complainant. For example, in certain circumstances, OSC is authorized by law to disclose information to certain congressional committees and subcommittees, and to federal law enforcement officials.

---

[1] Issued pursuant to § 12(a) of Public Law 103-424 (1994), and codified in the United States Code (U.S.C.) at 5 U.S.C. § 1212 note. This policy statement (including the attachment) is intended only to provide general guidance to the public about the circumstances under which OSC may disclose information about prohibited personnel practice complaints. It is not intended to create any right or benefit, substantive or procedural, enforceable at law by a party against OSC, or any other person or entity.
[2] PPPs are listed at 5 U.S.C. § 2302(b).
[3] Another OSC issuance, entitled "Policy Statement on Disclosure of Information from OSC Program Files," outlines disclosure criteria applicable to OSC complaint, disclosure, and other program files generally. That policy statement is available on OSC's Web site (at www.osc.gov, in the "E-Library" section, under "Policies and Procedures"), or by request from OSC.

Form OSC-49 (rev. 1-04)

"EXHIBIT A"

PMS II (140)

Disclosure of Information About PPP Complaints
Page 2 of 4

---

### General Disclosure Policies

When someone files a PPP complaint, it is OSC's policy *not* to reveal the identity of the complainant to the agency involved *unless*:

1) OSC has the complainant's consent to reveal his or her identity; *and*

2) disclosure of the complainant's identity is necessary to proceed with OSC action.

During an investigation and any efforts to resolve a complaint, OSC's policy is to disclose only that information deemed reasonable and necessary under the circumstances to the agency involved. If OSC concludes that a PPP may have been committed, it will attempt to obtain corrective action from the agency involved. When appropriate, OSC may also seek disciplinary action against agency officials or employees.

Consistent with law, OSC will attempt to resolve complaints through settlement negotiations with the agency involved before filing corrective action complaints with the U.S. Merit Systems Protection Board (MSPB). It is OSC's policy to engage in such negotiations or litigation only when the complainant has selected Consent Statement 1 in the complaint form. During such negotiations with agencies, OSC discloses only the information deemed reasonable and necessary by OSC to achieve a mutually agreeable settlement of the complaint. If an appropriate settlement agreement is not reached, and OSC concludes that the law was violated, it may, in its discretion, file a complaint with the MSPB seeking corrective and/or disciplinary action.

It is OSC's policy to inform a complainant on a timely basis about the progress of his or her complaint, and to consult with him or her as needed. Consistent with law, OSC will also send each complainant:

1) a letter acknowledging its receipt of his or her complaint, and identifying the OSC staff member assigned to the case;

2) a status report after 90 days, and a status report every 60 days thereafter while the case is active; and

3) a preliminary determination letter, when OSC proposes to close a complaint based on a lack of evidence or insufficient evidence, providing the complainant with one more opportunity for input before OSC makes its final decision.

### Background/Reference Checks

As noted above, certain uses of information by OSC are permitted by the Privacy Act, regardless of the consent statement selected by a complainant. Without the consent of a complainant who has filed a PPP allegation, however, OSC is prohibited by law from responding to an inquiry about an evaluation of the work performance, ability, aptitude, general qualifications, character, loyalty, or suitability of the complainant for any personnel action. So, for example, if an investigator acting on behalf of the Office of Personnel Management, the

"EXHIBIT A"

PAGE # 149

Disclosure of Information About PPP Complaints
Page 3 of 4

---

Federal Bureau of Investigation, or anyone else asks OSC to evaluate the work performance or suitability of a PPP complainant for any personnel action, OSC will not respond without a signed authorization by the complainant. By law, the only exception to this rule would be if an agency informed OSC that it required an evaluation to make a determination about an individual's access to information, the unauthorized disclosure of which could cause exceptionally grave damage to national security.[4]

## Conclusion

This policy statement replaces and supersedes the previous edition, dated September 9, 2002. It is available on the OSC Web site (at www.osc.gov, in the "E-Library" section, under "Policies and Procedures"). If you have any questions or comments about this statement, please contact the OSC employee assigned to your case, or OSC's Legal Counsel and Policy Division, at (202) 254-3690.

