UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM CLEMMONS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   06-0305 (RCL) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, et al., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

## FEDERAL DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

In a five-page Opposition Against Defendants' Fraud Submission Before The Court in Requesting Federal Defendants' Motion to Dismiss and Fraudulent Submission of Memorandum of Points and Authorities in Support of Federal Defendants' Motion to Dismiss in Support of the Plaintiff's Claim to Sustain Default ("Plaintiff's Opposition"), Plaintiff claims that the Federal Defendants fraudulently attempted "to mislead the court into thinking that" Plaintiff failed to exhaust his administrative remedies. See Plaintiff's Opposition at p. 1. Plaintiff further seems to imply that Federal Defendants never released any documentation to Plaintiff and that Plaintiff never received such documentation. Id. (Plaintiff challenges Federal Defendants to provide a return receipt for the documents sent to Plaintiff).

Plaintiff's claims and implied denials are without any factual basis. Indeed, in response to Federal Defendants' documentary evidence and declarations, Plaintiff failed to present any evidence that he did in fact seek an administrative appeal to the Department of Justice, Office of Information and Privacy ("OIP"). Moreover, in response to Plaintiff's challenge, Federal Defendants submit that the documents were released to Plaintiff and provide this Court with

evidence that Plaintiff actually received the release. Accordingly, based upon the evidence before this Court, "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," Conley v. Gibson, 355 U.S. 41, 46 (1957).

### A.     Plaintiff Actually Received the Response to His FOIA Request.

In his Opposition, Plaintiff challenges the Federal Defendants to provide a "certified return receipt" showing actual delivery of the responsive documents from the Federal Defendants, thereby implying that he never received any such documents from the Federal Defendants pursuant to his FOIA requests. In response to this challenge and implication, the Federal Defendants attach the signed return receipts as Attachments B and D to Ex. 13, demonstrating that Plaintiff actually received all 91 pages of released documentation.

Specifically, as was demonstrated in the initial Motion to Dismiss, the Drug Enforcement Agency's ("DEA") Freedom of Information/Records Management Section, Operations Unit ("SARO") initially processed Plaintiff's FOIA request on February 20, 2004, releasing eighty-eight pages, withholding four pages in full, and referring eighty-four pages to other governmental agencies . See Ex. 5.[1] This response was sent to Plaintiff's address, return receipt requested. Ex. 13 (Declaration of Linda Vettori) at ¶¶ 4-5. A person located at Plaintiff's residence by the name of Diane Harvey signed for the initial 88 pages of released documentation on February 26, 2004. See Ex. 13 at ¶ 6 and Attachment B.

On January 5, 2006, the SARO amended its February 20, 2004 response to Plaintiff's FOIA request, releasing Plaintiff's three-page Psychological Evaluation in addition to materials

---

[1]     The letter explained the basis of the withholdings to be FOIA Exemptions (b)(2), (b)(6), and (b)(7)(C), and Privacy Act section (j)(2), and further set forth the specific procedures Plaintiff needed to follow to properly administratively appeal the response. Ex. 5.

previously released.  See Ex. 10.  See also Ex. 13 at ¶ 7 and Attachment C.  Plaintiff personally received the documents and signed the return receipt for this production.  Ex. 13 at ¶ 8.

Actual receipt of these 91 pages of documents by Plaintiff is also apparent by the fact that Plaintiff subsequently filed multiple law suits, which are based upon information that he received from having reviewed these 91 pages.[2/]  Notably, Plaintiff specifically referenced or attached pages from the FOIA release to pleadings filed in these subsequent matters.[3/]  Thus, plaintiff's

---

[2/]     See Clemmons v. U.S. Army Crime Records Center, C.A. No. 05cv2353 (RCL), Complaint at p. 2 ("United States Government 'federal' investigation document dated June of the year 2000 that was finally and officially released to the plaintiff for review...."); Clemmons v. United States Office of Personnel Management, C.A. No. 06cv0008 (RCL), Complaint at p. 2 (same); Clemmons v. Tonya R. Powell, C.A. No. 06cv0123 (RCL), Complaint at p. 9 (same); Clemmons v. Stein Mart, Inc., C.A. No. 06cv0194 (RCL), Complaint at p. 16 (same); Clemmons v. Mid-America Apartment Communities, C.A. No. 06cv0195 (RCL), Complaint at p. 16 (same); Clemmons v. Total Debit Management, Inc., C.A. No. 06cv0196 (RCL), Complaint at p. 18 (same); Clemmons v. Sharolyn Y. Evans, C.A. No. 06cv1285 (RCL), Complaint at p. 17 (same).

