UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS )<br>PLAINTIFF )<br> )<br>vs. )<br> )<br>DEPARTMENT OF JUSTICE (DEA), )<br>et al., )<br>DEFENDANTS )<br> )<br>_____ ) | CIVIL ACTION NO:<br><br>__1:06CV00305 (RCL)__ |

**PLAINTIFF'S OPPOSITION AGAINST THE FEDERAL DEFENDANTS' RESPONSES TO DISMISS SHOULD BE REMOVED FROM THE RECORD.
PLAINTIFF'S MOTION REQUESTS TO SUSTAIN DEFAULT SHOULD REMAIN.**

Come now the Plaintiff to enter his fourth opposition against the Defendant's Counsel Claims of requesting to removal such default entry or requesting to dismiss case after the Plaintiff has continued to added support documentation to justify the Plaintiff's statements, responses and complaint before this honorable court.

The Defendant's Counsel has no argument due to many failures performed by the Defendants under the Freedom of Information Act and Privacy Act.

The Defendant's Counsel for some reason failed to acknowledge the Plaintiff's Freedom of Information Act request through the Plaintiff's honorable congressman Ronnie Shows.

The Defendant's Counsel for some reason failed to acknowledge such intentional denial by such Defendants as the Plaintiff has proven in the Plaintiff's Exhibits before this honorable court.

The Defendant's Counsel for some reason has failed to acknowledge wrongdoing and prohibit behavior by the Federal Employees.



RECEIVED

DEC 5 - 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The Defendant's Counsel for some reason has failed to acknowledge that such response under such Freedom of Information Act had expired and the Office of Special Counsel had assigned a new response number according to the law when the Defendants sent such amended response to the Plaintiff with the Plaintiff's signature confirming receipt on March 3, 2006 after the Plaintiff had filed a legitimate lawsuit in the United States District Court for the District of Columbia.

The Defendant's Counsel has also failed to acknowledge and realize that such confidential documents were not delivered properly and accordingly, according to the laws and the laws of the United States Postal Service. On March 3, 2006 such receipt of such confidential documents were accurate and correct by the Defendants and no such person or persons were not allowed to sign for such confidential documents except the Plaintiff. This was also demonstrated as accurate and correct by the Office of Personnel Management.

Therefore, the Defendant's Counsel has failed to provide certified return receipts showing the Plaintiff's signatures on both events of occurrence.

The Defendant's Counsel also failed to continue to justify that such documents the Plaintiff sought but later discovered by another person (Dina Harvey) who should not have been authorized to sign for such confidential information that such information was in the same household with the Plaintiff.

The Defendant's Counsel failed to inform this honorable court that other reports or information are still missing from this release of information under the Freedom of Information Act that has exhausted its time under such law that should substantiate an amendment from the date of release just as the Defendants amended such release of information on March 3, 2006, if

the Defendant's Counsel chose to release such information to move forth for a jury trial if necessary.

The Defendant's Counsel failed to inform and acknowledge the Court and the Plaintiff that any and all information released to the Plaintiff is after **20 days** as mandated by the law and additional information still has not been released according to the Plaintiff's and Congressman's requests.

The Defendant's Counsel failed to inform the court of lack of proper service in filing his or her last request to the Court requesting such case matter to be dismissed. The Defendant's Counsel so clearly expressed that he or she served the Plaintiff on November 6th, 2006 according to the certificate of service with the Plaintiff receiving such motion to dismiss by regular first class mail on November 21, 2006 making such delivery to arrive to the Plaintiff 15 days after such filing in the court in an unethical attempt in hopes that the Court will grant such dismissal without the Plaintiff knowing such motion was filed in the Court. Continue to leads to unethical behavior problems and lack of integrity issues in this case.

Therefore with all the failures listed above by the Plaintiff, the Plaintiff has expressed and proven wrongdoing by the Defendants and the Plaintiff has proven such wrongdoing by providing this honorable court with facts to support the Plaintiff's complaint.

In additional to all the Defendants' failures, the Defendant's Counsel failed to response to this complaint and summons that were served upon the Defendants according to the laws and instructions of this honorable court. It was the Defendants whom failed to response in a timely manner resulting in default and now the Plaintiff has entered facts into the record to support such complaint and such default with additional facts still pending to be entered. Therefore, the

Sam L. Clemmons vs. U.S. DEPT OF JUSTICE (DEA) 950 Pennsylvania Ave, NW # 4706, Washington, DC 20530

Plaintiff's complaint has great merit and such default now is valid and should remain accordingly to bring this case before the Court to a complete closed.

