UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS<br>    PLAINTIFF<br><br>vs.<br><br>DEPARTMENT OF JUSTICE (DEA),<br>et al.,<br>    DEFENDANTS | CIVIL ACTION NO:<br><br>__1:06CV00305 (RCL)__<br><br>**RECEIVED**<br>JAN 1 0 2007<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

**PLAINTIFF'S 5th OPPOSITION AGAINST THE FEDERAL DEFENDANTS' RESPONSES TO DISMISS AND PLAINTIFF'S FIRST REQUEST FOR ADMISSION, SET OF INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED TO DEFENDANT TO SET STAGE FOR JURY TRIAL IF NECESSARY JUSTIFYING WHY DEFAULT SHOULD REMAIN OR TO PROCEED FORTH UNDER RULE 38 (b), 39 AND 54 (C)**

Come now the Plaintiff to enter his fifth opposition against the Defendant's Counsel Claims of requesting to removal such default entry or requesting to dismiss case after the Plaintiff has continued to added support documentation to justify the Plaintiff's statements, responses and complaint before this honorable court in five proven attempts to justify why the default entry should remain.

Once again as pervious expressed before the Court and the Defendant's Counsel, the Defendant's Counsel has no argument due to many failures performed by the Defendants under the Freedom of Information Act and Privacy Act.

Once again, the Defendant's Counsel for some reason failed to acknowledge the Plaintiff's Freedom of Information Act request through the Plaintiff's Honorable Congressman Ronnie Shows. Congressman Ronnie Shows' office had a power of attorney in place giving such

office the Plaintiff's full permissions and approval to obtain all the Plaintiff's records sought under such act as if the Congressman's office was the Plaintiff filing such request for all the records sought. The Defendants were fully made aware and fully knew for the record to release all information sought but stilled continue to give false information that was deceitful then and still is deceitful now resulting in denying all the Defendants' requests for removal of default entry by the clerk.

Once again, the Defendant's Counsel for some reason failed to acknowledge such intentional denial and denial of the Plaintiff's appeal rights by such Defendants as the Plaintiff has proven in the Plaintiff's Exhibits before this honorable court.

Once again, the Defendant's Counsel for some reason has failed to acknowledge wrongdoing and prohibit behavior activities by the Federal Employees.

Once again, the Defendant's Counsel for some reason has failed to acknowledge that such response under such Freedom of Information Act had expired and the Office of Special Counsel had assigned a new response number according to the law when the Defendants sent such amended response to the Plaintiff with the Plaintiff's signature confirming receipt on March 3, 2006 after the Plaintiff had filed a legitimate lawsuit in the United States District Court for the District of Columbia for full relief according to the Federal Rules of Civil Procedures, Rule 8.

Once again, the Defendant's Counsel has also failed to acknowledge and realize that such confidential documents were not delivered properly and accordingly, according to the laws and the laws of the United States Postal Service. On March 3, 2006 such receipt of such confidential documents were accurate and correct by the Defendants and no such person or persons were not allowed to sign for such confidential documents except the Plaintiff. The Defendants release such confidential information to a third party without a Plaintiff's Power of Attorney in place

giving such person the rights to sign, accept and hold in custody for the Plaintiff. This was also demonstrated as accurate and correct by the Office of Personnel Management.

Once again, the Defendant's Counsel has failed to provide certified return receipts showing the Plaintiff's signatures on both events of occurrence.

Once again, the Defendant's Counsel also failed to continue to justify that such documents the Plaintiff sought but later discovered by another person (Dina Harvey) who should not have been authorized to sign for such confidential information and to verify that such information was in the same household with the Plaintiff.

Once again, the Defendant's Counsel failed to inform this honorable court that other reports or information are still missing from this release of information under the Freedom of Information Act that has exhausted its time under such law that should substantiate an amendment from the date of release just as the Defendants amended such release of information on March 3, 2006, if the Defendant's Counsel chose to release such information to move forth for a jury trial if necessary, the Defendant should do so immediately or accept the default as the default now stands.

Once again, the Defendant's Counsel failed to inform and acknowledge the Court and the Plaintiff that any and all information released to the Plaintiff is after **20 days** as mandated by the law and additional information still has not been released according to the Plaintiff's and Congressman's requests who has or had a Power of Attorney to receive such records.

Once again, the Defendant's Counsel failed to inform the court of lack of proper service in filing his or her last request to the Court requesting such case matter to be dismissed. The Defendant's Counsel so clearly expressed that he or she served the Plaintiff on November 6th, 2006 according to the certificate of service with the Plaintiff receiving such motion to dismiss by

regular first class mail on November 21, 2006 making such delivery to arrive to the Plaintiff 15 days after such filing in the court in an unethical attempt in hopes that the Court will grant such dismissal without the Plaintiff knowing such motion was filed in the Court. This actions or attempts continue to leads to unethical behavior problems and lack of integrity issues in this case.

Once again, the Plaintiff has proven deceit by the Defendants through discovery that the Defendants have made and collaborated false information about other federal agencies and the Plaintiff now given the Plaintiff full and exclusives rights under the Federal Rules of Civil Procedures Rule 37 (a) (1) (2) (3) (4).

