UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM CLEMMONS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06cv305 (RCL) |
| U.S. DEPARTMENT OF JUSTICE, et al., | ) |
| Defendants. | ) |

**FEDERAL DEFENDANTS' MOTION TO QUASH SUBPOENA
AND FOR A PROTECTIVE ORDER**

Pursuant to Federal Civil Rule 26(c)(1), the Federal Defendants, by and through their attorney, the United States Attorney for the District of Columbia, respectfully request that the Court quash the subpoena issued by Plaintiff for Counsel for Federal Defendants and enter a protective order staying discovery until further order of this Court. Specifically, Plaintiff has served Requests for Production of Documents, Requests for Admission and Interrogatories that are unrelated to the currently-pending Motion to Dismiss, and has further issued a subpoena for Counsel for Federal Defendants for an unknown purpose. In further support of this motion, Federal Defendants submit and rely upon the attached Memorandum of Points and Authorities.

Pursuant to Local Civil Rule 7(m), counsel for Defendant sent a letter to Plaintiff on January 24, 2007, and requested that Plaintiff contact counsel to advise as to whether he opposed or consented to the motion. As of this date, Plaintiff has not contacted counsel for Defendant.

A proposed order consistent with this Motion is attached hereto.

Respectfully submitted,


  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM CLEMMONS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | )   06cv305 (RCL) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, et al., | ) |
| | ) |
|    Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
FEDERAL DEFENDANTS' MOTION TO QUASH SUBPOENA
AND FOR A PROTECTIVE ORDER**

As outlined in greater detail in Federal Defendant's Memorandum of Points and Authorities in Support of Its Motion to Dismiss (Dkt. No. 16), the history of Plaintiff's pursuit of this litigation stems back to his Freedom of Information Act ("FOIA") request for information the Drug Enforcement Administration (DEA) allegedly relied upon in denying Plaintiff a job as a DEA agent. On February 20, 2004, the DEA processed Plaintiff's FOIA request, and released eighty-eight pages and withheld four. The DEA further explained the basis of the withholdings to be FOIA Exemptions (b)(2), (b)(6), and (b)(7)(C), and Privacy Act section (j)(2). The DEA subsequently amended its response to Plaintiff's FOIA request by releasing a three-page Psychological Evaluation. Despite being advised of his right to appeal the agency's response to his FOIA request to the Department of Justice Office of Information and Privacy ("OIP"), Plaintiff failed to file any appeal with the OIP. Rather, Plaintiff filed the present civil action on February 15, 2006, asserting a violation of the FOIA by the DEA, and intentional tort claims

against employees of the DEA.[1]

Despite the fact that Plaintiff failed to effectuate proper service of process of the initial Complaint upon the Federal Defendants; Plaintiff filed an Amended Complaint that provided Federal Defendants additional time to file a response; and that the Federal Defendants timely moved for an enlargement of time to respond to the initial Complaint, Plaintiff moved for default against the Federal Defendants. See Federal Defendants' Opposition to Plaintiff's Motion for Entry of Default Plaintiff (Dkt. No. 13). Federal Defendants timely filed an Opposition to the Motion for Default, id., and a Motion to substitute the United States as the proper Federal Defendant to Plaintiff's tort claims. Dkt. No. 14.

On August 30, 2006, the Federal Defendants moved to dismiss the Amended Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficiency of service of process, and failure to state a claim upon which relief can be granted. Defendant's Motion to Dismiss (Dkt. No. 16). Since then, Plaintiff has filed numerous "oppositions" to the motion, see Dkt. Nos. 21, 24, 27 and 29; to which the Federal Defendants have timely filed responses. Dkt. Nos. 23, 25, and 28. Plaintiff has now filed a "Fifth Opposition" to Defendant's Motion to Dismiss which raises no new facts or arguments that were not already addressed by the Plaintiff in his previously-filed "Oppositions." Dkt. No. 29. Attached to his "Fifth Opposition," Plaintiff attaches a "Motion to Enter Alternative Motion Before the Court in Case Defendant Wishes to Move Forth for a Jury Trial if Necessary" along with Requests for Admission and

---

[1] Notably, Plaintiff has no less than eleven (11) civil actions pending in this Court as a result of his being denied jobs with Federal agencies. See 05cv02353 (RCL); 06cv08 (RCL); 06cv115 (RCL); 06cv123 (RCL); 06cv194 (RCL); 06cv195 (RCL); 06cv196 (RCL); 06cv304 (RCL); 06cv1285 (RCL); 06cv1657 (RCL); and 06cv1286 (RCL).

other discovery requests that are unrelated to the pending FOIA/tort matter. Plaintiff further attached a subpoena *duces tecum* addressed to Counsel for Federal Defendants ordering that Counsel appear before the District Court. Dkt. No. 29 at Attachment 2.

