### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

SAM L. CLEMMONS )     **CIVIL ACTION NO:**
      PLAINTIFF )
   )     **1:06CV00305 (RCL)**
   )
vs. )
   )
   )
DEPARTMENT OF JUSTICE (DEA), )     **RECEIVED**
et al., )
   )     FEB 2 8 2007
    DEFENDANTS )
   )     NANCY MAYER WHITTINGTON, CLERK
                                              U.S. DISTRICT COURT

_____

<u>PLAINTIFF'S 2ND MOTION REQUESTS TO ENTER 2ND ALTERATIVE MOTION BEFORE THE COURT IN CASE DEFENDANT WISHES TO MOVE FORTH FOR A JURY TRIAL OR SUMMARY JUDGMENT IF NECESSARY. PLAINTIFF ENTERS PLAINTIFF'S SECOND REQUESTS FOR ADMISSIONS, SETS OF INTERROGATORIES, AND CONTINUOUS REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED TO DEFENDANT TO SET STAGE FOR JURY TRIAL OR SUMMARY JUDGMENT IF NECESSARY IN SUPPORT OF [EXHIBIT X] SUBMITTED IN THE COURT RECORDS JUSTIFYING AN ILLEGAL FULL-FIELD BACKGROUND INVESTIGATION</u>

Comes Sam L. Clemmons, Plaintiff *Pro Se* files his **2ND MOTION REQUEST AND MASTER ORDER** before the Office of the Clerk, requesting the clerk to Enter Plaintiff's 2ND Motion Request to enter Plaintiff's Second Requests for Admissions, Sets of Interrogatories, and Continuous Requests for Production of Documents and Things Propounded to Defendants to set stage for Jury trial or Summary Judgment if necessary if the Defendant wishes not to accept such Default entry and wishes to defend such case before a jury trial.

The Defendants should have an additional <u>10 days</u> according Standard Federal Rules of Civil Procedures Prec. R. 1, Refs & Annos Civ. R.15, R.26 (f), R. 33 (a), R. 33 (b) (3), R. 34, R.36 (b), R. 37, 38 (b), R. 45 and R. 54 - 56.

In subsequently to _Neal v. Kelly_, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform pro se litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted by the district judge as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." Id at 456 in which the Plaintiff still quote _Lewis v. Faulkner_, 689 F.2d 100, 102 (7th Cir. 1982), _Fox v. Strickland_, 837 F. 2d 507 (D.C. Cir. 1988) and _Celotex Corp. v. Catrett_, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

The Plaintiff has given the Defendants every opportunity to come good before this honorable court and has given the Defendants every opportunity to produce evidence against the Plaintiff's claims under Rule 56 (e) of the Federal Rules of Civil Procedures which states supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The Court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In this case before the Court, the Plaintiff has entered multiple sworn affidavit of service before the court in showing proper service according to the Court's rules and instructions, proper

affidavit of service rebutting and disputing the Defendant's responses by means of Motion to Enter Discoveries, proper affidavit of service showing proper but timely filing of Admissions, Interrogatories and Subpoena Duce Tecum requests given the Defendant and equal but fair chance to defend such lawsuit.

The Plaintiff has stated multiple time according to Federal Rules of Civil Procedures, Rule 8 a claim upon which relief can be grant. Once again for the record and on the record and before the Court, Jury and others, relief can only be granted through proper compensation according to the Plaintiff's initial demands. Everyone has to realize and understand especially the Defendants, for a man to be falsely accused of a crime he did not commit or was never under an ordered investigation by anyone and for someone by the name of **Larry Pearson** who is supposedly be the king pin of these illegal activities. This was the person who gave and presented Special Agent Eldred Earls the false information on Richard D. Scott. This was the person who was totally responsible for redacting false releasing of information from the DEA that the Plaintiff finally and officially discovered on October 28, 2006 @ 7:00 p.m. which resulted in the Plaintiff still until this date of never receiving all the information sought under this lawsuit and under the guidelines of the Freedom of Information Act and Privacy Act.

