UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM CLEMMONS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 06cv305 (RCL) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, et al., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**FEDERAL DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL**

    The Federal Defendants, by and through their attorney, the United States Attorney for the District of Columbia, respectfully opposes Plaintiff's Motion to Compel that is contained within Plaintiff's Second Motion for Discovery to Set Stage for Jury Trial or Summary Judgment (Dkt. No. 32). In support of the Opposition, Federal Defendants state as follows:

    1.    As outlined in greater detail in Federal Defendants' Memorandum of Points and Authorities in Support of Its Motion to Dismiss (Dkt. No. 16), the history of Plaintiff's pursuit of this litigation stems back to his Freedom of Information Act ("FOIA") request for information and documents the Drug Enforcement Administration (DEA) allegedly relied upon in denying Plaintiff a job as a DEA agent. Plaintiff filed the present civil action on February 15, 2006, asserting a violation of the FOIA by the DEA, and intentional tort claims against employees of the DEA.[1] Federal Defendants timely filed a Motion to substitute the United States as the proper

---

[1]    Notably, Plaintiff has no less than eleven (11) civil actions pending in this Court as a result of his being denied jobs with Federal agencies. See 05cv02353 (RCL); 06cv08 (RCL); 06cv115 (RCL); 06cv123 (RCL); 06cv194 (RCL); 06cv195 (RCL); 06cv196 (RCL);
(continued...)

Federal Defendant to Plaintiff's tort claims.  Dkt. No. 14.

2.	On August 30, 2006, the Federal Defendants moved to dismiss the Amended Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficiency of service of process, and failure to state a claim upon which relief can be granted. Defendant's Motion to Dismiss (Dkt. No. 16).  Since then, Plaintiff has filed numerous "oppositions" to the motion, see Dkt. Nos. 21, 24, 27 and 29; to which the Federal Defendants have timely filed responses.  Dkt. Nos. 23, 25, 28, 30 and 31.

3.	On January 10, 2007, Plaintiff filed a "Motion to Enter Alternative Motion Before the Court in Case Defendant Wishes to Move Forth for a Jury Trial if Necessary" along with Requests for Admission and other discovery requests that are unrelated to the pending FOIA/tort matter.  Plaintiff further attached a subpoena *duces tecum* addressed to Counsel for Federal Defendants ordering that Counsel appear before the District Court.  Dkt. No. 29 at Attachment 2.

4.	Federal Defendants filed a Motion to Quash Subpoena and a Motion for Protective Order on February 12, 2007, demonstrating that Plaintiff's subpoena to counsel for Federal Defendants, as well as his discovery requests were improper.  Federal Defendants' Motion to Quash Subpoena and for a Protective Order (Dkt. No. 30 and 31).  Plaintiff has failed to respond to the Motion.

5.	In spite of the fact that Federal Defendants have filed a Motion to Dismiss and a Motion for Protective Order, Plaintiff has served yet additional Requests for Production of Documents, Requests for Admission and Interrogatories that are unrelated to the currently-

---

[1]/(...continued)
06cv304 (RCL); 06cv1285 (RCL); 06cv1657 (RCL); and 06cv1286 (RCL).

pending Motion to Dismiss, has, again, issued a subpoena for counsel for Federal Defendants for an unknown purpose, and has moved to compel Federal Defendants' responses to his previously-filed discovery requests. (Dkt. No. 32).

6. Because Plaintiff failed to abide by the good faith conference requirements of Federal Civil Rule 37(a)(2)(1) and Local Rule 7(m), this Court should dismiss Plaintiff's Motion to Compel. See U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc., 235 F.R.D. 521, 529 (D.D.C. 2006) ("The obligation to confer . . . requires a good faith effort to resolve the non-dispositive disputes that occur in the course of litigation. As such, failure to comply with the conference requirement is sufficient basis to deny a motion to compel").

7. Plaintiff's second set of discovery requests and his second subpoena are improper for all of the same reasons set forth in Federal Defendants' previously-filed Motion to Quash and for a Protective Order, and Federal Defendants incorporate and reassert all of the arguments stated therein. In addition, Plaintiff's second set of discovery requests and subpoenas are improper because a Motion for Protective Order is currently pending, and Plaintiff has not filed any opposition thereto.

WHEREFORE, Federal Defendants respectfully submit that Plaintiff's Motion to Compel be denied. Federal Defendants further submit that the previously filed Motion to Quash and for a Protective Order should be deemed conceded, and that this Court order that discovery by Plaintiff not be taken, pending further order of the Court.

Respectfully submitted,


  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on March 15, 2007, the foregoing Federal Defendants' Opposition to Plaintiff's Motion to Compel and proposed order were sent, by first-class mail, postage pre-paid, to the Plaintiff, Sam L. Clemmons, 548 Saint Charles Place, Brookhaven, MS 39601.

                                                 /s/ Darrell C. Valdez
                                                 DARRELL C. VALDEZ
                                                 Assistant United States Attorney