UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM CLEMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06cv305 (RCL) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**FEDERAL DEFENDANTS' MOTION FOR IMPOSITION OF FILING RESTRICTIONS
AGAINST PLAINTIFF AND MEMORANDUM IN SUPPORT THEREOF**

The Federal Defendants, by and through their attorney, the United States Attorney for the District of Columbia, respectfully request that the Court restrict Plaintiff's filing of other motions, and further relieve the Federal Defendants of their obligation to respond to any pending or further motions filed by Plaintiff absent an order of the Court, pending a resolution of the fully briefed dispositive motions. Plaintiff has filed numerous motions, pleadings, discovery requests and subpoenas having an improper purpose, in violation of Rule 11 (b)(1), to harass or cause needless increase in the cost of litigation, and further knowing that the claims and other legal contentions therein are not warranted by existing law or are supported by frivolous arguments, in violation of Rule 11 (b)(2), or knowing that the factual allegations and other factual contentions do not have evidentiary support, in violation of Rule 11 (b)(3). We seek this remedy in lieu of sanctions that are otherwise available against Plaintiff pursuant to Fed. R. Civ. P. 11(c), but, nonetheless, based on the guidance that this Rule offers, and the general authority of the court pursuant to Article III of the U.S. Constitution and Title 28 U.S.C. § 1651(a).

Pursuant to LCvR 7(m), the undersigned contacted Plaintiff by telephone in order to

discuss this Motion. Plaintiff stated that he opposed the Motion, and that he opposes everything that the Defendants seek to do.

In further support of this motion, Defendants submit and rely upon the following points and authorities:

### MEMORANDUM OF POINTS AND AUTHORITIES

As outlined in greater detail in Federal Defendants' Memorandum of Points and Authorities in Support of Its Motion to Dismiss, and Federal Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss, the history of Plaintiff's pursuit of this litigation relates to Plaintiff's Freedom of Information Act ("FOIA") request for information that the Drug Enforcement Administration (DEA) allegedly relied upon in denying Plaintiff a job as a DEA agent. Plaintiff has filed multiple civil actions in this Court against persons he believes are responsible for negative information that led to the denial of employment with the DEA.[1]

In addition, since the initiation of this and his other suits, Plaintiff has filed a steady stream of documents including a Motion for Default (Dkt. No. 11), Motion for Discovery (Dkt. No. 15), Motion to Enter Additional Oppositions Against the Federal Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss (Dkt. No. 24), Civil Statement from Plaintiff re: Defendant's Motion to Dismiss and Plaintiff's Request for Entry of Default (Dkt. No. 27), Plaintiff's Fifth Opposition Against Federal Defendants' Response to Dismiss (Dkt. No. 29), and Second Motion to Enter Second Alternative Motion Before the Court in Case Defendant Wishes to Move Forth for a Jury Trial or Summary Judgment (Dkt. No. 32), and Second Motion for

---

[1] Plaintiff has no less than eleven (11) civil actions pending in this Court as a result of his being denied jobs with Federal agencies. See 05cv02353 (RCL); 06cv08 (RCL); 06cv115 (RCL); 06cv123 (RCL); 06cv194 (RCL); 06cv195 (RCL); 06cv196 (RCL); 06cv304 (RCL); 06cv1285 (RCL); 06cv1657 (RCL); and 06cv1286 (RCL).

Discovery to Set Stage for Jury Trial or Summary Judgment (Dkt. No. 32). In addition, Plaintiff has served Requests for Admission and other discovery requests that are unrelated to the pending FOIA/tort matter upon Federal Defendants (Dkt. No. 29), a subpoena *duces tecum* addressed to Counsel for Federal Defendants ordering that Counsel appear before the District Court (Dkt. No. 29 at Attachment 2), a second set of Requests for Admission and other discovery requests which were filed after Federal Defendants moved to quash the original discovery requests and for a protective order (Dkt. No. 32), another subpoena *duces tecum* addressed to Counsel for Federal Defendants (Dkt. No. 32), and a Motion to Compel Defendant to Produce All Evidence to Defend Such Lawsuit or Close Case and Move Forth for Summary Judgment (Dkt. No. 32). As was demonstrated by Federal Defendants' responses to each and every one of Plaintiff's pleadings, none of the motions have any basis in fact or law, all are frivolous, and are intended to harass Federal Defendants.

