UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS | ) |
| Plaintiff, | ) |
| v. | ) |
|  | ) Civil Action No. 06-00305 (RCL) |
| U.S. DEPARTMENT OF JUSTICE, et. al. | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter comes before the Court on the defendants' motion [16] to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and failure to state a claim pursuant to Rule 12(b)(6), the defendants' motion [14] to substitute the United States as the proper defendant, the plaintiff's motion [15] for entry of default against the defendant, and the plaintiff's motion for summary judgment in his amended complaint [12]. Upon consideration of these motions, the oppositions thereto, the reply briefs, the applicable law, and the entire record herein, the Court concludes that the defendants' motion to dismiss will be GRANTED, the plaintiff's motion for entry of default against the defendants will be DENIED, plaintiff's motion for summary judgment will be DENIED, and the defendants' motion to substitute the United States as the proper defendant will be DENIED as moot.

**BACKGROUND**

**I. Facts**

On February 21, 2006, plaintiff Samuel L. Clemmons filed a complaint with this Court against the U.S. Department of Justice and the Drug Enforcement Administration ("DEA") as well as specific DEA agents stemming from his denial of employment with the DEA. Clemmons, proceeding pro se, alleges violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the Department of Justice and the DEA for withholding information on which the denial of his employment was based, violations of the Privacy Act 5 U.S.C. § 552a and tort injuries, such as slander and defamation, stemming from the use of alleged misinformation. (Pl.'s Am. Compl., [12] 8-15).

Plaintiff alleges that while he was in the process of applying to become a special agent with the DEA, he passed all of the required physical and mental tests prior to submitting to a background check by the DEA and Department of Justice to ensure that he was qualified for the position. (Pl.'s Compl., [1] 23-24). On November 27, 2001, Special Agent Eldred Earls of the DEA contacted plaintiff to inform him of two possible problems discovered during his background check which involved an outstanding bill on his credit report and a deceased convicted felon, named Richard D. Scott, who had been using plaintiff's name and identity for years. (Pl.'s Mot. for Entry of Default, [15] Ex. A, 9). Plaintiff informed Special Agent Earls that the bill reflected on his credit report had been resolved and Earls told plaintiff that the DEA was aware that plaintiff was, in fact, not Richard D. Scott. (Id.) In a letter dated April 4, 2002, Patricia Murphy, Chief of the Special Agent Recruitment Unit at the DEA, informed plaintiff that he was no longer in contention for employment as a special agent with the DEA because after a

complete review of his file by three Senior Special Agents, it was determined that plaintiff "[did] not remain among the most competitive applicants." (Pl.'s Mot. for Entry of Default, [15] Ex. D). Plaintiff contacted Congressman Ronnie Shows in his home district in Mississippi to intervene on his behalf and Congressman Shows complied. (Pl.'s Mot. for Entry of Default, [15] Ex. A). Congressman Shows received a letter from C. J. Kasch, the Deputy Assistant Administrator in the Office of Personnel, dated July 24, 2002, explaining that plaintiff's file had been carefully reviewed and his veteran service had been given proper consideration but an adverse hiring decision had been made against plaintiff because he did not remain among the most competitive applicants for the highly coveted position of Special Agent. (Pl.'s Mot. for Entry of Default, [15] Ex. G).

On July 15, 2003, plaintiff wrote a letter to the DEA making a request under the Freedom of Information Act for information that surfaced during his background check regarding his employment history, financial responsibility and personal conduct. (Defs.' Mot. to Dismiss, [16] Ex. 1). On October 23, 2003, the Chief of the FOI/Records Management Section of the DEA requested that plaintiff fill out and return the required Privacy Act releases for disclosure of his personnel records which plaintiff did. (Defs.' Mot. to Dismiss, [16] Ex. 2 and 3). On December 17, 2003, the Chief of the FOI/Records Management Section of the DEA sent plaintiff another letter informing him that his request was being processed in the order that it was received. (Defs.' Mot. to Dismiss, [16] Ex. 4). On February 20, 2004, the DEA processed plaintiff's FOIA request, releasing eighty-eight pages to plaintiff and withholding four pages on the basis of FOIA exemptions (b)(2), (b)(6), and (b)(7)(C) and Privacy Act section (j)(2). (Defs.' Mot. to Dismiss, [16] Ex. 5). The letter further stated that eighty-four pages were being referred to other

government agencies from which the information in those pages was furnished. (Id.) The letter also informed plaintiff of his right to appeal the FOIA denial of the four pages of his request within 60 days and furnished the appropriate address to send such an appeal. (Id.)