January 16, 2004

Scott J. Bloch
Special Counsel

Attachment

---

[4] 5 U.S.C. § 1212g)(2)(B).

Disclosure of Information About PPP Complaints                                    **ATTACHMENT**
Page 4 of 4

## CONSENT STATEMENTS
(From Form OSC-11, "Complaint of Prohibited Personnel Practice / Other Prohibited Activity")

### PART 3: CONSENT TO CERTAIN DISCLOSURES OF INFORMATION

OSC asks everyone who files a complaint alleging a possible prohibited personnel practice or other prohibited activity to select one of three Consent Statements shown below. *IF YOU DO NOT SELECT ONE OF THE THREE CONSENT STATEMENTS BELOW, OSC WILL ASSUME THAT YOU HAVE SELECTED CONSENT STATEMENT 1.* Please: (a) select and sign (or check, if using E-filing) one of the Consent Statements below; and (b) keep a copy of the Consent Statement you select (as well as a copy of all documents that you send to OSC) for your own records.

If you initially select a Consent Statement that restricts OSC's use of information, you may later select a less restrictive Consent Statement. If your selection of Consent Statement 2 or 3 prevents OSC from being able to conduct an investigation, an OSC representative will contact you, explain the circumstances, and provide you with an opportunity to select a less restrictive Consent Statement.

You should be aware that the Privacy Act allows information in OSC case files to be used or disclosed for certain purposes, regardless of which Consent Statement you sign. See 5 U.S.C. § 552a(b). Information about certain circumstances under which OSC can use or disclose information under the Privacy Act appears on the next page.

*(Please sign one)*

**Consent Statement 1**

I *consent* to OSC's communication with the agency involved in my complaint. I agree to allow OSC to disclose my identity as the complainant, and information from or about me, to the agency if OSC decides that such disclosure is needed to investigate the allegation(s) in my complaint (for example, to request information from the agency, or seek a possible resolution through mediation or corrective action). I understand that regardless of the Consent Statement I choose, OSC may disclose information from my complaint file when permitted by the Privacy Act (including circumstances summarized in Part 5, below).

_____          _____
Complainant's Signature for Consent Statement 1          Date Signed

**Consent Statement 2**

I *consent* to OSC's communication with the agency involved in my complaint, but I *do not agree* to allow OSC to disclose my identity as the complainant to that agency. I agree to allow OSC to disclose only information from or about me, without disclosing my name or other identifying information, if OSC decides that such disclosure is needed to investigate the allegation(s) in my complaint (for example, to request information from the agency, or seek a possible resolution through mediation or corrective action). I understand that in some circumstances (for example, if I am complaining about my failure to receive a promotion), OSC could not maintain my anonymity while communicating with the agency involved about a specific personnel action. In such cases, I understand that this request for confidentiality might prevent OSC from taking further action on my complaint. I also understand that regardless of the Consent Statement I choose, OSC may disclose information from my complaint file when permitted by the Privacy Act (including circumstances summarized in Part 5, below).

_____          _____
Complainant's Signature for Consent Statement 2          Date Signed

**Consent Statement 3**

I *do not* consent to OSC's communication with the agency involved in my complaint. I understand that if OSC decides that it cannot investigate the allegation(s) in my complaint without communicating with that agency, my lack of consent will probably prevent OSC from taking further action on the complaint. I understand that regardless of the Consent Statement I choose, OSC may disclose information from my complaint file when permitted by the Privacy Act (including circumstances summarized in Part 5, below).