[3/]     See Clemmons v. The U.S. Customs and Border and Protection Agency, C.A. No. 06cv1286 (RCL), Ex. 5 to Plaintiff's Motion Request to Enter Discovery In Support of Plaintiff's Motion Requests for Summary Judgment By Default Due to the Defendant[s'] Failures to Obey Court's Instructions Placing Such Defendant In Default (Freedom of Information and Privacy Act, Federal Bureau of Investigation Document"); Samuel Clemmons v. Defense Security Service Administration, C.A. No. 06cv0304 (RCL), Ex. 5 to Plaintiff's Motion Request to Enter Discovery In Support of Plaintiff's Motion Requests for Summary Judgment By Default Due to the Defendant[s'] Failures to Obey Court's Instructions Placing Such Defendant In Default (Freedom of Information and Privacy Act, Federal Bureau of Investigation Document); id. at Ex. 5 to Plaintiff's Motion Request to Respon[d] to Defendant[s'] Actions To Defend Against Lawsuit. Plaintiff's Motion Request to Enter Discovery and Request For Judgment by Default (Freedom of Information and Privacy Act, Federal Bureau of Investigation Document); Clemmons v. Total Debit Management, Inc., C.A. No. 06cv0196 (RCL), Ex 1 to Plaintiff's Motion for an Enlargement of Time for the Defendant to Provide a Proper Answer with all Documents Needed for Court Summary Judgment (Freedom of Information and Privacy Act, Federal Bureau of Investigation Document); Clemmons v. Stein Mart, Inc., C.A. No. 06cv0194 (RCL), Ex. 1 to Plaintiff's Motion Request for Summary Judgment (Freedom of Information and Privacy Act, Federal Bureau of Investigation Document); Clemmons v. American Postal Workers Union, AFL, C.A. No. 06-0015, (RCL), Ex. 19 to Motion to Sustain Judgment by Default and Motion to Enter Discovery (Freedom of Information and Privacy Act, Federal
(continued...)

denials find no support in the record, or in fact.

### B. Plaintiff Failed to Exhaust His Administrative Remedies.

Plaintiff also claims that the "Defendant so fradulent[ly] states [that] the Plaintiff never submitted an appeal." See Plaintiff's Opposition at 1. Yet, Plaintiff fails to submit any document or other evidence indicating that he did, in fact, file an appeal with OIP. On the other hand, Federal Defendants have provided this Court with the Declaration of Priscilla Jones, Ex. 11, stating that no such appeal has been filed by Plaintiff. The Declaration is entitled to a presumption of good faith, unless and until Plaintiff can present **evidence** that contradicts the facts contained therein, which Plaintiff has failed to do here. See Rugiero v. U.S. Dept. of Justice, 257 F.3d 534, 544 (6th cir 2001) (emphasis added).

Nor is Plaintiff's mere denial of the facts asserted by Federal Defendants, without providing some evidence to support his denial, sufficient to counter evidence placed in the record. See e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (mere denials are insufficient to create a genuine dispute of fact to defeat a motion for summary judgment). See also Laningham v. U.S. Navy, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987) (appellant's mere denial of the declarations and other facts set forth by the Navy fails to present "any evidence from which a reasonable jury could find in his favor"). Indeed, if Plaintiff did, in fact, timely file an

---

[3]/(...continued)
Bureau of Investigation Document); id. Ex. 25 to Addendum Motion Request for Summary Judgment and Motion Request to Subpoena Duces Tecum (Freedom of Information and Privacy Act, Federal Bureau of Investigation Document); Clemmons v. United States Office of Personnel Management, C.A. No. 06cv0008 (RCL), attachment to Complaint (Freedom of Information and Privacy Act, Federal Bureau of Investigation Document); Clemmons v. U.S. Army Crime Records Center, C.A. No. 05cv2353 (RCL), Ex. 4 to Addendum to Motion Request for Summary Judgment and Motion Request to Subpoena Duces Tecum (Freedom of Information and Privacy Act, Federal Bureau of Investigation Document).

appeal, then he must present a copy of that appeal to the Court to support his claim. Plaintiff has failed to do so because no such appeal exists.

Since all administrative appeal time has run and Plaintiff has otherwise failed to timely file an administrative appeal with the OIP, Plaintiff is unable to avail himself of any further FOIA action.

### C. Plaintiff Failed to Address the Remaining Arguments In Favor of Dismissal.

In the Motion to Dismiss, Federal Defendants further argued that the complaint should be dismissed as against the individual Defendants because they are not proper parties to a FOIA or an FTCA complaint, because the Court does not have personal jurisdiction over them, and because service of process was defective. Federal Defendants also demonstrated that Plaintiff failed to exhaust his administrative remedies with respect to his FTCA and Privacy Act claims; that money damages are not recoverable under the FOIA; that Plaintiff's tort claims are barred by the specific provisions of the FTCA; and that venue is improper in this Court. In response to the Federal Defendants' argument, Plaintiff provided no argument of fact or law, except to re-iterate his claim that the Federal Defendants are in default. However, as was demonstrated in the Federal Defendants' Opposition to Motion for Entry of Default (Dkt. No. 13), and Federal Defendants' Reply to Plaintiff's Opposition to Substitute the United States as the Proper Defendant (Dkt. No. 20), Federal Defendants are not in default, but rather timely responded to Plaintiff's complaint. Accordingly, the Federal Defendants' arguments as to these matters should be treated as conceded.

## CONCLUSION

The allegations in Plaintiff's Opposition are baseless and unsubstantiated, both in fact and the record. For the foregoing reasons, as well as those set forth in Federal Defendants' Motion to Dismiss, Federal Defendants have demonstrated that they responded properly to Plaintiff's FOIA request, releasing to him all records and portions thereof not exempted from disclosure, and are entitled to judgment.

September 25, 2006                                        Respectfully submitted,


  /s/ Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 25th day of September, 2006, a copy of the foregoing Reply to Plaintiff's Opposition to Motion to Dismiss was mailed, postage prepaid, to Plaintiff, Sam L. Clemmons, 548 Saint Charles Place, Brookhaven, MS 39601.


    /s/ Darrell C. Valdez
    DARRELL C. VALDEZ
    Assistant United States Attorney