There is nothing more to add except for the Defendant's evidence to justify their actions performed in slandering the Plaintiff's character and the Plaintiff's careers the way they did in their illegal but wrongfully discovery in performing an unethical background investigation against the Plaintiff.

The Defendant's Counsel mention in the Federal Defendants' Response to Plaintiff's Request to Enter Additional Oppositions to Federal Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss this FOIA complaint as moot and apologizing to the Federal Defendants and counsel for Federal Defendants for the unsupported attacks up their honesty and integrity. The Plaintiff still and continue to feel that such apology is not needed due to the facts that the Defendants and the Defendant's Counsel has still failed to justify their illegal activity as stated in the above paragraphs and in the Plaintiff's Oppositions and complaint. It was the Defendants who clearly expressed in their illegal information provided to the Plaintiff with the Plaintiff first discovery on October 18, 2006 @ 7:30 p.m. clearly stating in fine print that the Plaintiff have integrity issues as expressed by the Defendants. So where should the Plaintiff initiate an apology to such slanderous statements against the Plaintiff? When the Defendants and the Defendant's Counsel can justify their actions performed then an apology will be needed. If they cannot justify their actions then such Defendants owe the Plaintiff an apology attached with the award they are now in default to the Court after taxes.

It was the Defendants' actions that caused multi but pending lawsuit as the Defendant's Counsel so expressed not the Plaintiff. Some of those lawsuits are in default just as the Defendants too are in default and no Defendants who are in default should be treated any

different from the other. The Plaintiff showed no prejudice against those other Defendants just as the Court should not show any prejudice against those who are in default.

In summary toward everything stated by the Plaintiff and the Defendants and the Defendants' Counsel, the Defendants have failed to show or justify good cause shown why such default should be up lifted but the Plaintiff has demonstrated good cause shown through exhibits and a complaint with a lot of merit to justify why such default action should remain to bring this case before this court to a complete close as so expressed by the Plaintiff.

The Plaintiff should not be the one who should suffer from other mistakes in failing to response according to the laws and instructions of the court. The Plaintiff should not be the one to suffer from someone intentionally actions or unethical activities performed in the society in which we live. Someone has to pay for these crimes and the Plaintiff does not see paying for them.

End of **PLAINTIFF'S OPPOSITION AGAINST THE FEDERAL DEFENDANTS' RESPONSES TO DISMISS SHOULD BE REMOVED FROM THE RECORD. PLAINTIFF'S MOTION REQUESTS TO SUSTAIN DEFAULT SHOULD REMAIN.**

Respectfully Submitted,

Sam L. Clemmons,
Plaintiff *Pro Se*

Copies To:

Sam L. Clemmons vs. U.S. DEPT OF JUSTICE (DEA) 950 Pennsylvania Ave, NW # 4706, Washington, DC 20530

Darrell C. Valdez
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW, Civil Division
Washington, DC 20530

And

**United States District Court for the District of Columbia**
Attn: Office of the Clerk &
Judge Royce C. Lamberth's Chambers
333 Constitution Ave, NW
Room 1225
Washington, DC 20001

Sam L. Clemmons vs. U.S. DEPT OF JUSTICE (DEA) 950 Pennsylvania Ave, NW # 4706, Washington, DC 20530

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of November 2006, a true copy of the **PLAINTIFF'S OPPOSITION AGAINST THE FEDERAL DEFENDANTS' RESPONSES TO DISMISS SHOULD BE REMOVED FROM THE RECORD. PLAINTIFF'S MOTION REQUESTS TO SUSTAIN DEFAULT SHOULD REMAIN** was served by regular mail concerning case # 1:06CV00305 (RCL) to the following:


To: Defendant's Counsel

Darrell C. Valdez
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW, Civil Division
Washington, DC 20530


And


United States District Court for the District of Columbia
**Attn: Office of the Clerk &
Judge Royce C. Lamberth's Chambers**
333 Constitution Ave, NW
Room 1225
Washington, DC 20001

*[signature]*
Sam L. Clemmons, *Pro Se*
548 Saint Charles Place
Brookhaven, MS 39601