Once again, with all the failures listed above by the Plaintiff, the Plaintiff has expressed and proven wrongdoing by the Defendants and the Plaintiff has proven such wrongdoing by providing this honorable court with truthful facts to support the Plaintiff's complaint in pervious submissions before the Court.

Once again, in additional to all the Defendants' failures, the Defendant's Counsel failed to response to this complaint and summons that were served upon the Defendants according to the laws and instructions of this honorable court. It was the Defendants whom failed to response in a timely manner resulting in default and now the Plaintiff has entered facts into the record to support such complaint and such default with additional facts are still pending to be entered. Therefore, the Plaintiff's complaint has great merit and such default now is valid and should remain accordingly to bring this case before the Court to a complete closed according to the Federal Rules of Civil Procedures Rule 55 (a) (b) (e).

Once again, there is nothing more to add except for the Defendant's evidence to justify their actions performed in slandering the Plaintiff's character and the Plaintiff's careers the way they did in their illegal but wrongfully discovery in performing an unethical background

Sam L. Clemmons vs. U.S. DEPT OF JUSTICE (DEA) 950 Pennsylvania Ave, NW # 4706, Washington, DC 20530

investigation against the Plaintiff in many attempts to hide and concealed the facts or evidence by continuing to delay in responding to the Plaintiff and releasing the information under the Freedom of Information Act and Privacy Act which the Plaintiff has proven after receiving such information through discovery is fraud.

The Defendant's Counsel mention in the Federal Defendants' Response to the Plaintiff's Request to Enter Additional Oppositions to Federal Defendants' Reply to the Plaintiff's Opposition to Motion to Dismiss this FOIA complaint as moot and apologizing to the Federal Defendants and counsel for Federal Defendants for the unsupported attacks up their honesty and integrity. The Plaintiff still and continue to feel that such apology is not needed due to the facts that the Defendants and the Defendant's Counsel has still failed to justify their illegal activity as stated in the above paragraphs and in the Plaintiff's Oppositions and complaint. It was the Defendants who clearly expressed in their illegal information provided to the Plaintiff with the Plaintiff first discovery on October 18, 2006 @ 7:30 p.m. clearly stating in fine print that the Plaintiff have integrity issues as expressed by the Defendants. So where should the Plaintiff initiate an apology to such slanderous statements against the Plaintiff?

When the Defendants and the Defendant's Counsel can justify their actions performed then an apology will be needed. If they cannot justify their actions then such Defendants owe the Plaintiff an apology attached with the award they are now in default to the Court after taxes.

It was the Defendants' actions that caused multi but pending lawsuit as the Defendant's Counsel so expressed not the Plaintiff. Some of those lawsuits are in default just as the Defendants too are in default and no Defendants who are in default should be treated any different from the other.  The Plaintiff showed no prejudice against those other Defendants just as the Court should not show any prejudice against those who are in default.

In summary toward everything stated by the Plaintiff and the Defendants and the Defendants' Counsel, the Defendants have failed to show or justify good cause shown why such default should be up lifted but the Plaintiff has demonstrated good cause shown through continue exhibits, evidence and a complaint with a lot of merit to justify why such default action should remain to bring this case before this court to a complete close as so expressed by the Plaintiff.

The Plaintiff should not be the one who should suffer from other mistakes in failing to response according to the laws and instructions of the court. The Plaintiff should not be the one to suffer from someone intentionally actions or unethical activities performed in the society in which we live. Someone has to pay for these crimes and the Plaintiff does not see himself paying for them.

In true closing of this argument the Plaintiff enter an additional Exhibit which is Exhibit [X] for the record which will vouch and prove for the record that the Plaintiff never received a **full-field** background investigation in addition to other statements the Defendants made on official government business documents and funds against other federal agencies that were not ethical, legal and correct. This evidence should be added into the record after the Defendants have signed the consent statement to proceed for a jury trial to justify fraud actions by the Defendants.

If the Defendants wish to move forth in defending such default action the Defendants should produce all documents requested upon the Defendants coming from the Plaintiff's first request for admission, set of interrogatories, and request for production of documents and things propounded to defendant to set stage for jury trial if necessary that is attached in the Plaintiff's final opposition to the Defendants' request to dismiss instead of accepting such default. The Defendants should have **30 days** as required by law to produce all their evidence they wish to

enter for a now jury trial as demanded by the Plaintiff according to Federal Rules of Civil Procedures, Rule 38 (b) (c) and according the United State Constitution Bill of Rights Amendment VI which states "*In all criminal and civil prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense*". The accused is the Defendants, therefore, the Defendants should have the rights to produce all their evidence and witnesses they wish to defend their actions or accept the Court's default entry so this case can be brought to a close and such outcome can be reported to the United States Attorney General Office as required by law by April 1st of this year which is now the year of 2007.