I.     **PLAINTIFF'S SUBPOENA TO COUNSEL FOR FEDERAL DEFENDANTS IS IMPROPER AND SHOULD BE QUASHED.**

Subpoenas directed at an opposing counsel are highly disfavored and should not be allowed except in truly exceptional and limited circumstances which are not satisfied here.

Because directing discovery subpoenas at an opponent's attorney is a drastic measure with a strong potential for abuse, Federal courts have regarded such requests as automatically providing good cause to issue a protective order unless the party seeking discovery can show both propriety and need. See e.g., Nguyen v. Excel Corp., 197 F.3d 200, 209 & n.26 (5th Cir. 1999) ("Because depositions of opposing counsel are disfavored generally and should be permitted in only limited circumstances, one would suspect that a request to depose opposing counsel would provide a district court with good cause to issue a protective order.");[2] Mike v. Dymon, Inc., 169 F.R.D. 376 (D. Kan. 1996) (Notice of deposition); American Casualty Company of Reading Pennsylvania v. Krieger, et al., 160 F.R.D. 582, n.3 (S.D. Cal. 1995) ("Implicit in this approach is that the court will regard the mere request to depose a party's attorney as constituting good cause for obtaining a Rule 26(c) protective order, unless the party

---

[2]  *Citing* Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986) (explaining that deposing counsel disrupts the adversarial system, lowers the standards of the profession, adds to the already burdensome time and costs of litigation, and detracts from the quality of client representation); *and* Gould Inc. v. Mitsui Mining and Smelting Co., 825 F.2d 676, 680 n.2 (2d Cir. 1987) (noting that the tactic of seeking discovery from opposing counsel is generally disfavored).

seeking the deposition can show both the propriety and need therefor.").

Thus, a discovery request directed at an opponent's attorney is viewed with a jaundiced eye and is rarely proper. The rationale for this conclusion is that such discovery, even if limited to relevant and non-privileged information, are likely to have a disruptive effect on the attorney-client relationship and on the litigation of the case. Courts have therefore discouraged the practice altogether, irrespective of any claim of privilege, and have required that the party seeking the discovery demonstrate its propriety and need, specifically that: (1) no other means exist to obtain the information other than opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case. The burden is on the party seeking the discovery to establish that the above criteria are met. Mike, 169 F.R.D. at 378. Plaintiff here fails this test.

## II. THE COURT SHOULD ENTER A PROTECTIVE ORDER BARRING DISCOVERY IN THIS MATTER WITHOUT LEAVE OF COURT.

It is axiomatic that "federal courts have both the inherent and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." In re Martin-Trigona, 737 F.2d 1254, 1261 (2nd Cir. 1984). Indeed, Federal Civil Rule 26(c) gives the Court broad discretion to deny or limit discovery in order to protect a party from undue burden or expense, and to promote a case's efficient resolution. See Fed. R. Civ. P. 26(c); see, e.g., Brennan v. Local Union No. 639, 494 F.2d 1092, 1100 (D.C. Cir. 1974); Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988); Gallella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973). It is entirely appropriate for a Court to bar discovery, where there is a dispositive motion pending because it is logical that when "the determination of a preliminary question may dispose