As told by an anonymous sources such person (Larry Pearson) is person in a position of trust who intentionally tainted Plaintiff's character and used such person private and confidential information without anyone knowledge or consent especially the Plaintiff and entered it into a criminal database falsely accusing such person of criminal negligence and he and other tries to refuse and avoid from releasing such record that should be legitimately available at any moments of requests but such key information is redacted which shows many signs of suspicious activities with such agencies given excuses or claims talking about protecting someone when such person

suppose to be able to defend, explain and justify any information such person entered under his or her name in any situation or manner of the laws of justice. This alone shows such person to be a coward, fraud and lack of responsibility to defend him or herself. As long as so many others try to hide and protect such person that person will still have to pay for their crimes and act of negligence just as all the other people who were found guilty in a court of law and in the end results they too had to pay. Regardless someone has to pay and it should not be the Plaintiff for the Plaintiff has paid enough in filing this complaint, responding to through oppositions and filing appropriate discovery validating statements and defending against the Defendant's responses.

If this or such person is Larry Pearson, the proof and true will only be reveal and told by releasing the truth through releasing all the records, documents sought through the Plaintiff's Motion requests for Admissions, Sets of Interrogatories, and Continuous Requests for Production of Documents and Things Propounded to Set the Stage for a Jury trial if such is not disclosed and released in a timely manner.

Anyone can study these cases and realize that the Defendants tried to be above the law for some reasons unknown at this point in an attempt to false but mislead and mislabel the Plaintiff as a <u>security threat</u> to this country just as so in the case before the Court in <u>*United States v. John Lennon*</u>. This so call person by the name of Larry Pearson and Eldred Earls performed stalking tactics, gave other false and misleading information about the Plaintiff without any orders to do so. This person most likely gave others the Plaintiff's person but private information without the Plaintiff's knowledge or consent violating many crimes of the privacy act triggering and causing many episodes of identity theft, theft by deception, identity fraud and others to the

point of Plaintiff having to file this lawsuit against all those who played a part in giving false information during and under an order federal investigation.

Now it seems that such person now seeks protection through the channels of the federal government agencies when such agencies does not have the rights to protect any federal employee when it is known in any court record or dockets that such person is a subject under investigation and a subject to be subpoena in a court of law to validate, justify, produce and provide such evidence and orders protecting such person to perform the negligence acts that such person is responsible for performing. Other law enforcement personnel has been brought into the court and punished for their wrongdoing....what makes this person or people any different from so many others.

One will have to realize and understand that the Plaintiff had a clean and clear record. The Plaintiff never in his life stole anything except for petty taking something from his mother or grandmother without them knowing such but such was not of value at all. The items were taking cookies out of a cookie jar without obtain permission. Keep in mind, the Plaintiff has filed so many other household claims in the past what makes this one in particular so special and unique from all the other ones?

The Plaintiff is a very well known person who is fully capable of being productive and knows how to obtain anything he wants in a legal form or fashion. The Plaintiff knows how to satisfy his need or wants without stealing. So what make one to think then and now that the Plaintiff is in desperate need for something that he can easily go out and get such by using his talent and skill to accomplish and achieve whatever he so seek and desire to have as to the point of what the Plaintiff has done today through filing his claim for damages.

Sam L. Clemmons vs. Drug Enforcement Administration (DEA) Department of Justice; **CIVIL CASE NO: 1:06CV00305 (RCL)**

It is amazing to find out through all this rumbling and excuses by the Defendant they the Defendants stray away from arguing and discussing the false claim or illegal activity by the Department of Defense trying to accuse or claim the Plaintiff of owing the government $20,000.00 in many attempts then to destroy the Plaintiff's credit and character which too played a part in this lawsuit.

The Plaintiff will request the Department of Justice polygraph examination results to be used as evidence once such department too releases all their evidence for the record under the Freedom of Information Act and Privacy Act release request. This polygraph examination is admissible in any court of law and if the Plaintiff could pass such examination why these events coming from the Department of the Army prior to the examination are still stalking and hunting the Plaintiff? And we try to make the Plaintiff to be a security threat as the government tried to make John Lennon.

This illegal tactic really makes the government look bad and people within the government sector and not the Plaintiff because the Plaintiff has proven his points in so many ways. It was not just this person who will be found guilty of wrongdoing but so many others are just like him or she and some are in the government sectors and some are not. Regardless, they all will or should have to pay for these crimes. They too have to realize and understand that the Plaintiff too has a family and a community of people to take care of and make sure they are safe from harms way from such illegal activities of the Defendants' acts or actions in this society that we live. They all have to realize and understand that security cost.