Moreover, the claims made by Plaintiff have escalated in their allegations and rhetoric. Initially, Plaintiff asserted that the evidence relied upon by Federal Defendants was false and fraudulent. Plaintiff then began to accuse counsel for the Federal Defendants, without any evidence or rational reason, of committing perjury and fraud before this Court, merely for opposing his frivolous motions and moving to dismiss his Complaint. Plaintiff then accused the Federal Defendants and the United States Postal Service of being in a conspiracy against him when a person **within his own household** received the Defendants' initial FOIA responses, but failed to give them to him. See Plaintiff's Motion to Enter Additional Opposition Against the Federal Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss (Dkt. No. 24); see also Federal Defendants' Response to Plaintiff's Motion to Enter Additional Opposition Against the

Federal Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss (Dkt. No. 25) at 1-2. In his latest-filed Second Motion to Enter Second Alternative Motion Before the Court in Case Defendant Wishes to Move Forth for a Jury Trial or Summary Judgment (Dkt. No. 32), Plaintiff's claims have become outlandish, as he is now accusing Defendants of being led by a "Larry Pearson" who is the "kingpin of these illegal activities" and is responsible "for redacting false releasing of information from the DEA...." Dkt. No. 32, at 3. Plaintiff alleges that Larry Pearson is a "person in a position of trust who intentionally tainted Plaintiff's character and used such person private and confidential information without anyone knowledge or consent especially the Plaintiff and entered it into a criminal database falsely accusing such person of criminal negligence...." Id. Thus, Plaintiff's motions, his behavior toward counsel, and his allegations are clearly not being presented for a proper purpose, are based on an unwarranted or frivolous argument and are based upon allegations and other factual contentions that are without evidentiary support.[2]

  Given plaintiff's evident propensity to file multiple motions and pleadings of insignificant or no merit, Federal Defendants request that the Court enter an Order relieving the Federal Defendants of any obligation to respond to any pending or future motions filed by

---

[2] Truesdale v. Southern California Permanente Medical Group, 293 F.3d 1146,1153 (9th Cir. 2002); Christian v. Mattel, Inc., 286 F.3d 1118, 1129 (9th Cir. 2002) (District court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing); Fries v. Helsper, 146 F.3d 452, 458 (7th Cir. 1998), citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 S.Ct. 2447, 2454 (1990); Selvy v. HUD, 198 F.R.D. 485, 486-87 (E.D. MI 2000) (indigent and mentally disturbed litigant subject to sanctions); Cox v. Preferred Technical Group, Inc., 110 F.Supp.2d 786, 789-90 (N.D. IA 2000) (Pro se plaintiff subject to sanctions); Del Canto v. ITT Sheraton Corp., 865 F.Supp. 934, 938 (D.D.C. 1994) (Standards for evaluating 11(c) requests); see also, In re Martin Trigona, 737 F.2d 1254, (2d Cir. 1984), cert. denied 474 U.S. 1061(1986) (Federal courts have both inherent power and constitutional obligation to protect jurisdiction from conduct which impairs Article III functions and to enjoin a party's litigation activities).

Plaintiff, unless upon order of this Court. Such an Order would be consistent with resolving this case in a manner that protects the efficiency and integrity of the litigation process and would save the Court from having to rule on a series of motions that, from all indications, are frivolous and unnecessary. Although we submit that the principles set forth in Rule 11 have been violated, we are not seeking its sanctions and thus are not attempting to comply with the 21-day notice and opportunity to withdraw provisions set forth in Rule 11 (c)(1)(A).

WHEREFORE, Defendant respectfully submits that this motion for imposition of filing restrictions against Plaintiff should be granted. A proposed Order consistent with this Motion is attached.

Respectfully submitted,

 /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

 /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

 /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Federal Defendants' Motion for Imposition of Filing Restrictions Against Plaintiff has been mailed, postage prepaid, this 15th day of March, 2007 to:

Sam L. Clemmons
548 Saint Charles Place
Brookhaven, MS 39601

    /s/ Darrell C. Valdez
DARRELL C. VALDEZ
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843