On June 10, 2004, plaintiff sent a letter to the Chief of the FOI/Records Management Section of the DEA, as well as an unspecified "Director of Drug Administration" at the DEA, requesting information on why he was not hired by the DEA and stating that he had not heard from the DEA. (Defs.' Mot. to Dismiss, [16] Ex. 6 and 7). On March 9, 2005, plaintiff sent a letter to the "Director of the Department of Justice" again stating his case that he was wrongfully denied employment as a special agent and requesting release of the documents on which his background check was based. (Defs.' Mot. to Dismiss, [16] Ex. 8). On July 8, 2005, plaintiff sent yet another letter to the Chief of the FOI/Records Management Section of the DEA requesting the release of the documents. (Defs.' Mot. to Dismiss, [16] Ex. 9).

On January 5, 2006, the Chief of the FOI/Records Management Section of the DEA responded to plaintiff's multiple requests informing him that his initial request had been processed and responded to on February 20, 2004, and after realizing that his psychological examination was not included in the original release of documents, included three additional pages relating to his psychological examination. (Defs.' Mot. to Dismiss, [16] Ex. 10). Enclosed with this letter were the two money orders for twenty-five dollars each sent by plaintiff because fees were not incurred with the process of plaintiff's documents. (Id.) Plaintiff was again informed in this letter of his right to appeal the FOIA decision to the Office of Information and

Privacy.[1]  (Id.)  According to a sworn affidavit from the Chief of the Administrative Staff at the Office of Information and Privacy, plaintiff never filed an appeal with that office.  (Defs.' Mot. to Dismiss, [16] Ex. 11).  Defendants also submit with their motion an affidavit from the Associate Chief Counsel of the Department of Justice, Drug Enforcement Administration stating that plaintiff never filed an administrative claim for the tort violations associated with this action.  (Defs.' Mot. to Dismiss, [16] Ex. 12).

## DISCUSSION

**I. Applicable Law**

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), this Court must construe the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the facts alleged.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  This Court must especially read plaintiff's complaint liberally because he is proceeding pro se, and courts have generally held pro se

---

[1] Plaintiff claimed in his motions that he never received the initial batch of eighty-four pages that was released under his first FOIA request on February 20, 2004 and challenged the defendants to provide proof of service. (Pl.'s Opp'n, 1). However, in the reply brief, the defendants included a certified mail receipt indicating that an individual named "Diane Harvey" signed for delivery of a package to plaintiff on February 26, 2004 bearing the identification number for plaintiff's FOIA request.  (Defs.' Reply, Ex. B).  Defendants also included a return receipt signed by plaintiff on March 3, 2006 indicating that he received the second release of documents under his FOIA request including his psychological exam which had not been previously included.  (Defs.' Reply, Ex. D).  Under FOIA, the agency is not required to show that the requestor personally received the requested documents, only that they were mailed.  See Pollack v. U.S. Bureau of Prisons, 1991 U.S. Dist. LEXIS 11535, *2 (D.D.C. 1991).