_____          _____
Complainant's Signature for Consent Statement 3          Date Signed

"EXHIBIT A"                                                              DM06 = (151)

# INFORMATION CONCERNING
# REPRISAL FOR WHISTLEBLOWING

**What is the Whistleblower Protection Act?**

Congress enacted the Whistleblower Protection Act of 1989 (WPA) to strengthen and improve the level of protection for whistleblowers originally offered under the Civil Service Reform Act of 1978. The Act prohibits reprisals against any federal employee or job applicant who discloses illegal activities or certain wasteful activities. The Act also provides for legal sanctions against federal officials found guilty of violating those prohibitions. The U.S. Office of Special Counsel (OSC) is responsible for investigating and prosecuting instances of reprisal for whistleblowing.

**Who is covered under the Whistleblower Protection Act?**

With few exceptions, current employees, former employees, and applicants for employment in any agency of the Executive Branch or Government Printing Office are protected from reprisal for whistleblowing. Current employees, former employees and applicants for employment in government corporations, the Central Intelligence Agency, Defense Intelligence Agency, National Security Agency or certain other intelligence agencies designated by the President, the General Accounting Office, the U.S. Postal Service, the Postal Rate Commission and the Federal Bureau of Investigation are not protected.

**What is a Prohibited Personnel Practice?**

Under the law, there are twelve prohibited personnel practices, one of which is reprisal for whistleblowing. That is, it is a prohibited personnel practice for a federal official to take or threaten to take a personnel action against an employee or applicant because of a protected disclosure made by that individual. The terms "protected disclosure" and "personnel action" are explained below.

**What is a Protected Disclosure?**

In general, an employee or applicant makes a protected disclosure when he or she provides information that he or she reasonably believes evidences a violation of law, rule or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to the public health or safety. For example, a disclosure about the theft of government property would be considered protected, whereas a mere disagreement over the merits of a bureau reorganization would not normally be considered protected.

**What is a Personnel Action?**

A personnel action for the purposes of this law includes: an appointment; a promotion; an action under chapter 75 of Title 5, U.S. Code, such as a suspension, removal, or demotion; a detail, transfer, or reassignment; a reinstatement; a restoration; a reemployment; a performance evaluation; a decision concerning pay, benefits, or awards concerning education or training if the education or training may reasonably be expected to lead to an appointment, promotion, performance evaluation or other personnel action; and any other significant change in duties, responsibilities, or working conditions.

**What factors does OSC examine to determine whether an employee has been the subject of a personnel action**

"EXHIBIT A"

PAGE # (152)

because of whistleblowing?

There are a number of factors that OSC examines during its investigations to determine whether an employee has been subjected to reprisal for having made a protected disclosure. To establish a violation before the Merit Systems Protection Board (MSPB), the body that has the authority to order corrective action, OSC must prove that the employee made a protected disclosure and that because of this disclosure an adverse personnel action has been taken. Thus, OSC will look for evidence showing that the employer had knowledge of the protected disclosure and other evidence - even circumstantial evidence - establishing the connection between the disclosure being made and the adverse action being taken. An example of circumstantial evidence would be the closeness in time between the protected activity and the personnel action, or whether the penalty imposed is harsher than discipline imposed against similarly situated agency employees.

**What happens if OSC concludes that reprisal for whistleblowing occurred?**

If OSC concludes that a reprisal for whistleblowing has taken place, it will usually first enter into discussions with the agency to obtain corrective action. If those efforts are unsuccessful, the Special Counsel requests the agency head to take corrective action. If the agency head does not take the recommended action after a reasonable period of time, the Special Counsel may request the MSPB to order corrective action. The Special Counsel may also request the MSPB to order disciplinary against an employee who commits a prohibited personnel practice.

**What appeal rights exist if OSC concludes that it cannot prove reprisal for whistleblowing?**

If OSC notifies the employee or applicant that is has terminated the investigation into the allegation of whistleblower reprisal, the complainant has 65 days within which to file a request for corrective action with the MSPB. This procedure, known as an individual right of action (IRA), was provided for by the WPA. Also, if 120 days have elapsed after alleging reprisal for whistleblowing to the Special Counsel and OSC has not completed its investigation and evaluation of the claim, the employee or applicant has the option of filing an IRA or of awaiting the completion of OSC's work.