End of **PLAINTIFF'S 5th OPPOSITION AGAINST THE FEDERAL DEFENDANTS' RESPONSES TO DISMISS AND PLAINTIFF'S FIRST REQUEST FOR ADMISSION, SET OF INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED TO DEFENDANT TO SET STAGE FOR JURY TRIAL IF NECESSARY JUSTIFYING WHY DEFAULT SHOULD REMAIN OR TO PROCEED FORTH UNDER RULE 38 (b), 39 AND 54 (C).**

Respectfully Submitted,

Sam L. Clemmons,
Plaintiff *Pro Se*

**See Attachments**
    Proposed Orders
    Subpoena Duce Tecum

Copies To:

Darrell C. Valdez
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW, Civil Division
Washington, DC 20530

And

**United States District Court for the District of Columbia**
Attn: Office of the Clerk &
Judge Royce C. Lamberth's Chambers
333 Constitution Ave, NW
Room 1225
Washington, DC 20001

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS )<br>      ) | **CIVIL ACTION NO:** |
|       Plaintiff      ) | **1:06CV00305 (RCL)** |
|      ) | |
| vs.      ) | |
|      ) | |
|      ) | |
| DEPARTMENT OF JUSTICE (DEA),      ) | |
| et al.,      ) | |
|      ) | |
|       Defendants | |

### ORDER

Upon consideration of the Plaintiff's Motion requests for Summary Judgment by Default after entering substantial evidence for the record according to <u>Lewis v. Faulkner</u>, 689 F.2d 100, 102 (7th Cir.1982) and <u>Langley v. Adams County</u>, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933).

The Plaintiff has demonstrated good cause shown by means of Exhibits and timely responses and proper service upon the Defendants.

The Plaintiff's Motions requests is hereby granted including the Plaintiff's Motion Request to Subpoena Duces Tecum from all the Defendants' witnesses to support their statements for the record and other top-secret documents under *de novo* as withheld by the Defendants to bring this case matter before the court to a close.

IT IS HEREBY ORDERED that any of the Defendants' Motion Requests to dismiss will be DENIED. The Plaintiff's Motion Requests to move forth for Summary Judgment or Summary Judgment by default is GRANTED.

SO ORDERED this _____ day of _____ 200_

_____
Honorable Royce C. Lamberth
United States District Court Judge

**Copies to:**

Sam L. Clemmons
548 Saint Charles PL
Brookhaven, MS 39601


Darrell C. Valdez
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW, Civil Division
Washington, DC 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS | ) CIVIL ACTION NO: |
| | ) |
| Plaintiff | ) **1:06CV00305 (RCL)** |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| DEPARTMENT OF JUSTICE (DEA), | ) |
| et al., | ) |
| | ) |
| Defendants | |

## ORDER

Upon consideration of the Plaintiff's Motion requests and the Plaintiff's Discovery entry before the court. The Court finds it is now in the best interest of the Court and the Plaintiff to bring this case to a close according to the Court's standards.

The Court now deem it's necessary to GRANT the Plaintiff a jury trial to hear the facts as disclosed by both sides before a summary judgment to be issued.

The Plaintiff has demonstrated good cause shown and has demonstrated damage done to the Plaintiff's short, immediate and long term life and career that are caused by the Defendant's action which brought forth the Plaintiff's complaint.

The Defendant(s) have had well over enough time to come before the Court with substantiated evidence to contradict the Plaintiff's claims or discovery.

IT IS HEREBY ORDERED that on this date of signing this document the case is assigned for a jury trial upon the Defendants surrendering their evidence according to the Plaintiff's demands according to Rule 38 (b) (c) and Rule 8 of the Federal Civil Procedures.

ORDERED this _____ day of_____ 200_

_____
Honorable Royce C. Lamberth
United States District Court Judge

**Copies to:**

Sam L. Clemmons
548 Saint Charles PL
Brookhaven, MS 39601

Darrell C. Valdez
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW, Civil Division
Washington, DC 20530

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAM L. CLEMMONS | ) CIVIL ACTION NO: |
| Plaintiff | ) |
|  | ) **1:06CV00305 (RCL)** |
| vs. | ) |
|  | ) |
| DEPARTMENT OF JUSTICE (DEA), et al., | ) |
| Defendants | ) |

## ORDER

Upon consideration of the Plaintiff's Motion requests and the Plaintiff's Discovery entry before the court. The Court finds it is now in the best interest of the Court and the Plaintiff to bring this case to a close according to the Court's standard of summary judgment in favor of the Plaintiff.

The Plaintiff has demonstrated good cause shown and has demonstrated damage done to the Plaintiff's short, immediate and long term life and career that are caused by the Defendant's action which brought forth the Plaintiff's complaint.

The Defendant(s) have had well over enough time to come before the Court with substantiated evidence to contradict the Plaintiff's claims or discovery.

IT IS HEREBY ORDERED that on this date of signing this document the case is now closed by means of Summary Judgment without Prejudice.

SO ORDERED this _____ day of _____ 200_

_____
Honorable Royce C. Lamberth
United States District Court Judge

**Copies to:**

Sam L. Clemmons
548 Saint Charles PL
Brookhaven, MS 39601

Darrell C. Valdez
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW, Civil Division
Washington, DC 20530