[of the claims against a party], applications for discovery may properly be deferred until the determination of such questions." O'Brien v. Arco Corp., 309 F. Supp. 703, 705 (S.D.N.Y. 1969); see also Coastal States Gas Corp. v. Department of Energy, 84 F.R.D. 278, 282 (D. Del. 1982) (*citing* Westminster Investing Corp. v. G.C. Murphy Co., 434 F.2d 521, 526 (D.C. Cir. 1970)); Founding Church of Scientology v. United States Marshals Service, 516 F. Supp. 151, 156 (D.D.C. 1980); EEOC v. Local Union No. 3, 416 F. Supp. 728, 738 (N.D. Cal.1975) (discovery stayed pending resolution of jurisdiction question); Cannon v. United Ins. Co. of Am., 352 F. Supp. 1212, 1214-15 (D.S.C. 1973) (inappropriate to order extensive discovery pending resolution of jurisdiction). Further, where, as here, one or more issues may be dispositive of a case, it is proper to bar discovery on other issues until the dispositive issue or issues have been decided. See, e.g., Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1291 (5th Cir.) (district court did not abuse discretion in staying discovery until motion for change of venue was resolved), cert. denied, 513 U.S. 926 (1994); Ingram Corp. v. J.R. McDermott & Co., 698 F.2d 1295, 1304 n.13 (5th Cir. 1983); Abraham v. Volkswagen of Am., Inc., 795 F.2d 238, 246 (2d Cir. 1986) (courts should determine jurisdiction before conducting discovery); Thompson v. F.W. Woolworth Co., 508 F. Supp. 520, 521 (N.D. Miss. 1980) (no discovery until question of personal jurisdiction resolved).[3]

---

[3] The Court also has the power under the All Writs Act, 28 U.S.C. 1651(a) to enjoin litigants who repeatedly abuse the judicial process. Armstrong v. Koury Corp., 16 F.Supp.2d 616, 619 (M.D.N.C. 1998), aff'd 168 F.3d 481 (4th Cir. 1999); Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989); Walker v. Stanley, 231 B.R. 343, 350 (N.D. Cal. 1999). In the D.C. Circuit, "it is well-settled that a court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice." Urban v. United Nations, 768 F.2d 1497,1499-1500 (D.C. Cir. 1985). In Urban, a *pro se* plaintiff repeatedly flooded the court with meritless and unintelligible claims against real and imaginary government entities lacking in
(continued...)

Where, as in the present matter, the pending dispositive motion raises the defense of "sovereign immunity," a court may properly deny discovery until the motion is resolved. Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1252 (11th Cir 2004) ("The defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery"). Indeed, where the outstanding discovery requests are irrelevant to issues inherent in the defendants' immunity claims, the need to stay discovery is especially great. See Harlow v. Fitzgerald, 457 U.S. 800, 818 n. 30 (1982) (barring discovery not involving the elements of the immunity raised).

In the present matter, Plaintiff has propounded discovery requests that are unrelated to the legal issues underlying the Motion to Dismiss, now before this Court. Notably, Plaintiff's request for discovery at this stage seem to prematurely anticipate discovery that might be had in the event that the Court denies the Federal Defendants' dispositive motion. Such discovery, however, is inappropriate now.

In addition, because Plaintiff's action challenges the Federal Defendants' response to his FOIA requests, discovery is generally unavailable in a FOIA action. Wheeler v. C.I.A., 271 F. Supp.2d 123 (D.D.C. 2003). Discovery is absolutely barred, moreover, when a plaintiff seeks to obtain the very contents of the withheld documents or sections of documents – the issue that lies at the very heart of a FOIA case. Local 3, International Brotherhood of Electrical Workers v. NLRB, 845 F.2d 1117, 1179 (2d Cir. 1988). See also Laborer's International Union v.

---

[3]/(...continued)
any substantive basis upon which the court might maintain jurisdiction. Id. In barring the plaintiff from filing any future actions in any federal court without prior leave of court, the D.C. Circuit Court reasoned that it had an obligation to relieve the burden placed on the system by "one litigant who has a fanatical desire to flood the courts." Id.

Department of Justice, 578 F. Supp. 52, 56 (D.D.C. 1983) (no discovery allowed where answers would "serve to confirm or deny the authenticity of the documents held by plaintiff"), *aff'd* 772 F.2d 919 (D.C. Cir. 1984). Here, many of Plaintiff's discovery requests seek the very documents and information withheld, and are accordingly, improper.

WHEREFORE, Federal Defendants respectfully submit that this motion to quash and for a protective order should be granted. A proposed Order consistent with this Motion is attached.

Respectfully submitted,

  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 12, 2007, the foregoing Federal Defendants' Motion to Quash and for a Protective Order and proposed order were sent, by first-class mail, postage pre-paid, to the Plaintiff, Sam L. Clemmons, 548 Saint Charles Place, Brookhaven, MS 39601.

   /s/ Darrell C. Valdez
DARRELL C. VALDEZ
Assistant United States Attorney