Therefore, the Plaintiff's reasons according to Federal Rules number 8 are as followed: One, the trust factors will never be the same or to the point in which the Plaintiff had in such Defendants. Second, The scars and damaged are none recoverable the Defendants clearly placed

themselves there by their intentional actions which are now proven by the Plaintiff without any documentation presented or provided by the Defendants to defend or state otherwise. Third, the Defendants on their own cognizance must repair their own damage they have done and correct their policies and procedures so that continuous occurrences will not continue to occur. Fourth, the Plaintiff seek full compensation only because the Plaintiff has a family just like every other American and debts, bills and creditors to pay just like everyone else. Compensation will be best suitable to assist the Plaintiff in recovering from the damages done to him, his career, his character and his family. These four reasons should now justify any Defendant's rebuttal or claim regarding any claims expressing the Plaintiff failed to state or express Rule number 8 of the Federal Rules of Civil Procedures.

It should now be in the best interest of the Court to eliminate any ongoing or unnecessary cost and expense upon the Court and the Plaintiff and should now honor the Plaintiff's Master Order Request and other orders if for some reason the Plaintiff's Second Admissions, Sets of Interrogatories, and Continuous Requests for Production of Documents and Things Propounded to Defendants to set stage for Jury trial or Summary Judgment is denied.

The Defendant dispositive motion is just that a claim for dismissal without any evidence or proof given this honorable court of any justification grounds to dismiss such lawsuit without any evidence making the Defendants not to have any merit or grounds for dismissal.

If this motion request is acceptable then the Defendants should have an additional 10 days according to Federal Rules of Civil Procedures Prec. R. 1, Refs & Annos Civ. R.15, R.26 (f), R. 33 (a), R. 33 (b) (3), R. 34, R.36 (b), R. 37, R. 45, and R. 54-56 in order to stay in compliance with the Attorney General deadline date of April 1st, of each year concerning

receiving such reports on the final outcome of all Freedom of Information Act and Privacy Act lawsuits presented in the U.S. District Court.

If such is not acceptable then the Plaintiff wishes to use his constitutional right in demanding a jury trial so that the jury can review the record and hear the case before the court and rule in correcting the Plaintiff's record and awarding the Plaintiff for all the damages the Plaintiff seek in this lawsuit before the Court.

Respectfully submitted,

Sam L. Clemmons
Plaintiff, *Pro Se*

**Attachments:**

Plaintiff's Interrogation Request
Subpoena in a Civil Case
Motions Requests
Four Proposed Orders
Exhibit **[X submitted]**

**Copies to:**

**To: Defendant's Counsel**

Darrell C. Valdez
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW, Civil Division
Washington, DC 20530 / **Certified Mail # 7006 0810 0004 2646 7175 /
7006 0100 0001 6544 1832**

U.S. ATTORNEY GENERAL
950 Pennsylvania Ave, NW
Washington, DC 20530 / **Certified Mail # 7006 0810 0004 2646 7168 /
7006 0100 0004 7928 3517**

And

**United States District Court for the District of Columbia**
Attn: Office of the Clerk &
Judge Royce C. Lamberth's Chambers
333 Constitution Ave, NW
Room 1225
Washington, DC 20001/ **Delivery Confirmation # 0305 0830 0004 5848 5126**

Sam L. Clemmons vs. Drug Enforcement Administration (DEA) Department of Justice; **CIVIL CASE NO:
1:06CV00305 (RCL)**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL CLEMMONS ) | **CIVIL ACTION NO:** |
| PLAINTIFF, ) | |
| ) | **1:06CV00305 (RCL)** |
| vs. ) | |
| ) | |
| ) | |
| DEPARTMENT OF JUSTICE (DEA), ) | |
| et al., ) | |
| DEFENDANT ) | |
| ) | |
| ) | |

## PLAINTIFF'S MOTION REQUEST TO COMPEL DEFENDANT TO PRODUCE ALL EVIDENCE TO DEFEND SUCH LAWSUIT OR CLOSE CASE AND MOVE FORTH FOR SUMMARY JUDGMENT IN ACCORDANCE WITH THE PLAINTIFF'S DISCOVERY ENTRY AND IN ACCORDANCE WITH RULE 26 (D).

Comes now the Plaintiff now file such motion request to **"COMPEL"** the Defendant to produce all evidence to defend such lawsuit or close case after Plaintiff entry of discovery in support of Plaintiff's motion requests for summary judgment in whole or by default. The Plaintiff has entered his Exhibits in support of the Defendant's failures according to *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir.1982) and *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) now request to move forth for a jury trial or summary judgment if necessary.