5

complaints to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); Razzoli v. Fed. Bureau of Prisons, 230 F.3d 371, 374 (D.C. Cir. 2000). However, this Court need not accept asserted inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. See Kowal, 16 F.3d at 1276. Even when proceeding pro se, the plaintiff must still meet the notice requirements of Rule 8(a) of the Federal Rules of Civil Procedure and give the defendant "fair notice of the plaintiff's claim and the grounds upon which it rests." Ali v. District of Columbia, 278 F.3d 1, 8 (D.C. Cir. 2002) (citing Sinclair v. Kleindienst, 711 F.2d 291, 293 (D.C. Cir. 1983)). The Court will dismiss a claim pursuant to Rule 12(b)(6) only if the defendant can demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. See Hilska v. Jones, 297 F. Supp. 2d 82, 86 (D.D.C. 2003); McNutt v. General Motors Acceptance Corp. Of Indiana, 288 U.S. 178, 182 (1936). Unlike Rule 12(b)(6) motions, when a court is reviewing a complaint under factual attack for lack of jurisdiction, "no presumption of truthfulness applies to the factual allegations." Ohio Nat'l Life Insurance Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990). To evaluate whether a court has subject matter jurisdiction over a claim, the court may look to materials outside the pleadings. See Herbert v. Nat'l Acad. of Sciences, 974 F. 2d 192, 197 (D.C. Cir. 1992).

## II. Plaintiff's Motion for Entry of Default

Plaintiff filed a motion for entry of default by the defendants [15] and requested to enter discovery in support of his motion. However, the Federal defendants are not in default because

defendants filed a timely protective motion for enlargement of time to file an answer or otherwise respond to the complaint [7]. Though there were numerous problems with the effectuation of service of process of the complaint, defendant's timely motion for enlargement of time to file an answer supports a denial of plaintiff's motion to find the defendants in default.[2]

Plaintiff's original complaint was received by the civil process clerk of the United States Attorney's Office on July 3, 2006. (Defs.' Mot. for Enlargement of Time, [7] 2). Plaintiff alleged FOIA, Privacy Act and tort violations in his complaint. Though FOIA claims must be responded to within 30 days, the defendants were able to use the 60-day time period set forth in Rule 12(a) of the Federal Rules of Civil Procedure to respond to the complaint because the plaintiff alleged tort violations. See Fed. R. Civ. P. 12(a)(3)(A). Therefore, defendants had 60 days from July 3, 2006 to file an answer or otherwise respond to the complaint. Though defendants already had 60 days to answer the complaint, defendants filed the protective motion for enlargement of time on August 2, 2006 requesting a deadline of September 1, 2006 to answer the complaint. (Defs.' Mot. for Enlargement of Time, [7] 1-2). Defendants' motion to dismiss [16] was filed on August 30, 2006 within the 60-day deadline for filing an answer or otherwise responding to the complaint and therefore, this Court finds that the defendants were not in default. Plaintiff's motion to find the defendants in default is DENIED.

---

[2] Plaintiff filed his initial complaint on February 21, 2006. On June 29, 2006, plaintiff mailed a copy of his complaint, though a materially altered copy of the original complaint that would later be filed as the amended complaint, to the United States Attorney's Office. Plaintiff did not address the document to the civil process clerk of the United States Attorney's Office as is required under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(i)(1)(A); (Defs.' Opp'n to Pl.'s Mot. for Entry of Default, [13] 2). Additionally, plaintiff did not send a true copy of the original complaint to the defendants in the June 29, 2006 mailing which is required under Fed. R. Civ. P. 4(c)(1) because it was a copy of the materially different amended complaint that would be filed on August 1, 2006. (Defs.' Opp'n to Pl.'s Mot. for Entry of Default, [13] 2 n.1)

**III.  Plaintiff's Claims under the Freedom of Information Act**

Under the Freedom of Information Act 5 U.S.C. § 552, "a federal agency must disclose agency records unless they may be withheld pursuant to one of the nine enumerated exemptions listed in § 552(b)."  U.S. Dept. of Justice v. Julian, 486 U.S. 1, 8 (1988).  The "mandate of the FOIA calls for broad disclosure of Government records" and therefore, courts have construed the exemptions to FOIA very narrowly to allow for a greater dissemination of information.  See CIA v. Sims, 471 U.S. 159, 167 (1985); Julian, 486 U.S. at 8; FBI v. Abramson, 456 U.S. 615, 621 (1982).  However, Congress expressly created the exemptions to protect "legitimate governmental and private interests [that] could be harmed by release of certain types of information."  Abramson, 456 U.S. at 621.  The exemptions relevant in the instant case are Exemptions (b)(2), (b)(6), (b)(7)(A) and (b)(7)(C).  Exemption (b)(2) limits disclosure of matters that are "related solely to the internal personnel rules and practices of an agency."  5 U.S.C. § 552(b)(2). Exemption (b)(6) governs "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy."  5 U.S.C. § 552(b)(6). Exemption (b)(7), in relevant part, exempts "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings . . . [or] (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7).  As stated in the Code of Federal Regulations, individuals may file an appeal of an adverse determination under the FOIA to the Office of Information and Privacy ("OIP") but must do so within 60 days of the letter denying the request.  28 C.F.R. § 16.9(a). The regulations also require that an appeal be filed before an individual seeks judicial review of

his or her claim.  28 C.F.R. § 16.9(c).