**U.S. OFFICE OF SPECIAL COUNSEL (800) 872-9855 or (202) 653-2253**

"EXHIBIT A"

PAGE # 153

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SAM L. CLEMMONS
    Plaintiff

CIVIL ACTION NO: <u>1:06CV00305 (RCL)</u>

V

DEPARTMENT OF JUSTICE (DEA),
et al.,
    Defendants

## AFFIDAVIT OF SERVICE

    I, <u>SAM L. CLEMMONS</u>, hereby declare that on the <u>28TH of August 2006</u>, I mailed a certified mail request to the <u>State of Louisiana, Attn: Vital Records Registry at P.O. Box 60630, New Orleans, LA 70160</u> attached with a copy the <u>$15.00</u> money previously requested in additional to <u>$ 5 + $1</u> money orders with serial number as being <u>09308832996, 10016139802, and 10166871148.</u> Requesting three copies of the Death Certificate of Richard D. Scott the person whom the Department of Justice claimed had my identity according to the records before the court.

    Attached hereto is the green card acknowledging service of certified mail or article number of <u>7006 0100 0001 6544 1993</u>. The results are still pending as of this service upon the court.

[Green card / Domestic Return Receipt image, PS Form 3811, addressed to: STATE OF LOUISIANA, ATTN: VITAL RECORDS REGISTRY, P.O. BOX 60630, NEW ORLEANS, LA 70160; Article Number: 7006 0100 0001 6544 1993; postmark SEP -1 2006 NEW ORLEANS; Certified Mail checked]

Clemmons v. Department of Justice (DEA), Case # 1:06CV00305 (RCL)

EXHIBIT U

PAGE 11 (154)



**USPS Customer's Receipt #1:**
- Pay to: STATE OF LOUISIANA
- Address: ATTN: VITAL RECORDS REGISTRY P.O. BOX 10630, NEW ORLEANS, LA 70120
- Used for: COURT PURPOSES ONLY FOR RICHARD SCOTT
- Serial Number: 10016139802
- Date: 2006-05-29
- Amount: $7.00
- Clerk: 0025

**USPS Customer's Receipt #2:**
- Pay to: STATE OF LOUISIANA
- Address: ATTN: VITAL RECORDS REGISTRY
- Used for: COURT PURPOSES ONLY FOR RICHARD SCOTT
- Serial Number: 10166871148
- Date: 2006-08-30
- Amount: $1.00
- Clerk: 0003

EXHIBIT U

PAGE # 155

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court
### DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS | SUBPOENA IN A CIVIL CASE |
| Vs. | CIVIL CASE NUMBER: |
| DEPT. OF JUSTICE (DEA) | 1:06CV00305 (RCL) |

To: *STATE OF LOUISIANA*
*ATTN: VITAL RECORDS REGISTRY*

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE *U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA, ATTN: OFFICE OF THE CLERK, 333 Constitutional Ave N.W., RM # 1225, Washington, DC 20001* | DATE AND TIME *9/18/2006* |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE *8/24/2006* |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
*SAM L CLEMMONS, 548 SAINT CHARLES PL BROOKHAVEN, MS 39601 PH# 866-409-7758*

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

If action is pending in district other than district of issuance, state district under case number.

*EXHIBIT U*

*PAGE # 156*

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

DATE: August 28, 2006   PLACE: P.O. Box 60630, New Orleans, LA 70160

SERVED: State of Louisiana Attn: Vital Records Registry

SERVED ON (PRINT NAME): Anthony Bass

MANNER OF SERVICE: Certified Mail Return Receipt # 7006 0100 0001 6544 1993

SERVED BY (PRINT NAME): Sam L. Clemmons

TITLE: Plaintiff Pro Se

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on August 24, 2006
Date

Signature of Server

548 Saint Charles Pl
Brookhaven, MS 39601
866-409-7758
Address of Server

---

RULE 45, Federal Rules of Civil Procedure, Part C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney In breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. if objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. if objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, Is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(vi) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial Information, or

(ii) requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories In the demand.