The Defendant had well over enough time according to the Court's calendar to produce all their evidence the Defendant wishes to use in a trial setting. Therefore, it is now known before this Court that the Defendant has exhausted all their time. The Plaintiff's requests should be honored to avoid continuous submission of such motions by the Plaintiff or the Plaintiff's estate and to eliminate ongoing expenses by the Court.

The Defendants have no rights whatsoever to withhold, redact, or refuse to release all the records sought in nature to my alleged full field background investigation according to the laws of the Freedom of Information Act and Privacy Act or any other laws.

I (the Plaintiff) should be able to receive all my records sought and the record a noble Congressman requested but too was denied. That alone should speak for everything in this case before this honorable court.

Why should the rules be applied so differently when it comes to my requests?

The Defendant has failed to come before the court with truth and honesty on the record which should draw major signs in why the Defendant's Counsel now wish to file an opposition to the Plaintiff's Motion Requests to Enter Alternative Motion ET AL. And Federal Defendants' Motion for a Protective Order.

If anyone should read the Defendant's Counsel Statements anyone can see and tell that the Defendant's Counsel is now trying to run away from something that he or she knows that they lied and gave misleading information to the Plaintiff and now before the Court. The Defendant's Counsel Statements are bogus statement and outrageous ridiculous and should be immediately quashed from the record.

The Defendant's Counsel filed a motion to dispositive motion to dismiss after failing to response to the summons and complaint served upon the Defendants within the required time as instructed by this Court. This is <u>violation # 1</u> as to why the Defendant's Counsel bogus requests should not be honored.

The Defendant's Counsel failed to provide any proof at all of timely filing by electronic means. This is <u>violation # 2</u> as to why the Defendant's Counsel bogus requests should not be honored.

1    The Defendant's Counsel failed to enter a notice of appearance and any enlargement for
2    time requests and orders approving such requests. This is <u>violation # 3</u> as to why the Defendant's
3    Counsel bogus requests should not be honored.

4
5    The Defendant's Counsel upon responding submitted and provided this honorable court
6    with false information in an attempt to mislead the Court. This is <u>violation # 4</u> as to why the
7    Defendant's Counsel bogus requests should not be honored.

8    The Plaintiff entered part of his Motion Request for Discovery after the Defendant should
9    have been placed in default status by the Clerk to support the Clerk's actions and professionally
10   served all the parties by means of Affidavits justifying why such record now should be closed
11   with a summary judgment by default in favor of the Plaintiff.

12   The Defendant's Counsel responded to the Plaintiff's complaint on a date after the Clerk
13   did his or her job by entering such agency in default, which was well beyond the timeframe of <u>20</u>
14   <u>days</u> as required by the laws under the Freedom of Information Act. In such response the
15   Defendant's Counsel tries to mislead the Court by providing the Court with nothing but claimed
16   that the Plaintiff had received all the information under the Freedom of Information Act and
17   Privacy Act. Just recently upon the Plaintiff serving the Defendant Exhibit [X] justifying a full
18   field background investigation never been done accordingly to the false claims by the
19   Defendants. Now the Defendant wants to Stay Discovery and request a Protective Order which
20   should draw many strange signs as the Plaintiff continue to explain and rebut below.

21   After receiving the Plaintiff's submission before the Court, the Defendant's Counsel
22   wishes to continue to try to mislead the Court in bogus claim or statement before the Court on
23   February 12, 2007 after receiving the Plaintiff's First Request for Admission, Set of
24   Interrogatories, and Request for Production of Documents and Things Propounded to Defendants
25

to set stage for Jury trial if necessary if the Defendant wish not to accept such Default entry and wishes to defend such case before a jury trial.

The Plaintiff filed such motion as a protection shield because the Defendants should be in default and now if such Defendants think they should not be in default then it should not be any problem at all to answer the Admission, Set of Interrogatories and to Produce all the Documents and evidence the Plaintiff has now requested on the record to set such stage for a jury trial which now the Plaintiff is now demanding according to the Plaintiff's constitutional rights.