Plaintiff's claims under the FOIA fail because he never filed an appeal to the OIP as required to exhaust his administrative remedies.[3]  (Defs.' Mot. to Dismiss, [16] Ex. 11). Exhaustion of administrative remedies is required under the FOIA to seek judicial review in this Court and after plaintiff was made aware of his right to appeal within 60 days in two separate letters from the DEA, he made no such appeal.  (Defs.' Mot. to Dismiss, [16] Ex. 5 and 10). Because "the FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review," plaintiff has foregone his opportunity to seek judicial review on his FOIA claims because he did not exhaust his administrative remedies within the specified time period.  Hidalgo v. FBI, 344 F.3d 1256, 1259 (D.C. Cir. 2003).  Dismissal is proper under Rule 12(b)(6) where a plaintiff has failed to exhaust administrative remedies because failure to exhaust is not jurisdictional but rather a "condition precedent" to filing suit.  Taylor v. Appleton, 30 F.3d 1365, 1367-68 (11th Cir. 1994); see also Hidalgo v. FBI, 344 F.3d at 1260.  Therefore, plaintiff's claim for a violation under the FOIA is dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**IV.  Plaintiff's Claims under the Privacy Act of 1974**

Under the Privacy Act of 1974, "no agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency,

---

[3] Defendants also correctly argue that plaintiff's FOIA claims are invalid as to the individual defendants because only the "agency," here the Department of Justice, can be sued for FOIA violations.  5 U.S.C. § 552(f).  Further, plaintiff has requested thirty million dollars in damages which are not recoverable under FOIA because the sole remedy is an injunction enjoining the agency from withholding the requested information.  5 U.S.C. § 552(a)(4)(B). However, these issues become moot upon the dismissal of plaintiff's FOIA claims.

except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains," unless the disclosure is governed by one of the numerous exemptions. 5 U.S.C. § 552a(b). The pertinent exception in the instant case is 5 U.S.C. § 552a(j)(2) regarding disclosure of material "pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals." 5 U.S.C. § 552a(j)(2). Just as under the FOIA and FTCA, the Privacy Act requires an exhaustion of administrative remedies before seeking judicial review where an individual must appeal an adverse determination to the OIP within 60 days of the adverse determination. 5 U.S.C. § 552a(f)(4); 28 C.F.R. 16.45(a).

Plaintiff's claims under the Privacy Act also fail because plaintiff did not exhaust his administrative remedies under the act. Though plaintiff's claims under the Privacy Act are unclear because he never specifically makes a Privacy Act claim, it is clear that he did not file an administrative appeal of his adverse agency determination as is required under the act. 5 U.S.C. § 552a(f)(4). Specifically, plaintiff was required to file an appeal of his adverse determination from the DEA to the OIP within 60 days but failed to do so. 28 C.F.R. § 16.45(a); (Defs.' Mot. to Dismiss, [16] Ex. 11). Plaintiff was informed of his right to appeal in two separate letters that he received from the DEA. (Defs.' Mot. to Dismiss, [16] Ex. 5 and 10). Therefore, under the same rationale guiding dismissal of plaintiff's FOIA claims, plaintiff's claims under the Privacy Act are dismissed pursuant to Rule 12(b)(6).