(2) when information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Exhibit U

THIS PAGE WAS INTENTIONALLY LEFT BLANK
BY THE PLAINTIFF FOR THE DEFENDNATS TO
SUBMIT TO THE COURT THE <u>CRIMINAL RECORD</u> OF
RICHARD D. SCOTT OR <u>THE DEATH CERTIFICATE</u>

EXHIBIT U / PAGES 158

EXHIBIT U

158

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SAM L. CLEMMONS

                                                     CIVIL ACTION NO: 1:06CV00305(RCL)

        V

DEPARTMENT OF JUSTICE (DEA),
et al.,

        Defendants

## AFFIDAVIT OF SERVICE

I, **SAM L. CLEMMONS**, hereby declare that on the **24TH of August 2006**, I mailed copies of the Exhibits to the Motion Request to Enter Discovery by certified mail return receipt requested (TRACKING # 7006 0810 0002 9190 1132 and 7006 0100 0001 6598 9877) to: Darrell C. Valdez, Asst. U.S. Attorney, Judiciary Center Bldg. 555 4th Street, NW WASHINGTON, DC 20530 (the defendants & defendant's attorney). Attached hereto is the green card acknowledging service.

[Domestic Return Receipt, PS Form 3811, February 2004, Article Number 7006 0810 0002 9190 1132, addressed to Atty Darrell C. Valdez, Assistant U.S. Attorney, Judiciary Center Bldg, 555 4th Street NW, Washington DC 20530. Received AUG 2 8 2006.]

EXHIBIT W

(159)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAM L. CLEMMONS

CIVIL ACTION NO: **1:06CV00305(RCL)**

V

DEPARTMENT OF JUSTICE (DEA),
et al.,

Defendants

## AFFIDAVIT OF SERVICE

I, **SAM L. CLEMMONS**, hereby declare that on the **24TH of August 2006**, I mailed copies of the Exhibits to the Motion Request to Enter Discovery by certified mail return receipt requested (TRACKING # **7006 0810 0002 9190 1132 and 7006 0100 0001 6598 9877**) to: **Darrell C. Valdez, Asst. U.S. Attorney, Judiciary Center Bldg. 555 4th Street, NW WASHINGTON, DC 20530** (the defendants & defendant's attorney). Attached hereto is the green card acknowledging service.

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DARRELL C. VALDEZ
ASST. U.S. ATTORNEY
JUDICIARY CENTER BLDG.
555 4TH STREET, NW
WASHINGTON, DC 20530

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

AUG 3 0 2006

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered      ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

Article Number
(Transfer from service label)   **7006 0100 0001 6598 9877**   9877   758

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

EXHIBIT W

(160)

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this <u>12th day of September 2006.</u> A true copy of the **PLAINTIFF'S AFFADAVIT OF SERVICE TO THE PLAINTIFF'S MOTION REQUEST TO ENTER DISCOVERY ATTACHED WITH EXHIBITS [A-W] INCLUDING THE ADDITIONAL 9 PAGES TO EXHIBITS – [A]. DATE JUNE 14, 2005 AND ADDITIONAL 4 PAGES TO EXHIBIT - [U] DATED SEPTEMBER 1, 2006. THEREFORE, MAKING THE TOTAL PAGES TO THE EXHIBITS CHANGED FROM 147 TO 160** as of this date of filing. This filing of these Exhibits was served by regular mail concerning case # <u>**1:06CV00305 (RCL)**</u> to the following:

To: Defendant's Counsel

Darrell C. Valdez
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW, Civil Division
Washington, DC 20530

And

United States District Court for the District of Columbia
**Attn: Office of the Clerk &
Judge Royce C. Lamberth's Chambers**
333 Constitution Ave, NW
Room 1225
Washington, DC 20001

*[signature]*
Sam L. Clemmons, *Pro Se*
548 Saint Charles Place
Brookhaven, MS 39601

EXHIBIT W