If one directs ones attention to the Defendant's claims on February 12, 2007 in the Federal Defendant's Opposition to Plaintiff's Motion Requests, see the first paragraph should one question why would a government agency who operate on federal funds seek a protective order staying discovery when such agency has all the Plaintiff's personal but private information such as fingerprints, blood, social security number, date of birth, etc. and such agency performed an investigation into the Plaintiff's private parts with the Plaintiff's consent to do so for employment purposes only but now such Agency or Defendant wish to stay discovery under a Freedom of Information Act and Privacy Act lawsuit. This is a strong sign an indication of hiding, lying and giving false information according to§ 111 ALR, Fed. 295, which states giving or receiving false information to any Federal Departments or Agency is consider a violation of 18 U.S.C.A § 1001 (2)(15)(34); making it a criminal offense to make false statements and deny career employment in any matter under jurisdiction of the departments or agency of the United States of America. Once the Court has honored the Plaintiff's request and has denied the Defendant's request the Court should not have any problem in ruling accordingly.

Now if one continue to move forward to the Defendant's Counsel Memorandum of Points and Authorities in Support of Federal Defendant's Opposition to Plaintiff's Motion

1  Requests to Enter Alternative Motion ET AL. and Federal Defendants' Motion to Quash

2  Subpoena and for a Protective Order one will continue to read between the lines and see that this

3  submission before the court is one to avoid true justice and too should be denied on these

4  grounds in conjunction to the other failures listed in the pervious paragraphs and pervious

5  submission by the Plaintiff.

6  

7  One now can clearly see due to the Defendants and the Defendant's Counsel illegal

8  attempts are to withhold such information. It shows they are more legal involved in illegal

9  activity as stated by the Defendant's Counsel in other cases pending before this Court. Those

10 cases have been proven that FRAUD existed as well as the Plaintiff has proven that FRAUD

11 exists in this case before the Court.

12  The Plaintiff's outstanding discovery requests are not irrelevant and they all should be

13 honored now to prove fraud is not the case before this case pending in the U.S. District Court for

14 the District of Columbia.  This is the Plaintiff's ten or more attempt to obtain the truth and the

15 documents the Plaintiff seeks in the Plaintiff's Second requests for Admission, Interrogatories

16 and Production of all Documents requested before the Court according to the Federal Rules of

17 Civil Procedures.

18  

19  The Defendants have had well over enough time according to the Court's calendar to

20 produce such evidence the Defendant they wishes to use in a trial setting. Therefore, it is now

21 known before this Court that the Defendant has exhausted all its time. The Plaintiff's requests

22 should be honored to avoid continuous submission of such motions by the Plaintiff or the

23 Plaintiff's estate and to eliminate ongoing expenses by the Court.

24  This illegal tactic really makes the government look bad and people within the

25 government sector and not the Plaintiff because the Plaintiff has proven his points in so many

ways. It was not just this person who will be found guilty of wrongdoing but so many others are just like him or she and some are in the government sectors and some are not. Regardless, they all will or should have to pay for these crimes. They too have to realize and understand that the Plaintiff too has a family and a community of people to take care of and make sure they are safe from harms way from such illegal activities of the Defendants' acts or actions in this society that we live. They all have to realize and understand that security cost.

Therefore, the Plaintiff's reasons according to Federal Rules number 8 are as followed: One, the trust factors will never be the same or to the point in which the Plaintiff had in such Defendants. Second, The scars and damaged are none recoverable the Defendants clearly placed themselves there by their intentional actions which are now proven by the Plaintiff without any documentation presented or provided by the Defendants to defend or state otherwise. Third, the Defendants on their own cognizance must repair their own damage they have done and correct their policies and procedures so that continuous occurrences will not continue to occur. Fourth, the Plaintiff seek full compensation only because the Plaintiff has a family just like every other American and debts, bills and creditors to pay just like everyone else. Compensation will be best suitable to assist the Plaintiff in recovering from the damages done to him, his career, his character and his family. These four reasons should now justify any Defendant's rebuttal or claim regarding any claims expressing the Plaintiff failed to state or express Rule number 8 of the Federal Rules of Civil Procedures.

It should now be in the best interest of the Court to eliminate any ongoing or unnecessary cost and expense upon the Court and the Plaintiff and should now honor the Plaintiff's Master Order Request and other orders if for some reason the Plaintiff's Second Admissions, Sets of

Interrogatories, and Continuous Requests for Production of Documents and Things Propounded to Defendants to set stage for Jury trial or Summary Judgment is denied.

The Defendant dispositive motion is just that a claim for dismissal without any evidence or proof given this honorable court of any justification grounds to dismiss such lawsuit without any evidence making the Defendants not to have any merit or grounds for dismissal.