**V.    Plaintiff's Claims for Tort Violations under the Federal Tort Claims Act**

The Federal Tort Claims Act ("FTCA") sets forth a limited waiver of sovereign immunity under which individual citizens can sue the government for certain tort claims "for injury or loss

of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," where the United States is liable just as an individual defendant would be in similar circumstances. 28 U.S.C. § 1346. While the FTCA has numerous exemptions, the relevant exemption in the instant case is the exemption that does not allow for suits under the act based on "assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). Like the FOIA, the FTCA has a requirement that a plaintiff must exhaust his or her administrative remedies by submitting an administrative claim to the agency and be denied by the agency in writing before proceeding to judicial review. 28 U.S.C. § 2675(a). Courts routinely dismiss claims that are brought to court before or without filing an administrative claim. See e.g., Logan v. Va., 404 F. Supp. 2d 72, 78 (D.D.C. 2005).

     Plaintiff's claims under the Federal Tort Claims Act fail for two reasons. First, this Court does not have subject matter jurisdiction to hear plaintiff's FTCA claims. According to 28 U.S.C. § 2680(h), the FTCA's limited waiver of sovereign immunity does not apply to violations arising from slander, libel or deceit. 28 U.S.C. § 2680(h). Defamation claims are also exempted from the limited waiver of sovereign immunity because "defamation is simply a broader term for slander and libel." Hosey v. Jacobik, 966 F. Supp. 12, 15 (D.D.C. 1997). Therefore, plaintiff's allegations of "deformation [sic] of character" are barred as well as any claims for identity theft, misuse of information or other claims arising from deceit. (Pl.'s Am. Comp., [12] 15).

     Moreover, to the extent that any of plaintiff's claims fall outside the exemptions to the FTCA, all of his claims under the FTCA are barred because he failed to exhaust his

administrative remedies. Plaintiff never filed an administrative claim as is required under the FTCA before proceeding to judicial review. 28 U.S.C. § 2675(a); (Defs.' Mot. to Dismiss, [16] Ex. 12). The administrative claim is a jurisdictional requirement and therefore not filing an administrative claims is grounds for dismissal pursuant to Rule 12(b)(1). See McNeill v. United States, 508 U.S. 106, 111-13 (1993). Because the court lacks subject matter jurisdiction over plaintiff's tort claims under the FTCA, these claims are dismissed pursuant to Rule 12(b)(1).

**VII.   Defendants' Motion to Substitute the United States as the Proper Defendant**

In the defendants' motion to substitute the United States as the proper defendant [14], defendants argue that plaintiff's claims for tort violations against the DEA, Department of Justice and the individual defendants are improper because the United States is the sole proper defendant in a suit brought under the FTCA. (Def.'s Mot. to Substitute, [14] 4). Plaintiff does not dispute this claim in his pleadings as the FTCA states that, once an employee has been certified as an employee of the government and is working within the scope of his employment, the United States shall be substituted as the party defendant. 28 U.S.C. § 2679(d)(1). However, all of plaintiff's claims will be dismissed for the aforementioned reasons and therefore, this Court will DENY AS MOOT defendants' motion to substitute the United States as the proper defendant.

**VIII.   Plaintiff's Request for Summary Judgment**

Though plaintiff does not officially make a motion for summary judgment, plaintiff asserts in his amended complaint (paragraphs XIX to XXVII) that he is entitled to summary judgment based on the facts he alleged within the complaint. (Pl.'s Am. Compl., [12] 15-18). This Court recognizes that plaintiff is subject to a liberal pleading standard because he is proceeding pro se. However, plaintiff is procedurally barred from moving for summary judgment

at this time, to the extent that he has done so, because plaintiff included his request for summary judgment in his amended complaint without giving the defendants an opportunity to respond to the complaint in violation of Rule 56(a) of the Federal Rules of Civil Procedure. Plaintiff never moved for summary judgment in a separate motion after filing his amended complaint. In light of these procedural factors and the dismissal of plaintiff's claims, this Court will DENY plaintiff's motion for summary judgment.

## CONCLUSION

For the reasons stated herein, this Court shall grant the defendants' motion to dismiss [16] the plaintiff's claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Additionally, this Court shall deny the plaintiff's motion for entry of default against the defendants [15], the plaintiff's motion request for summary judgment [12], and the defendants' motion to substitute the United States as the proper defendant [14].

A separate order shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, March 30, 2007.