If this motion request is acceptable then the Defendants should not have an additional 30 days according to Federal Rules of Civil Procedures Prec. R. 1, Refs & Annos Civ. R.15, R.26 (f), R. 33 (a), R. 33 (b) (3), R. 34, R.36 and (b), R. 45, R. 56 in order to stay in compliance with the Attorney General deadline date of April 1st, of each year concerning receiving such reports on the final outcome of all Freedom of Information Act and Privacy Act lawsuits presented in the U.S. District Court.

If such is not acceptable then the Plaintiff wishes to use his constitutional right in demanding a jury trial so that the jury can review the record and to hear the case before the court and rule in correcting the Plaintiff's record and awarding the Plaintiff for all the damages the Plaintiff seek in this lawsuit before the Court.

The Plaintiff hereby entered multiple but many oppositions against such motion requests by the Defendant attached with the Plaintiff's First and Second Motion Request for Admissions, Sets of Interrogatories, and Continuous Requests for Production of Documents and Things Propounded to Set Stage for Jury Trial for appropriate Jury Trial or Summary Judgment according to the Federal Rules of Civil Procedures, Rule 52.

The Plaintiff has entered the appropriate documentation to be entered into discovery in support of Plaintiff's motion requests for summary judgment by default or summary judgment in

1   favor of the Plaintiff due to the Defendant's failures to obey Court's instructions and the normal

2   operation procedures of the Rules under the Federal Rules of Civil Procedures.

3       The Plaintiff has entered his Exhibits in support of the Defendant's failures according to

4   *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir.1982) and *Fox v. Strickland*, 837 F.2d 507 (D.C.

5   Cir. 1988) and accordingly and timely.

6

7       The law clearly states… In subsequently to *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992),

8   the Court of Appeals stated that the district court must inform pro se litigants that, on a motion

9   for summary judgment, "any factual assertions in the movant's affidavits will be accepted by the

10  district judge as being true unless [the opposing party] submits his own affidavits or other

11  documentary evidence contradicting the assertion." Id at 456 in which the Plaintiff still quote

12  *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982), Fox v. Strickland, 837 F. 2d 507 (D.C. Cir.

13  1988) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265

14  (1986).

15      The Plaintiff has given the Defendants every opportunity to come good before this

16  honorable court and has given the Defendants every opportunity to produce evidence against the

17  Plaintiff's claims under Rule 56 (e) of the Federal Rules of Civil Procedures which states

18  supporting and opposing affidavits shall be made on personal knowledge, shall set forth such

19  facts as would be admissible in evidence, and shall show affirmatively that the affiant is

20  competent to testify as to the matters stated therein. Sworn or certified copies of all papers or

21  parts thereof referred to in an affidavit shall be attached thereto or served therewith. The Court

22  may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories,

23  or further affidavits. When a motion for summary judgment is made and supported as provided

24  in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse

25

party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In this case before the Court, the Plaintiff has entered multiple sworn affidavit of service before the court in showing proper service according to the Court's rules and instructions, proper affidavit of service rebutting and disputing the Defendant's responses by means of Motion to Enter Discoveries, proper affidavit of service showing proper but timely filing of Admissions, Interrogatories and Subpoena Duce Tecum requests given the Defendant and equal but fair chance to defend such lawsuit.

In closing, let the law stand and the law states itself in saying, according to section (b) of the Freedom of Information Act and Privacy Act it clearly states that on complaint, the District Court of the United States in the District in which the complainant resides, or has his principle place of business, or in which the agency records are situated, or in the District of Columbia. This District Court has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter *de novo* in what the Plaintiff has requested in this MOTION before the courts. The Court may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemption set forth in subsection (b) of this section, and the burden is on the agency (The Defendants) to sustain its action. In addition to any other matters to which a court accords substantial weight, a court shall accord substantial weight to an affidavit of an agency concerning the agency's determination as to technical feasibility under paragraph (2)(c) and subsection (b)

and reproducibility under paragraph (3)(b). It is known for the records that whenever the court orders the production of any agency records improperly withheld from the complainant (the Plaintiff) and assesses against the Untied States reasonable attorney fees and other litigation costs, and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding. The Special Counsel, after investigation and consideration of evidence submitted, shall submit his finding and recommendations to the administrative authority of the agency concerned and shall send copies of the finding and recommendations to the officer or employee or his representative. The administrative authority shall take the corrective action that the Special Counsel recommends. In this case today before the courts special actions needs to be administrated upon the Defendant's counsel for coming into the honorable courts and trying to mislead the courts and failure to present the facts according to the statements made in their submissions to the courts causing **all** theirs statements to be in dispute and in question.

The Plaintiff is requesting the facts to every statement such Defendant and Defendant's Counsel wishes to make. *"Without facts, you have nothing"* *"You must provide the facts, proof to support your statements"* If not what you are saying before the court is without merit.

In closing, I (the Plaintiff) express to the Court and to the Defendant's Counsel and alleged Defendant's Counsel...I (the Plaintiff) did not ask to come here nor did I request to be brought into this. The Defendants' actions alone makes them to be solely but totally responsible for these arguments in the Court today and as far as I (the Plaintiff) can see it, this case should

have been in default after the Defendant's Counsel failures, missing the Court's deadline for filing a dispositive motion as stated by the Plaintiff earlier in this submission and before other submissions before the Court.

Once again, the Plaintiff has expressed before this honorable court that relief can only be granted by the Defendant's correction to his, her, its and their practices and ways in withholding, reporting or giving information to any state or federal sector of the government, especially concerning a person true character under a federal investigation. In additional relief can be granted through compensation expressed by the Plaintiff in the Plaintiff's initial complaint according to Rule 8 of the civil procedures and the Defendant (s) should be held liable for all court cost after such summary judgment.

Once again, the Plaintiff rests and place this **MASTER ORDER** request in the hands of the judge so that the judge can now review the record as a whole and render the Plaintiff's Summary Judgment in whole or by Default to bring this case to a close before this honorable court within 10 days after receipt of this motion filing.

The Plaintiff has entered certified certification that shows that the movant has in good faith conferred or has attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

The Defendant has failed to answer any of the questions propounded or submitted under Rule 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a). The Defendant has failed to answer the interrogatories submitted under Rule 33. The Defendant has failed in their response to the Plaintiff and the Court to allow the Plaintiff and the Court to inspect any but all documents submitted under Rule 34. Now the Plaintiff has moved in

accordance with the federal rules of civil procedures to enforce an order to compel an answer, or a designation, or an order compelling inspection in accordance with the pervious requests.

The Plaintiff has made three known certified attempts on the record to propound the Defendant to provide such evidence to move forth for a jury trial or to bring complete closure to this case before the Court. All three attempts have failed. With the evidence submitted by the Plaintiff and the additional failures by the Defendant, this is enough evidence for a favorable ruling or judgment in whole but in favor of the Plaintiff according to the rules and instructions of the Court.

The Plaintiff once again expresses, provide and states before the Defendant, Court and Jury that it has always been known when considering a motion for summary judgment, it is known that the court must examine all evidence in the light most favorable to the plaintiff (nonmoving party). I would advised the defendant to consider case laws _Langley v. Adams County_, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the defendant) bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. See **Fed. Rules Civ.Proc. Rule 217k2406(2)**. _See case law_: _Anthony v. United States_, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the defendant) does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's (the plaintiff) case" In this case the nonmoving party (the plaintiff) has expressed evidence to support the plaintiff's claim; therefore, case law to consider: _Celotex Corp. v. Catrett_, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter. Therefore the Defendant has sustained no loss in this action, nor did the Plaintiff cause any hurt or harm to the Defendant, the Defendant caused this action or judgment upon self in either failing to response, failing to produce or

provide the court with substantial facts or any facts at all to justify dismissal but fail to obey the

Court's rules and instructions.

Respectfully Submitted,

Samuel Clemmons
Plaintiff, *Pro Se*

See Attached ORDERS

AO 88 (Rev. 1-94) Subpoena in a Civil Case

Issued by the
# United States District Court
### DISTRICT OF COLUMBIA

SAM L. CLEMMONS

Vs.

DEPT. OF JUSTICE (DEA)

SUBPOENA IN A CIVIL CASE

CIVIL CASE NUMBER:

**1:06CV00305 (RCL)**

To: *U.S. ATTORNEY DARRELL C. VALDEZ*

☑ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| *U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA ATTN: OFFICE OF THE CLERK & JUDGE ROYCE C. LAMBERTH 333 CONSTITUTION AVE, NW, RM # 1225 WASHINGTON, DC 20001* | *1225* |
| | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE *U.S. DISTRICT COURT, 333 CONSTITUTION AVE, NW, RM #1225, WASHINGTON, DC 20001 AND PLAINTIFF'S ADDRESS* | DATE AND TIME |
|---|---|
| | |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE *4/21/2007* |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER   *PH # 866-404-7758*
*SAM L. CLEMMONS, 548 SAINT CHARLES PL, BROOKHAVEN, MS 39601*

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1. 94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | |
|---|---|---|
| SERVED | *DEPARTMENT OF JUSTICE DRUG ENFORCEMENT ADM.* | PLACE *JUDICIARY CENTER BLDG. 555 4TH STREET, NW, CIVIL DIV WASHINGTON, DC 20530* |

SERVED ON (PRINT NAME)

*ATTORNEY DARRELL C. VALDEZ*

MANNER OF SERVICE

*CERTIFIED MAIL RETURN RECEIPT #*
*7006 0810 0004 2646 7175*
*7006 0100 0001 6544 1032*

SERVED BY (PRINT NAME)

*SAM L. CLEMMONS*

TITLE

*PLAINTIFF PRO SE*

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  _____ Date

*1/8/2007*

*2/26/2007*

Signature of Server

*545 SAINT CHARLES PL*

Address of Server

*BROOKHAVEN, MS 39601*

*PH: 866-409-7758*

---

RULE 45, Federal Rules of Civil Procedure, Part C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)    (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that

person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies or

(vi) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    when information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**PROVEN FRAUD
ACTIVITY BY
DEFENDANTS
JUSTIFYING LAWSUIT**

AO 88 (Rev. 1 94) Subpoena in a Civil Case

Issued by the

# United States District Court

### DISTRICT OF COLUMBIA

**SAM L. CLEMMONS**

Vs.

**SUBPOENA IN A CIVIL CASE**

CIVIL CASE NUMBER:

To:      **DEPT. OF JUSTICE (DEA)**

**1:06CV00305 (RCL)**

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

PLACE OF TESTIMONY

| | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

PLACE OF DEPOSITION

| | DATE AND TIME |
| --- | --- |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

PLACE

| | DATE AND TIME |
| --- | --- |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

PREMISES

| | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

If action is pending in district other than district of issuance, state district under case number.

**COURT COPY TO COMPEL
EVIDENCE IF NECESSARY
THROUGH PLAINTIFF'S
MOTION REQUEST TO
PRODUCE ALL THE EVIDENCE**

AO 88 (Rev. 1. 94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
Date

_____
Signature of Server

_____
Address of Server

RULE 45, Federal Rules of Civil Procedure, Part C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)    (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that

person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**PLAINTIFF'S SECOND REQUEST FOR ADMISSIONS, SETS OF INTERROGATORIES, AND CONTINUOUS REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED TO DEFENDANT TO PROVE CASE IS NOT FRAUD OR IN DEFAULT**

## DEFINITIONS

Plaintiff, Sam L. Clemmons, *Pro Se* status is now attempting to collect and recovery all information from the Defendant, Drug Enforcement Administration (DEA) and any of such information will be use for further court purpose or jury trial.

As used herein, the terms listed below are defined as follow:

A.  The terms, *"you"* and *"your,"* mean Department of Justice (Drug Enforcement Administration) and the Defendant's Counsel and any and all persons, employees, agents and others acting or purporting to act on behalf of Department of Justice (Drug Enforcement Administration) and its Federal Employees.

B.  The terms *"I,"*, *"me,"* *"my,"* Plaintiff and all persons, employees, officer, owners, agents and others acting on behalf of Sam L. Clemmons' Estate.

C.  The term "Plaintiff," means Sam L. Clemmons all persons, employees, officers, owners, agents and others acting on behalf of Sam L. Clemmons' Estate.

D.  The term "*Judge*" means an official with the authority and responsibility to preside in a court, try lawsuits and make legal rulings. Judges are almost always attorneys. In some states, "justices of the peace" may need only to pass a test and federal and state "administrative law judges" are often lawyer or non-lawyer hearing officers specializing in the subject matter upon which they are asked to rule. The word "court" often refers to the judge, as in the phrase "the court found the defendant at fault," or "may it please the court," when addressing the judge. The word "bench" also refers to the judge or judges in general. Judges on appeals courts are usually called "justices."